ORIGINAL

**SAKAI IWANAGA SUTTON**
A Law Group, AAL, LLLC
RICHARD C. SUTTON, JR.        1010-0
Email:  dsutton@lava.net
City Financial Tower
201 Merchant Street, Suite 2307
Honolulu, Hawai'i 96813
Telephone:   (808) 792-3888
Facsimile:    (808) 521-5262
**CASE BIGELOW & LOMBARDI**
A Law Corporation
MICHAEL R. MARSH        1327-0
Email:  mmarsh@casebigelow.com
TED N. PETTIT        4287-0
Email:  tpettit@casebigelow.com
JOHN D. ZALEWSKI        4718-0
Email:  jzalewski@casebigelow.com
MALIA S. LEE        8159-0
Email:  mlee@casebigelow.com
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, Hawai'i 96813
Telephone    (808) 547-5400
Facsimile:    (808) 523-1888
**Co-Counsel for Defendant**
**GMP HAWAI'I, INC.**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 0 6 2006

at ___7___ o'clock and __45__ min __P__ M
SUE BEITIA, CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SYNAGRO TECHNOLOGIES, INC., | CIVIL NO. CV04-00509 SPK LEK |
| Plaintiff, | **DEFENDANT GMP HAWAI'I, INC.'S MEMORANDUM IN REPLY TO PLAINTIFF SYNAGRO TECHNOLOGIES,** (Continued on Page 2) |
| vs. | |
| GMP HAWAI'I, INC., | (NON-HEARING MOTION) |
| Defendant. | **Judge:  Honorable Samuel P. King** |

28130-2/417132

INC.'S OPPOSITION TO
DEFENDANT GMP HAWAI'I,
INC.'S MOTION FOR LEAVE TO
FILE AMENDED
COUNTERCLAIM FILED
SEPTEMBER 2, 2004;
CERTIFICATE OF SERVICE

**DEFENDANT GMP HAWAI'I, INC.'S MEMORANDUM IN REPLY
TO PLAINTIFF SYNAGRO TECHNOLOGIES, INC.'S OPPOSITION
TO DEFENDANT GMP HAWAI'I, INC.'S MOTION FOR LEAVE TO FILE
AMENDED COUNTERCLAIM FILED SEPTEMBER 2, 2004**

## I.   INTRODUCTION

DEFENDANT GMP HAWAI'I, INC. ("GMP") respectfully submits this Memorandum in Reply to Plaintiff Synagro Technologies, Inc.'s ("Synagro"'s) Opposition ("Opposition") to Defendant GMP HAWAI'I, INC.'s Motion ("Motion") for Leave to File "DEFENDANT GMP HAWAI'I, INC.'S AMENDED COUNTERCLAIM," Filed September 2, 2004 ("Amended Counterclaim"). The Court should grant the Motion as Synagro's two arguments for denial of said Motion fail.

First, Synagro incorrectly interprets the caselaw with respect to motions for leave to amend pleadings which are made after the FED. R. CIV. P. ("FRCP") Rule 16(b) Scheduling Order Deadline to amend pleadings has passed. Synagro argues that GMP must seek to modify the Rule 16(b) Scheduling Order itself. Synagro's Memo. in Opp. at 5. However, the correct analysis for federal courts is

to apply Rule 15(a), while preliminarily requiring the movant satisfy the Rule 16(b) good cause *standard*, and not Rule 16(b) itself. So, while the movant need not seek modification of the Rule 16(b) Scheduling Order itself, it must 1) show good cause for seeking modification after the deadline set by the court and then 2) satisfy the liberal modification factors considered under Rule 15(a).

Second, GMP had good cause for the delay in making its Motion to amend and satisfies all factors considered in Rule 15(a) analyses, and the Motion should thus be granted.

## II.   ARGUMENT

### A.   The Correct Analysis for the Court is Whether GMP has 1) Shown Good Cause for Seeking Modification After the Deadline Set in the Rule 16(b) Scheduling Order and 2) Satisfied the Liberal Modification Factors Considered under Rule 15(a).

In Johnson v. Mammoth Recreations Inc., 975 F.2d 604 (1992), the United States ("U.S.") Court of Appeals for the Ninth Circuit addressed the issue of "when and under what circumstances may a party join an additional defendant once the district court has entered an order limiting the time for joinder." The issue in Johnson is substantially similar to that in the instant case, because it involved amendment of pleadings after the Rule 16(b) Scheduling Order deadline had passed.

In Johnson, the Ninth Circuit did not make a holding as to whether a motion to amend a pleading under Rule 15(a) constitutes a *de facto* motion to amend a

28130-2/417011                              3

pretrial scheduling order under Rule 16(b). The court instead stated: "the result would not change if [movant] Johnson's motion to amend the complaint were treated as a *de facto* motion to amend the scheduling order rather than a motion to join a party after the binding cut-off date for the motion had passed." Id. at 609. Because the movant in <u>Johnson</u> failed to pass the initial inquiry into good cause under Rule 16(b), the Court never reached the Rule 15(a) analysis.

