IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SYNAGRO TECHNOLOGIES, INC., | ) | CIV. NO. 04-00509 SPK/LEK |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| GMP HAWAII, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR
SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIM,
AND DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE
AMENDED COUNTERCLAIM

Plaintiff Synagro Technologies, Inc. (Synagro) has filed a Renewed and

Supplemented Motion for Summary Judgment on Defendant GMP Hawaii, Inc.'s

(GMP's) Counterclaim. The matter was argued on December 14, 2005. Mei Fei

Kuo appeared for Synagro; Michael Marsh and Richard Sutton appeared for GMP.

On December 13, 2005, GMP filed a related Motion for Leave to File Amended

Counterclaim (Motion to Amend). The Motion to Amend was deemed a non-

hearing motion and the Court indicated it would take both matters under

advisement after briefing was complete on the Motion to Amend. Now that

briefing is complete, the Court -- having reviewed the motions, and considered all

oral and written argument -- hereby GRANTS Synagro's Renewed and Supplemented Motion for Summary Judgment on Defendant GMP Hawaii, Inc.'s Counterclaim and DENIES GMP's Motion for Leave to File Amended Counterclaim.

I.

The parties are familiar with the factual and procedural background of this case. The Court sets forth a basic overview only as necessary to decide the present motions.

Synagro has a large (some $33 million) contract with the City & County of Honolulu to design and construct a sewage treatment facility (an "In Vessel Bioconversion Facility") at the Sand Island Wastewater Treatment Plant. The facility is under construction and is supposed to be finished in early-to-mid 2006.

Synagro and others (including GMP) as part of a "project delivery team" made a proposal, in part, via a power-point presentation to the City in May 2001. Synagro eventually won the bid. It then entered into contracts (or subcontracts) with ARI, Inc. (aka Andritz-Ruthner); GBI, Inc.; and APC, Inc. for various aspects of the facility. In turn, ARI (Andritz-Ruthner), GBI, and APC all have or had subcontracts with GMP for aspects of the facility project. Synagro alleges that GMP was paid by ARI, GBI, and APC for the work GMP did or was supposed to

have done.

Problems arose between Synagro and GMP in 2003-04.  Allegedly, GMP refused to perform certain aspects of the ARI-GMP subcontract.  GMP demanded payment or further payment directly from Synagro.  Negotiations failed, and Synagro filed the instant action on August 18, 2004, based upon diversity of citizenship (Synagro is a Delaware Corporation, and GMP is a Hawaii Corporation), seeking a declaration that it has no contractual obligations with GMP and that GMP's willful failure to perform aspects of the ARI-GMP subcontract constitutes tortious interference with the Synagro contract with the City.  In turn, on September 2, 2004, GMP filed a counterclaim with counts for (1) breach of implied contract, and (2) punitive damages.  The instant motions address only GMP's counterclaim.

As stated earlier, Synagro moves for summary judgment on the counterclaim.  The matter had originally been filed in January of 2005.  The hearing was set for March 4, 2005, and was then continued to March 18, 2005.  On March 1, 2005, GMP filed a motion to continue the hearing.  On March 14, 2005, the Court granted GMP's motion pursuant to Fed. R. Civ. P. 56(f) to continue the hearing.  For several different reasons (the case was relatively new, Synagro's counsel had changed law firms, discovery was not complete), the Court allowed

3

GMP additional time to respond and denied Synagro's motion for summary

judgment without prejudice to refiling after an appropriate period of discovery.

That period of discovery has passed and Synagro has filed its renewed and

supplemental motion for summary judgment on GMP's counterclaims.  As set forth

earlier, GMP recently filed (through new co-counsel) a motion for leave to amend

its September 2, 2004, counterclaim.

II.

