IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| SYNAGRO TECHNOLOGIES, INC., ) | CIVIL NO. CV04-00509 SPK LEK |
| ) | |
| Plaintiff, ) | **DECLARATION OF PAUL ALSTON** |
| ) | |
| vs. ) | |
| ) | |
| GMP HAWAI‘I, INC., ) | |
| ) | |
| Defendant. ) | |

**DECLARATION OF PAUL ALSTON**

I, PAUL ALSTON, hereby declares as follows:

1. I am an attorney with the law firm of Alston Hunt Floyd & Ing, duly licensed to practice law in the State of Hawai‘i, and before this Court. I am one of the attorneys for Plaintiff SYNAGRO TECHNOLOGIES, INC.("Synagro") in the above-captioned case.

2. I make this affidavit based on my personal knowledge and am competent to testify as to the matters set forth in this affidavit.

3. I make this affidavit in support of the foregoing Bill of Costs.

4. Pursuant to the Local Rule 54.2(c) of the Rules of the United State District Court for the District of Hawai‘i, I conferred with Defendant's counsel in the following manner in an effort to resolve the dispute regarding Synagro's entitlement to attorney's fees, related expenses, and taxable costs in this

action as the prevailing party on the Counterclaim: an email on February 2, 2006, a telephone call on March 9, 2006, and a settlement conference on February 28, 2006 with Magistrate Judge Leslie Kobayashi.  On April 5, 2006, I also sent Mr. Michael Marsh, one of the counsel for GMP, redacted copies of Synagro's invoices reflecting its attorney's fees, related non-taxable expenses, and taxable costs.  The Parties have been unable to resolve this dispute regarding Synagro's attorneys' fees, related expenses, and taxable costs.  As such, the Parties have agreed to brief this issue before the Court for a determination.

	5.	Attached hereto and incorporated herein as Exhibit "A" is a true and correct copy of relevant portions of invoices to Synagro from Alston Hunt Floyd & Ing in the above-reference case.

	6.	Attached hereto and incorporated herein as Exhibit "B" are true and correct copies of relevant invoices from court reporters for the above-referenced case.

	7.	Synagro incurred $2,862.48 in costs for transcripts of depositions and hearings, which were ordered and transcribed, and necessary, for the preparation of various hearings and depositions in this case.

	8.	Synagro expected that the deposition transcripts that Synagro paid for would be used for trial preparation.

9. Attached hereto and incorporated herein as Exhibit "C" are true and correct copies of relevant invoices from Professional Image and Sakai Iwanaga & Sutton Law Group.

10. The copying charges incurred from Professional Image was for copying the documents produced by Sakai Iwanaga & Sutton Law Group and GMP Hawai'i, Inc. in response to Synagro's discovery requests, and were necessary to effectively litigate this case. Professional Image copied a total of 2,608 pages of documents on 5/18/05, 8/23/05, and 8/26/05. Professional Image charged Synagro a range in price per page, depending on the number of copies made, the type of copies, and paper size.

11. The copying charges incurred from Sakai Iwanaga & Sutton Law Group was for copying documents produced in response to Synagro's discovery requests, and were necessary to effectively litigate this case. Sakai Iwanaga & Sutton Law Group copied a total of seventy-eight (78) pages. Sakai Iwanaga & Sutton Law Group charged Synagro fourteen cents ($0.14) per page, plus tax.

12. Synagro incurred a total of $1,208.78 in costs from outside photocopies of documents produced during discovery and for preparation of deposition exhibits, which were necessary for use in litigating this case.

13. Synagro incurred $2,835.80 in costs for in-house photocopying. These photocopies were necessary for counsel's effective performance in and defense of GMP's Counterclaim.

Synagro's in-house photocopying costs were computer generated from a copy counter on counsel's photocopier, which automatically bills clients based on client-matter codes, at ten cents ($0.10) per page.

      14. As the prevailing party, Synagro requests a total of $6,907.06 in costs incurred in having to prosecute and defend against GMP's Counterclaim for breach of implied contract and punitive damages, which was wholly without merit. The foregoing costs are correctly stated, were necessarily incurred in this action, and are allowable by law.

      I declare under the penalty of perjury under the laws of the State of Hawai'i that the foregoing is true and correct.

      DATED: Honolulu, Hawai`i, April 21, 2006.

                                    /s/ PAUL ALSTON
                                      PAUL ALSTON