In a similar case, <u>Doe v. Hawaii Department of Education</u>, 351 F. Supp. 2d 998 (D. Haw. 2004), the U.S. District Court for the District of Hawaii stated that "a party that wishes to amend their complaint after the deadline set by a *Rule 16(b)* scheduling order must *first* satisfy the *Rule 16(b) standards* to modify the Scheduling Order." Id. at 1007 (some emphasis in original, some emphasis added). Usage by the Court of the word "first" confirms that the Rule 16(b) inquiry into "good cause" is only the initial inquiry when motions to amend are made after Rule 16(b) Scheduling Orders are entered by the Court, but that is not the entire analysis. Furthermore, the Court stated that it is Rule 16(b)'s "standards" not Rule 16(b) modification itself, which the movant must satisfy before a motion to amend will be granted, resulting in a *de facto* modification of the pretrial scheduling order. In <u>Doe</u>, the movant was unable to pass the initial inquiry into good cause for delay, so the Court never reached the subsequent Rule 15(a) analysis.

The complete analysis in situations similar to the instant case was best stated in Burton v. U.S., 199 F.R.D. 194 (S.D.W.Va. 2001). There, the U.S. District Court for the Southern District of West Virginia applied the following two-step analysis:

> Once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a).

Id. at 196-97 (citation omitted) (noting accordance with, inter alia, the Ninth Circuit in Johnson, as another jurisdiction applying the "two-step analysis"). See also Financial Holding Corp. v. Garnac Grain Co., 127 F.R.D. 165 (W.D. Mo. 1989) (applying the two-step analysis).[1]

The Court should thus employ the proper two-step analysis, as fully laid out in Burton, by first assessing the good cause standard set forth in Rule 16(b) and, upon a finding of good cause, should subsequently complete the Rule 15(a) factorial analysis and grant the instant Motion.

---

[1] It should be noted that the U.S. Court of Appeals for the Fourth Circuit does not apply any initial inquiry into the Rule 16(b) standard, and simply applies a straight Rule 15(a) analysis, even after the deadline for amendments set in the pretrial Scheduling Order has passed. See, e.g., James River-Norwalk, Inc. v. Burch Roofing Co., Inc., 1989 U.S. App. Lexis 20817 (4th Cir. 1989). This does not appear to be the rule applied in the majority of jurisdictions, nor in the Ninth Circuit, but does illustrate the liberality with which amendment of pleadings has been allowed.

**B.    Under the Two-Step Analysis, GMP has Both 1) Good Cause for Seeking Modification After the Deadline Set in the Amended Rule 16(b) Scheduling Order and 2) Satisfied the Liberal Modification Factors Considered under Rule 15(a).**

**1.    There is "good cause" for GMP's filing the instant Motion after the deadline set in the Court's Amended Pretrial Scheduling Order, and the preliminary Rule 16(b) standard is satisfied.**

The first step in the instant analysis is whether there is good cause, as set forth in Rule 16(b), for the Motion to be made after the deadline set by the court in its Amended Pretrial Scheduling Order. Rule 16(b) states, in pertinent part: "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge…"

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson, 975 F.2d at 609 (quoting FED. R. CIV. P. 16 advisory committee's notes (1983 amendment)).

In this case, diligence is not an issue. The impetus for GMP's filing of the Motion was in response to Synagro's Renewed Motion for Summary Judgment filed on September 15, 2005. GMP could have proceed with its original Counterclaim, but the fact that Synagro made a Renewed Motion for Summary Judgment encouraged GMP to file a Motion for Leave to Amend to clarify the

legal bases for its claims.  During the course of responding to Synagro's Renewed

Motion for Summary Judgment, and in reviewing the deposition testimony given

and the documents produced subsequent to the hearing on Synagro's initial Motion

for Summary Judgment, it became apparent to GMP that the alternative grounds

upon which an award to GMP could be made should be clarified for Synagro and

the Court.

GMP's original Counterclaim simply stated a broad claim for breach of

implied contract.  The proposed Amended Counterclaim states several alternative

claims, all of which are subsumed within GMP's claim for breach of a contract or

are substantially similar in nature thereto.  At trial, GMP intends first to prove

Synagro breached an oral contract of joint venture.  If the trial court is unable to

find such a contract existed, GMP alternatively intends to prove Synagro breached

an oral contract which was relied upon and partially performed by GMP.  If the

trial court is unable to find such a contract existed, GMP alternatively intends to

prove that the court should imply a contract existed via the doctrine of promissory

estoppel.  If the trial court is unable to imply the existence of a contract, GMP

alternatively intends to prove that it is entitled to restitution based on its

detrimental reliance on Synagro's promises.