GMP's counterclaim for breach of implied contract reads in pertinent part as

follows:

> 1.  Plaintiff Synagro ("Plaintiff") made a presentation to the City &
> County of Honolulu proposing to design, engineer, construct, and test
> an In-vessel bioconversion facility at the Sand Island Waste Water
> Treatment Plant in the City and County of Honolulu, Hawaii . . . .
>
> 2.  Based upon said presentation to the City and County of Honolulu,
> Plaintiff was awarded a contract . . . on or about May 7, 2002.
>
> 3.  The presentation that Plaintiff made to the City and County of
> Honolulu featured examples of work done by Defendant [GMP] in
> previous engineering projects for the City & County of Honolulu
> involving waste water treatment plants.
>
> 4.  The presentation also listed Defendant as a member of the project
> delivery team for the bioconversion facility.  The presentation
> described the members of the project delivery team as the persons and
> entities that would perform engineering work as well as the
> construction management for the overall bioconversion facility at the
> Sand Island Waste Water Treatment plant.

4

5.  It was the representation of Plaintiff [Synagro] that Defendant [GMP] would be involved in providing engineering design and construction management for the overall project.

(Count I.  Breach of Implied Contract)

6.  Plaintiff was awarded the contract from the City and County of Honolulu based partly on the past work performed by Defendant, and the understanding that Defendant would be providing engineering design and construction management for the Sand Island bioconversion facility project.

7.  Plaintiff utilized the reputation and goodwill of Defendant in order to obtain the Sand Island bioconversion facility contract with the City and County of Honolulu.

8.  Defendant relied upon these representations that Plaintiff made to Defendant and to the City and County of Honolulu that Defendant was to perform a substantial portion of the of the [sic] engineering design services and construction management for the bioconversion facility at the Sand Island Waste Water Treatment Plant.

9.  Said representations created an implied contract between Defendant and Plaintiff[.]

10.  However, Plaintiff has failed to provide work to Defendant, and has sought to use other contractors to perform the work it had promised Defendant.

11.  Plaintiff's actions represent a breach of its implied contract with Defendant.

The Court agrees with Synagro that such a claim is barred by the statute of

frauds.  There is no writing.  Such an implied agreement, if there were one, cannot

be performed within a year (as GMP's representative admitted in a deposition.  <u>See</u>

Exh. Q to Synagro's Motion, at 146-47). There are no definite terms. The
powerpoint slides are not enough to constitute or evidence a contract as between
Synagro and GMP. There was no partial performance because any work GMP did
"partially" was pursuant to the ARI-GMP subcontract (or other subcontracts GMP
had with GBI and APC). Any misrepresentations made, if any, were to the City,
not to GMP.

GMP responds by arguing that there was a "joint venture" or oral partnership
agreement or understanding between GMP and Synagro to obtain the contract with
the City. It argues that the counterclaim seeks relief for a breach of this oral
agreement between Synagro and GMP (and others such as CBI and ARI) to qualify
Synagro for the project with each member of the joint venture to contribute
resources to the undertaking. Each member expected to obtain roles in the venture.
GMP contends that "[e]ach team member was entitled to their pro-rata share of the
profits from each of their respective forthcoming contracts with the City through
the lead team member Synagro." [Opposition memo. at 17]. GMP then claims that
such a joint venture agreement is somehow exempt from the statute of frauds.
Alternatively, it asserts detrimental reliance or promissory estoppel against
Synagro based upon alleged promises Synagro made to GMP during the "joint
venture" proceedings.

The problem is that none of this ("joint venture" or promissory estoppel) was included in the counterclaim or answer.  The counterclaim for breach of implied contract, even under a "notice" pleading standard, cannot be fairly read to encompass breaches of a joint venture or other contractual agreement as between Synagro and GMP (and ARI, CBI, Hawaiian Dredging), especially where the counterclaim focuses on the representations made in the presentation to the City.  Nothing in the counterclaim hints at a joint venture agreement involving GMP and Synagro.  At most, the counterclaim alleges that "[GMP] would be involved in providing engineering design and construction management for the overall project" and it is undisputed that GMP was "involved" in constructing the facility (as a subcontractor).  In any event, such an agreement, if any, would still be barred by the statute of frauds.  Plaintiff's motion is GRANTED as to Count I of the counterclaim.