All alternative grounds stated in the Amended Counterclaim fall under

contract law and rely upon the same facts as those justifying the original

Counterclaim. In addition, the same recovery is sought under each alternative claim and which theory is ultimately successful will depend entirely on the level of proof established by the evidence presented. The proposed amendments merely clarify those alternative grounds for recovery and do not expand the relief sought by GMP in this action.

In a similar case, <u>James River-Norwalk, Inc. v. Burch Roofing Co., Inc.</u>, 1989 U.S. App. LEXIS 20817 (4th Cir. 1989), the U.S. Court of Appeals for the Fourth Circuit affirmed the district court's grant of a motion to amend. In <u>James River-Norwalk</u>, the district court had set a deadline of August 1, 1987 for the parties to file motions to join or amend. The initial complaint made claims against the defendant for installation of a roof that subsequently leaked, which claims included, amongst others, claims for breach of express and implied warranties. Trial began on August 2, 1988, exactly one year after the district court's deadline to file motions to amend had passed. At that time the trial court "indicated that it was contemplating granting a directed verdict" for the defense, at which time the plaintiff immediately moved to amend its complaint "to add a common law breach of contract claim." The district court granted the plaintiff's motion to amend its complaint. In affirming that decision, the appellate court noted that addition of the breach of contract claim "had no effect, under the[] facts, on the character of proof necessary to defend a lawsuit already alleging breach of warranty." <u>Id.</u> at *4.

In this case, GMP has already alleged a contract claim.    As such, clarification as to the type of contract(s) GMP alleges Synagro breached and the alternative grounds upon which the same recovery could be obtained by GMP merely clarifies matters for the parties, the court, and ultimately for disposition at trial.    As such, there is good cause to allow amendment at this stage in the litigation.    Furthermore, GMP satisfies the second step in the analysis, the Rule 15(a) factors, and the Motion should be granted.

>    **2.    There is a lack of bad faith, undue delay, and prejudice to Synagro, amendment is not futile, and GMP has not already amended its Counterclaim.    Under Rule 15(a), the Motion should therefore be granted.**

The second step in the two-part analysis when motions to amend pleadings are made after a Rule 16(b) scheduling deadline has passed is the standard Rule 15(a) analysis.    <u>Burton</u>, 199 F.R.D. at 196.    Rule 15(a) states that once a responsive pleading has been filed, a party may amend the pleading "by leave of the court or by written consent of the adverse party; and leave shall be freely granted when justice so requires."

Once a party has moved to amend its pleading, as GMP has done in this case, the burden is on the *opposing* party, here Synagro, to establish that it will be *substantially prejudiced* by the proposed amendment.    See <u>Fariello v. Campbell</u>, 860 F. Supp. 54 (E.D.N.Y 1994); <u>Beeck v. Aqua-slide 'N' Dive Corp.</u>, 562 F.2d 537 (8th Cir. 1977).    Synagro has failed to demonstrate that it will be substantially

prejudiced by the proposed amendment, and therefore the instant Motion should be granted.

The five factors frequently used by courts to assess the propriety of motions for leave to amend are: (a) bad faith, (b) undue delay, (c) prejudice to the opposing party, (d) futility of amendment; and (e) whether the party has previously amended its pleading.  See DCD Programs Ltd. v. Leighton, 833 F.2d 183 (9th Cir. 1987).

> **a.    Bad faith on the part of GMP has not been alleged or shown.**

It appears that Synagro argues "bad faith" on the part of GMP as a result of "GMP's attempt to untimely raise futile amendments to its Counterclaim to its Counterclaim in an effort to defeat proper summary judgment, prejudice[s] Synagro, and cause[s] further delay in the proceedings..."  Synagro's Memo. in Opp. at 9.  Thus no bad faith is alleged itself, except as a result of consideration of the other four factors.  Synagro has the burden to establish bad faith, and none has been demonstrated or alleged.  Furthermore, GMP has filed the Motion in an attempt to clarify the legal issues for resolution at trial.  Synagro's argument thus fails as to this factor and the instant Motion should be granted.

> **b.    There has been no undue delay by GMP.**

As stated above in section B.1., the impetus for GMP's filing of the instant Motion was in response to Synagro's Renewed Motion for Summary Judgment, which was filed on September 15, 2005.  In preparing its opposition to that motion,

and in reviewing discovery completed after the initial Motion for Summary Judgment was denied, it became apparent to GMP that GMP's alternative contractual claims could and should be clarified for Synagro and the trial court before the time for trial arrived. As such, there was no "undue" delay on the part of GMP, because it only became apparent that such amendment would be useful for all parties after Synagro filed its Renewed Motion for Summary Judgment and after counsel had the opportunity to review that motion along with all depositions and documents produced through to the end of the discovery period. As such, there has been no undue delay on the part of GMP, and the Motion should be granted.