It follows that Count II of the counterclaim also fails.  GMP's second count of its counterclaim is for punitive damages based upon a "willful and deliberate repudiation of its implied contract with Defendant."  [Counterclaim at ¶ 16].  "Plaintiff's refusal to honor its implied contract with Defendant is wanton, reckless, willful, malicious, and oppressive."  This part of the counterclaim fails because there is no enforceable implied contract to have been breached, much less

"deliberately repudiated."  Moreover, it is now well established in Hawaii law that "punitive damages are not recoverable for breach of contract."  <u>Matsuda v. Wada,</u> 101 F. Supp. 2d 1315, 1325 n.6 (D. Haw. 1999) (citing <u>Francis v. Lee Enterprises, Inc.,</u> 89 Haw. 234, 241, 971 P.2d 707, 714 (1999)).  And where there is no contract, there can be no bad faith breach of contract.  Accordingly, Plaintiff's motion is GRANTED as to Count II of the counterclaim.

III.

As set forth earlier, GMP has filed (through new co-counsel) a motion for leave to amend the counterclaim.  GMP's motion, however, fails for several reasons.

GMP's request is late.  The deadline to amend pleadings was February 11, 2005; GMP's motion was filed on December 13, 2005 -- over 10 months past the deadline.

Second, Synagro would be unfairly prejudiced by allowing the proposed amendment now.  The discovery deadline in this case was September 16, 2005 -- nearly three months before GMP filed its motion for leave to amend.  GMP seeks to add new claims (regarding an alleged breach of a joint venture agreement) that were not pled in the initial counterclaim.  Adding these new claims would likely require an additional period of discovery on new subject matter.

Third, the Court agrees that GMP could have sought such leave to amend many months ago. Synagro's initial motion for summary judgment regarding GMP's counterclaim was filed a year ago, on January 3, 2005. The Court, however, continued the March 2005 hearing on that matter (on GMP's motion), effectively allowing GMP many months to review Synagro's motion, to seek leave to amend the counterclaim, to conduct relevant discovery, or to develop its theory in response to the motion. As Synagro argues, GMP was aware long ago of the facts and legal claims it seeks to add here. It is too late to add them now, especially because they are new.

In this regard, GMP argues in its reply memorandum that, by its proposed amendment, it seeks only to add "alternative grounds" that "fall under contract law and rely upon the same facts as those justifying the original counterclaim." Reply, at 7-8. "The proposed amendments merely clarify those alternative grounds for recovery and do not expand the relief sought by GMP in this action." Id. at 8. The Court disagrees. As set forth earlier, the original counterclaim cannot fairly be read to include theories involving a joint venture. The proposed amended counterclaim adds a new theory of recovery based upon new and different allegations of a joint venture between GMP and Synagro. It would allege a different contract, both in substance and in type. And the Court doubts whether the

9

new theory would not also be barred by the statute of frauds -- in essence the proposed amendment would be futile.

And so -- whether analyzed under Fed. R. Civ. P. 16 standards as an attempt to modify a scheduling order, or under Fed. R. Civ. P. 15 standards regarding amendments to pleadings -- the Court concludes that GMP's Motion for Leave to File Amended Counterclaim is DENIED.

CONCLUSION

For the foregoing reasons, Plaintiff Synagro Technologies, Inc.'s Renewed and Supplemented Motion for Summary Judgment on Defendant GMP Hawai'i, Inc.'s Counterclaim is GRANTED, and Defendant GMP Hawai'i, Inc.'s Motion for Leave to File Amended Counterclaim is DENIED.

IT IS SO ORDERED.

DATED:   January 11, 2006.



Samuel P. King
Senior United States District Judge

10