### c.    There is no substantial prejudice to Synagro.

Synagro's basic argument is that it will have to conduct additional discovery to defend itself against the alternative contractual grounds stated in GMP's proposed Amended Counterclaim, and this will result in delay prejudicial to Synagro. However, Synagro's argument is flawed in that the additional alternative claims are all subsumed within or are substantially similar to the original claim such that proof of different facts is not required for Synagro to mount its contractual defense. The allegations by GMP all relate to the claim that a contract existed and was breached by Synagro. Additional discovery by either party is therefore not necessary, as initial discovery focused on breach of contract. What

kind of contract GMP is ultimately able to prove was breached will depend upon the level of proof the trier of fact finds GMP has shown at trial.

As in James River-Norwalk, assertion of alternative contractual claims in this case "has no effect, under the[] facts, on the character of proof necessary to defend a lawsuit already alleging" breach of an implied contract. 1989 U.S. App. LEXIS 20817 at *4. Furthermore, the proposed Amended Counterclaim clarifies the precise contractual grounds upon which it is seeking relief. As such, rather than prejudicing Synagro, amendment will assist the parties and the Court in full adjudication of the merits of the case. As to this factor, Synagro has failed to meet its burden of showing substantial prejudice, and the Motion should therefore be granted.

### d.    Amendment would clarify matters and is not futile.

Other than the bald assertion that GMP raises "futile amendments," (Synagro's Memo. in Opp. at 9), Synagro has failed to argue or demonstrate any futility in the proposed amendments. In fact, amendment in this case would assist the parties and the Court in the clear and full adjudication of all issues on the merits of the case by more fully setting forth the bases of contractual liability which GMP asserts Synagro is liable under. Amendment would therefore be helpful in clarifying matters rather than futile. Synagro has not satisfied its burden to show any futility and, as such, the instant Motion should be granted.

28130-2/417011

12

### e.    GMP has not previously amended the Counterclaim.

Synagro has not alleged that the Counterclaim has been previously amended, the Counterclaim has not previously been amended, and Synagro admits as much. Synagro's Memo. in Opp. at 9.  As such, Synagro cannot sustain any argument on this factor, and the instant Motion should therefore be granted.

### f.    The policy behind Rule 15(a) favors allowing amendment in this case.

All the Rule 15(a) factors weigh in favor of allowing amendment of the Counterclaim, and Synagro has not sustained its burden of demonstrating otherwise, the Court should thus grant the instant Motion.  Furthermore, a trial court must exercise its discretion in these circumstances by considering the "underlying purpose of Rule 15(a) – to facilitate decision on the merits rather than on the pleadings or technicalities." DCD Programs, 833 F.2d at 186.  In this case, GMP initially alleged Synagro breached its contract with GMP.  The kind of contract GMP will be able to prove will depend on the level of proof it is able to proffer at trial on the merits.  Allowing amendment in this case will facilitate a clear adjudication of this case on its merits.  As such, and considering the "extreme liberality" with which courts are encouraged to allow amendment, id., this Court should grant the instant Motion and allow GMP to amend its Counterclaim as proposed.

## IV.    **CONCLUSION**

For the reasons set forth herein, GMP respectfully requests that it be granted

leave to file the Amended Counterclaim.

DATED:    Honolulu, Hawai'i, _____January 6, 2006_____.

_____
MICHAEL M. MARSH
TED N. PETTIT
JOHN D. ZALEWSKI
MALIA S. LEE
Co-Counsel for Defendant
**GMP HAWAI'I, INC.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| SYNAGRO TECHNOLOGIES, INC., | CIVIL NO. CV04-00509 SPK LEK |
| Plaintiff, | CERTIFICATE OF SERVICE |
| vs. | |
| GMP HAWAI`I, INC., | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of foregoing document was duly served

on the following parties by hand delivering the same on this day, January 9, 2006.

> PAUL ALSTON, ESQ.
> MEI-FEI KUO, ESQ.
> ALSTON HUNT FLOYD & ING
> American Savings Bank Tower
> 1001 Bishop Street, 18th Floor
> Honolulu, Hawaii 96813
>
> Attorneys for Plaintiff
> **SYNAGRO TECHNOLOGIES, INC.**

8130/2/414296

RICHARD C. SUTTON, JR.
SAKAI IWANAGA SUTTON
City Financial Tower
201 Merchant Street, Suite 2307
Honolulu, Hawaii 96813

Co-Counsel for Defendant
**GMP HAWAI`I, INC.**


DATED:  Honolulu, Hawai'i,  _____January 6, 2006_____.


_____
MICHAEL M. MARSH
TED N. PETTIT
JOHN D. ZALEWSKI
MALIA S. LEE
Co-Counsel for Defendant
**GMP HAWAI`I, INC.**