IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | | |
|---|---|---|
| SYNAGRO TECHNOLOGIES, INC., | ) | CIVIL NO. CV04-00509 SPK LEK |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM IN SUPPORT** |
| | ) | **OF MOTION** |
| vs. | ) | |
| | ) | |
| GMP HAWAI‘I, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**TABLE OF CONTENTS**

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . 1

II.   NATURE OF THE CASE . . . . . . . . . . . . . . . . . . . . 3

      A.    Factual and Procedural Background . . . . . . . . . 3

            1.    Synagro's Complaint . . . . . . . . . . . . . 3

            2.    GMP's Counterclaim . . . . . . . . . . . . . 4

            3.    Synagro's Motion for Summary Judgment . . . . . 4

            4.    GMP's Motion to Continue Hearing on Synagro's
                  Motion for Summary Judgment . . . . . . . . . 5

            5.    Synagro's Renewed and Supplemented Motion for
                  Summary Judgment . . . . . . . . . . . . . . 5

            6.    GMP's Motion for Leave to File Amended
                  Counterclaim . . . . . . . . . . . . . . . . 5

            7.    The Court's Order on Synagro's and GMP's Motions 6

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . 6

      A.    Synagro Is Entitled To Recover Its Attorneys' Fees As
            The Prevailing Party Under HRS § 607-14 . . . . . . . 6

            1.    A Breach of Implied Contract Claim Is in the
                  Nature of Assumpsit . . . . . . . . . . . . . 7

            2.    Synagro Is the Prevailing Party with Respect to
                  GMP's Counterclaim . . . . . . . . . . . . . 9

            3.    The Requested Attorneys' Fees Do Not Exceed 25%
                  of the Amount Prayed for by GMP in its
                  Counterclaim . . . . . . . . . . . . . . . . 10

            4.    Synagro's Requested Attorneys' Fees Are
                  Reasonable . . . . . . . . . . . . . . . . . 12

                  a.    Reasonable Hourly Rate . . . . . . . . . 15

                  b.    Hours Reasonably Expended . . . . . . . . 16

B.    Synagro Is Entitled To Recover Related Non-Taxable Expenses . . . . . . . . . . . . . . . . . . . .  17

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . .  19

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Blanchard v. Bergeron*,
    489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989) . . . 14

*Blum v. Stenson*,
    465 U.S. 886 (1984) . . . . . . . . . . . . . . . . 15

*Cunningham v. County of Los Angeles*,
    879 F.2d 481,(9th Cir. 1990),
    *cert. denied*, 493 U.S. 1035 (1990) . . . . . . . . . . 14

*DeRoburt v. Gannett Co.*
    558 F. Supp. 1223 (D. Haw. 1983) . . . . . . . . . . . 6

*Environmental Defense Fund, Inc. v. Environmental*
    *Protection Agency*,
    672 F.2d 42 (D.D.C. 1982) . . . . . . . . . . . . . . . 2

*Healy-Tibbitts Constr. Co. v. Hawaiian Indep. Refinery, Inc.*,
    673 F.2d 284 (9th Cir. 1982) . . . . . . . . . . . . . . 8

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) . . . . . . . . . . . . . . . . . 13

*Johnson v. Georgia Highway Express, Inc.*,
    488 F.2d 714 (5th Cir. 1974) . . . . . . . . . . . . 14, 15

*Jordan v. Multnomah County*,
    815 F.2d 1258 (9th Cir. 1987) . . . . . . . . . . . . 15

*Kona Enter., Inc. v. Estate of Bishop*,
    229 F.3d 877 (9th Cir. 2000) . . . . . . . . . . . 8, 9

*Matsuda v. Wada*,
    101 F.Supp.2d 1315 (D. Haw. 1999) . . . . . . . . . . . 1

*Pennsylvania v. Delaware Valley Citizens' Council*,
    478 U.S. 546 (1986) . . . . . . . . . . . . . . . . . 14

*Price v. Seydel*,
    961 F.2d 1470 (9th Cir. 1992) . . . . . . . . . . . . . 6

*Rosenfeld v. S. Pac. Co.*,
    519 F.2d 527 (9th Cir. 1975) . . . . . . . . . . . . . 2

*Stewart v. Gates*,
    987 F.2d 1450 (9th Cir. 1993) . . . . . . . . . . . . . 14

*Tirona v. State Farm Mut. Auto Ins. Co.,*
    821 F. Supp. 632 (D. Haw. 1993) . . . . . . . . . . . 17

**STATE CASES**

*Bennett v. Baugh,*
    990 P.2d 917 (Or. Ct. App. 1999) . . . . . . . . . . . 1

*Blair v. Ing,*
    96 Haw. 327, 31 P.3d 184 (2001) . . . . . . . . . 2, 7, 9

*Chun v. Bd. of Trustees of the Employees' Retirement Sys.*
    *of the State of Hawai'i,*
    92 Haw. 432, 992 P.2d 127 (2000) . . . . . . . . . . 13

*Eastman v. McGowen,*
    86 Haw. 21, 946 P.2d 1317 (1997) . . . . . . . . . . . 8

*Greb v. Murray,*
    795 P.2d 1087 (Or. 1990) . . . . . . . . . . . . . . . 3

*Lee v. Scotia Prince Cruises Ltd.,*
    843 A.2d 753 (Me. 2004) . . . . . . . . . . . . . . . 3

*Leslie v. Estate of Tavares,*
    93 Haw. 1, 994 P.2d 1047 (2000) . . . . . . . . . . . 8

*Montalvo v. Chang,*
    64 Haw. 345, 641 P.2d 1321 (1982) . . . . . . . . . 13

*Rodrigues v. Chan,*
    5 Haw. App. 603, 705 P.2d 67 (1985) . . . . . . . 9, 10

*Ross v. Stouffer,*
    76 Haw. 454, 879 P.2d 1037 (1994) . . . . . . . . . . 1

*Smother v. Renander,*
    2 Haw. App. 400, 633 P.2d 556 (1981) . . . . . . . 10

*TSA Int'l Ltd. v. Shimizu Corp.,*
    92 Haw. 243, 990 P.2d 713 (1999)
    . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Wong v. Takeuchi,*
    88 Haw. 46, 961 P.2d 611 (1998) . . . . . . . . . . . 9

**HAWAI`I REVISED STATUTES**

§ 607-14 . . . . . . . . . . . . . . . . . . . . . . . . 8-10

§ 607-14 (Supp. 2004) . . . . . . . . . . . . . . . . . . 7

§ 607-9 . . . . . . . . . . . . . . . . . . . . . . . . . 18

**LOCAL RULES**

54.2 . . . . . . . . . . . . . . . . . . . . . . . . . . 2

54.3 . . . . . . . . . . . . . . . . . . . . . . . . 16, 18

54.3(d)(1) . . . . . . . . . . . . . . . . . . . . . . . 16

## MEMORANDUM IN SUPPORT OF MOTION

### I.   INTRODUCTION

Plaintiff SYNAGRO TECHNOLOGIES, INC. ("Synagro"), by
and through its attorneys, Alston Hunt Floyd & Ing, hereby moves
for an award of attorneys' fees and related non-taxable expenses
against Defendant GMP Hawai`i, Inc. ("GMP").

Synagro defeated both claims raised in GMP's
Counterclaim for breach of contract.[1]  By doing so, Synagro also
effectively validated its own overlapping claim for a declaratory
ruling that it owed no unmet contractual obligations to GMP. (the
"Counterclaim").

GMP's failed claim for breach of an implied contract
was undeniably in the nature of assumpsit.  Since Synagro
prevailed, it is entitled to recover its fees and costs under
H.R.S. § 607-14.  Synagro seeks $79,877.70 in attorneys' fees[2]

---

[1]  Although GMP ostensibly presented a separate claim for
punitive damages based upon the alleged breach, it is clear that
under Hawai`i law that punitive damages is recoverable in breach
of contract actions and it is a remedy, not a separate claim for
relief.  *See Matsuda v. Wada*, 101 F.Supp.2d 1315, 1325 fn. 6 (D.
Haw. 1999)(stating "[u]nder Hawaii law, it has long been settled
that punitive damages are not recoverable for breach of
contract"); *Ross v. Stouffer*, 76 Haw. 454, 466, 879 P.2d 1037
(1994) (ruling there is no independent cause of action for
punitive damages).

[2]  The attorneys' fees and related non-taxable expenses in
the respective amounts of $79,877.70 and $230.94 represent fees
and expenses incurred through March 31, 2006.  Synagro has
apportioned the fees and expenses related to the assumpsit claim
from the non-assumpsit claim.  *See infra* at fn. 3 and 11-12.  *See
also Bennett v. Baugh*, 990 P.2d 917, 920 (Or. Ct. App. 1999)
("When a party prevails in an action that encompasses both a
claim for which attorney fees are authorized and a claim for

and $230.94 in related non-taxable expenses[3] against GMP.  These attorneys' fees and related non-taxable expenses were incurred as a result of (1) GMP's meritless arguments that Synagro breached an implied agreement for work on the Project and owed substantial money to GMP, and (2) GMP's rejection of numerous opportunities to settle the action before summary judgment was granted.[4]

_____

which they are not, the trial court must apportion attorney fees, except when there are issues common to both claims"); *Blair v. Ing*, 96 Haw. 327, 332, 31 P.3d 184, 189 (2001)(noting that, "in awarding attorneys' fees in a case involving both assumpsit and non-assumpsit claims, a court must base its award of fees, if practicable, on an apportionment of the fees claimed between assumpsit and non-assumpsit claims").

Moreover, Synagro is also seeking and is entitled to attorneys' fees and expenses necessitated by the preparation, filing, and arguments related to this Motion, which are continuing to be incurred.  *See Rosenfeld v. S. Pac. Co.*, 519 F.2d 527, 530-31 (9th Cir. 1975) (ordering that fee award include an amount in remuneration for time spent on fee claim); *Environmental Defense Fund, Inc. v. Environmental Protection Agency*, 672 F.2d 42, 62 (D.D.C. 1982) (awarding fees for time spent preparing the fee application).

[3]    A Bill of Costs requesting the Clerk of this Court to tax allowable cost, pursuant to L.R. 54.2, is filed concurrently with this Motion.  The costs requested in the Bill of Costs are inextricably intertwined with and relate to Synagro's request for attorneys' fees and expenses.  However, to ease the Court's review and provide a clear and concise itemization of the costs requested, Synagro submits its request for costs separately pursuant to L.R. 54.2.

[4]    Synagro attempted in good faith to settle this dispute on numerous occasions and consult with GMP on the issue of attorneys' fees and cost without success, thereby, necessitating the filing of this motion.  Alston Dec. at ¶ 14.

## II.  NATURE OF THE CASE

### A.  Factual and Procedural Background

This action concerns a $33 million wastewater treatment bioconversion facility ("the Project") that Synagro contracted to design, construct, and operate for the City and County of Honolulu.

### 1.  Synagro's Complaint

On August 18, 2004, Synagro filed a Complaint[5] against GMP because GMP was refusing to deliver engineering plans and drawings required under its sub-contract with Andritz-Ruthner, Inc. ("ARI") unless it received an unspecified amount of money and/or work from Synagro.  *See* Complaint at ¶¶ 32-47.  In the Complaint, Synagro pleaded claims for declaratory judgment and tortious interference with economic advantage.

---

[5]     Prior to filing the Complaint, counsel for Synagro expended time and effort working with counsel for ARI to address GMP's refusal to produce the plans and drawing and to provide assistance on a motion for temporary injunction.  Declaration of Paul Alston ("Alston Dec."), attached, at ¶ 8.  This work was inextricably intertwined with the underlying assumpsit claim (*i.e.*, GMP's failure to deliver the plans and drawings as a result of its unjustified insistence that it had an agreement with Synagro for work on the Project).  Therefore, Synagro is requesting recovery of half of the fees and expenses incurred, in the amount of $4,603.50.  *Id. See also Greb v. Murray*, 795 P.2d 1087, 1088 (Or. 1990) ("Attorney fees need not be apportioned when they are incurred for representation on an issue common to a claim in which fees are proper and one in which they are not."); *Lee v. Scotia Prince Cruises Ltd.*, 843 A.2d 753, 756 (Me. 2004) (declining to apportion attorneys' fees because issues arising under counterclaim and the cross-appeal were "inextricably intertwined").

After this Complaint was filed, GMP delivered the necessary materials to ARI and it ceased to interfere with the Project. Synagro thus avoided potentially crippling costs and delays. *See* Declaration of James P. Carmichael, attached, at ¶¶ 4-6 . As a result, all attention quickly turned to disposing of GMP's counterclaim, and the attorneys' fees and expenses incurred thereafter were related to the assumpsit claim. Alston Dec. at ¶ 10.

### 2.    GMP's Counterclaim

After receiving the Complaint, GMP filed a Counterclaim against Synagro, on September 2, 2004, alleging it had an **implied contract** with Synagro for substantial work related to the Project. Counterclaim at ¶ 8. GMP sought contract damages of $2,683,422.00 for design expenses, and $846,000.00 for construction management as well as punitive damages. *Id.* at ¶¶ 12-19, A-D.

### 3.    Synagro's Motion for Summary Judgment

On January 3, 2005, Synagro filed a Motion for Summary Judgment ("Motion for Summary Judgment") on the Counterclaim. There, Synagro argued that GMP's claims for breach of implied contract and punitive damages were meritless and barred by the Statute of Frauds. A hearing on Synagro's Motion for Summary Judgment was set for March 18, 2005.

### 4.    GMP's Motion to Continue Hearing on Synagro's Motion for Summary Judgment

On March 1, 2005, GMP asked the Court to postpone the hearing on the Motion for Summary Judgment. GMP claimed it needed additional time to conduct discovery in support of its claims. The Court granted GMP's motion. In doing so, the Court noted that "although Synagro's Motion for Summary Judgment may have merit, the Court will allow GMP an additional opportunity to conduct relevant discovery before conducting a hearing on Synagro's motion." Order at 2. To that end, the Court denied Synagro's Motion for Summary Judgment "without prejudice to re-filing after an appropriate period for discovery." *Id*.

### 5.    Synagro's Renewed and Supplemented Motion for Summary Judgment

On September 14, 2005, Synagro filed a Renewed and Supplemented Summary Judgment Motion (the "Renewed Motion"). GMP opposed this Renewed Motion arguing, for the first time, claims for breach of an oral joint venture agreement, implied-in-law agreement under the doctrine of promissory estoppel, and breach of the implied covenant of good faith and fair dealing.

### 6.    GMP's Motion for Leave to File Amended Counterclaim

On December 13, 2006, only one day before the hearing on Synagro's Renewed Motion, and well-beyond the deadline to amend pleadings, GMP filed a Motion for Leave to File Amended Counterclaim ("Motion to Amend"). By this Motion, GMP sought leave to expand its Counterclaim to assert the claims first

advanced by it a few weeks earlier in its Opposition Memo to Synagro's Renewed Motion.  Prior to filing its Motion to Amend, GMP made absolutely no effort to amend the Court's Rule 16 Scheduling Order, which set February 11, 2005 as the deadline to amend pleadings.

### 7.    The Court's Order on Synagro's and GMP's Motions

On January 11, 2006, the Court granted Synagro's Renewed Motion and denied GMP's Motion to Amend.  *See* Exh. "A", Order Granting Plaintiff's Renewed Motion, and Denying Defendant's Motion to Amend, filed January 11, 2006 (hereinafter "Summary Judgment Order").  The Summary Judgment Order effectively disposed of the Counterclaim in its entirety.

GMP's Motion to Amend was denied because it was "late," as the deadline to amend pleadings was February 11, 2005, and "Synagro would be unfairly prejudiced by allowing the proposed amendment."  *Id.* at 8.

## III. ARGUMENT

### A.    Synagro Is Entitled To Recover Its Attorneys' Fees As The Prevailing Party Under HRS § 607-14

Where, as here, a federal court in a diversity action must apply the substantive law of the forum state to determine entitlement to an award of attorneys' fees.  *See, e.g.*, *Price v. Seydel*, 961 F.2d 1470, 1475 (9th Cir. 1992); *DeRoburt v. Gannett Co.* 558 F. Supp. 1223, 1226 (D. Haw. 1983) (explaining that a federal court sitting in diversity must apply state law with regard to the allowance or disallowance of attorneys' fees).

Under Hawai'i law, attorneys' fees are awarded to a prevailing party when such an award is provided for by **statute**, stipulation or agreement.  *See*, *e.g.*, *Blair,* 96 Haw. at 329, 31 P.3d at 186.

HRS § 607-14 (Supp. 2004) governs the award of attorneys' fees in all actions in the nature of assumpsit and provides, in relevant part, as follows:

> **Attorneys' fees in actions in the nature of assumpsit, etc.**  In all the courts, **in all actions in the nature of assumpsit** and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, **there shall be taxed as attorneys' fees, to be paid by the losing party** and to be included in the sum for which execution may issue, **a fee that the court determines to be reasonable**; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment. . . . The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; **provided that this amount shall not exceed twenty-five per cent of the judgment . . . [or] the amount sued for if the defendant obtains judgment.**

(Emphases added)

### 1.    A Breach of Implied Contract Claim Is in the Nature of Assumpsit

GMP's Counterclaim against Synagro for breach of implied contract represents a classic example of an action in the nature of assumpsit, and attorneys' fees are recoverable in a breach of implied contract action.

The Hawai'i Supreme Court has explained that assumpsit is "a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or **implied**, written or verbal, as well as quasi contractual obligations." *TSA Int'l Ltd. v. Shimizu Corp.*, 92 Haw. 243, 264, 990 P.2d 713, 734 (1999) (emphasis added). Thus, **"an action in the nature of assumpsit includes 'all possible contract claims.'"** *Leslie v. Estate of Tavares*, 93 Haw. 1, 5, 994 P.2d 1047, 1051 (2000) (quoting *Healy-Tibbitts Constr. Co. v. Hawaiian Indep. Refinery, Inc.*, 673 F.2d 284, 286 (9th Cir. 1982)) (emphasis added).[6] Furthermore, "[u]nder HRS § 607-14, an action in the nature of assumpsit does not need a clause in writing providing for attorneys' fees in order for attorneys' fees to be granted." *Eastman v. McGowen*, 86 Haw. 21, 31, 946 P.2d 1317, 1327 (1997). In fact, "[w]hen there is doubt as to whether an action is in the nature of assumpsit or in tort, **there is a presumption that the suit is in assumpsit."** *Leslie*, 93 Haw. at 6, 994 P.2d at 1052 (2000) (citation omitted and emphasis added).

Here, GMP's Counterclaim was premised upon its contract claims. These claims were unquestionably in the nature of assumpsit. *See Leslie*, 93 Haw. at 5, 994 P.2d at 1051; *TSA*

---

[6] *See also Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 884 (9th Cir. 2000) (explaining that under Hawai'i law, an action in the nature of assumpsit includes all possible contract claims including the recovery of damages for non-performance of an implied contract).

*Int'l*, 92 Haw. at 264, 990 P.2d at 734; *Kona Enter.*, 229 F.3d at 884.

### 2. Synagro Is the Prevailing Party with Respect to GMP's Counterclaim

It is also indisputable that Synagro is the "prevailing party" with respect to GMP's Counterclaim. The prevailing party is generally the party who succeeds in obtaining judgment on a claim, or wins on the counterclaims proffered against it. *See Blair*, 96 Haw. at 331, 31 P.3d at 188; *Rodrigues v. Chan*, 5 Haw. App. 603, 608, 705 P.2d 67, 71 (1985). Significantly, under HRS § 607-14, a party can be deemed a "prevailing party" regardless of whether the party prevails on substantive or procedural grounds.[7]  In other words, a counterclaim defendant can be deemed a "prevailing party" (and therefore entitled to attorneys' fees) when the claims charged against it are dismissed, *i.e.,* through summary judgment, even in circumstances where the dismissal is not on the merits. *See supra* fn. 3.

Here, Synagro obtained summary judgment and prevailed against GMP on every claim set forth in the Counterclaim and, in

---

[7]  *See Blair*, 96 Haw. at 330, 31 P.3d at 187.  *See also Wong v. Takeuchi*, 88 Haw. 46, 49, 961 P.2d 611, 614 (1998) (awarding fees for defendant in partnership dissolution action where summary judgment was entered against plaintiff for laches and statute of limitations); *Kona Enter.*, 229 F.3d at 887 (dismissal based upon lack of subject matter jurisdiction and stating that "[u]nder Hawai'i law, a party may be deemed the 'prevailing party' entitled to an award of statutory attorneys' fees under [HRS] § 607-14 without successfully litigating the merits of the party's claim").

effect, the Summary Judgment Order disposed of the Counterclaim in its entirety. *See* Summary Judgment Order at 1-8, 10. Specifically, the Summary Judgment Order determined in relevant part that (1) any implied contract was barred by the Statute of Frauds, and that any performance by GMP on the project was pursuant to its sub-contracts with other contractors working on the Project, *id.* at 5-6; and (2) punitive damages was not recoverable because there was no enforceable implied contract existed to have been breached or deliberately repudiated, and, nonetheless, Hawai'i law does not permit recovery of punitive damages for breach of contract, *id.* at 7-8. The Summary Judgment Order clearly establishes Synagro as the prevailing party against GMP on the Counterclaim.

### 3. The Requested Attorneys' Fees Do Not Exceed 25% of the Amount Prayed for by GMP in its Counterclaim

Under HRS § 607-14, Synagro, as the prevailing party on the Counterclaim, is entitled an award of attorneys' fees not to exceed twenty-five percent of the amount of damages prayed for by GMP in its Counterclaim:

> [HRS §] 607-14 taxes attorney's fees on the losing party in all actions in the nature of assumpsit. **The amount on which the fees are to be assessed is dependent on who obtains the judgment**--the judgment amount (exclusive of costs) if plaintiff or counterclaimant prevails, and **the amount sued for if the defendant or counterclaimee wins.**

*Rodrigues*, 5 Haw. App. at 608, 705 P.2d at 71 (internal quotation marks and citation omitted) (emphasis added). *See also Smothers*

*v. Renander*, 2 Haw. App. 400, 405, 633 P.2d 556, 561 (1981)
(awarding a prevailing counterclaim defendant reasonable
attorneys' fees not to exceed statutory limitations with respect
to the amount sued for by plaintiff in his counterclaim).

Here, Synagro requests $79,877.70 in attorneys' fees as
necessarily incurred in **disposing of GMP's assumpsit
Counterclaim**.  This requested amount has been apportioned to
exclude the fees related to the non-assumpsit aspects of this
case ; in other words, those fees that do not share a common
factual basis, and are not inextricably intertwined with, the
underlying assumpsit Counterclaim (*e.g.*, fees related to the
filing the Complaint).  *See supra* fn. 3.  *See also* Alston Dec. at
¶ 10 and Exh. "B".  The excluded fees total $7,362.50.[8]  *See id.*
Thus, Synagro's request for $79,877.70[9] in attorneys' fees

---

[8]  This amount was computed based on $365.00 in fees not
charged to the client (courtesy discounts), $4,603.50 in fees
representing half of the fees incurred in work related to the
action between Andritz and GMP, and the remaining amount in $
2394.00 in fees related to the filing of the Complaint.

[9]  This amount was computed based on the following
calculation:

| | |
|---|---|
| $84,050.00 | (Synagro's total attorneys' fees actually incurred) |
| ($6,997.50) | (Less attorneys' fees incurred in the non-assumpsit aspects of the case) |
| ($ 365.00) | (Less attorneys' fees discounted by Alston Hunt Floyd & Ing) |
| $ 79,877.70 | |

comprises those fees solely related to Synagro's efforts in pursuing, defending, and prevailing on the assumpsit claims.  *Id*.

Synagro's request for attorneys' fees in the amount of $79,877.70 clearly does not exceed twenty-five percent of the amount prayed for by GMP in its Counterclaim.  To support its meritless breach of implied contract claim, GMP sued to recover from Synagro $2,683,422.00 for design expenses, and $846,000.00 for construction management, in addition to general and special damages, punitive damages, attorneys' fees and costs, and prejudgment and postjudgment interest.  *See* Counterclaim at ¶¶ 12-14, 19, A-D.  GMP claimed approximately $3,529,422.00 in damages in its assumpsit Counterclaim.  Synagro would theoretically be entitled to recover a maximum of $882,355.50[10] (or 25% of $3,529,422.00) for its attorneys' fees incurred in defending GMP's Counterclaim.  Synagro's request for $79,877.70 in attorneys' fees is significantly less than twenty-five percent of GMP's prayed damages amount and, therefore, should be awarded in its entirety.

**4.   Synagro's Requested Attorneys' Fees Are Reasonable**

Once the basis for an award of attorneys' fees is provided by state law, federal law determines the reasonableness of the fees.  Under federal law, a reasonable attorney's fee is

---

[10]   This value is obtained by multiplying the value of the damages plead ($3,529,422.00) by the statutory limitation (25%):

$3,529,422.00 x 25% = $882,355.50

generally based on the traditional "lodestar" algorithm set forth

in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), which multiplies

the number of hours reasonably expended by a reasonable hourly

rate.  The Hawai'i Supreme Court has endorsed a virtually

identical method of calculation:

> In essence, the initial inquiry is 'how many
> hours were spent in what manner by which
> attorneys.'  The determination of time spent
> in performing services 'within appropriately
> specific categories,' is followed by an
> estimate of its worth.  'The value of an
> attorney's time generally is reflected in his
> normal billing rate.'  But it may be
> 'necessary to use several different rates for
> the different attorneys' and the reasonable
> rate of compensation may differ 'for
> different activities.'  And when the hourly
> rate reached through the foregoing analysis
> is applied to the actual hours worked, a
> 'reasonably objective basis for valuing an
> attorney's services' is derived.  The
> inquiry, however, does not end here, for
> other factors must be considered.  The
> product of the first and second steps
> nevertheless serves as the 'lodestar' of the
> ultimate fee award.

*Montalvo v. Chang*, 64 Haw. 345, 358-59, 641 P.2d 1321, 1331

(1982) (citations omitted), *overruled on other grounds by Chun v.*

*Bd. of Trustees of the Employees' Retirement Sys. of the State of*

*Hawai'i*, 92 Haw. 432, 992 P.2d 127 (2000)).[11]

---

[11]  Although *Montalvo* was overruled by *Chun*, 92 Haw. at 445,
992 P.2d at 140, to the extent that it mandated an application of
the "lodestar" method when calculating attorneys' fees in common
fund cases, the Hawai'i Supreme Court expressly stated that it
would "continue to adhere to Montalvo's explication of the
mechanics of the lodestar method."  *Id.*

In determining the number of hours reasonably expended, and the reasonable rate to be charged, the following factors may be considered:

> (a)  the time and labor involved;
> (b)  the novelty and difficulty of the questions involved;
>
> (c)  the skill required;
>
> (d)  the preclusion of other employment by the attorney due to the acceptance of the case;
>
> (e)  the customary fee;
>
> (f)  time limitations imposed by the client or circumstances;
>
> (g)  the amount involved and the results obtained;
>
> (h)  the experience, reputation, and ability of the attorneys;
>
> (i)  the "undesirability" of the case;
>
> (j)  the nature and length of the professional relationship with the client; and
>
> (k)  awards in similar cases.

See *Stewart v. Gates*, 987 F.2d 1450, 1452 (9th Cir. 1993); *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 562 n.7 (1986).[12]  The resulting lodestar figure is presumptively reasonable.  See *Delaware Valley Citizens*, 478 U.S. at 562 n.7; *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1990), *cert. denied*, 493 U.S. 1035 (1990).

---

[12]  These factors were initially posited in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by*, *Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989, and are now commonly referred to as the *Johnson* factors.

### a.    Reasonable Hourly Rate

A critical inquiry in determining a reasonable attorneys' fee is the hourly rate.  *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).  "The prevailing market rate in the community is significantly indicative of a reasonable hourly rate."  *Id*.  Thus, in determining a reasonable fee, consideration delves on the outcome, the customary fees, whether a contingent fee arrangement is involved and the novelty or difficulty of the issues presented.  *Id*.

Synagro's requested rates are in accord with those rates prevailing in the community for similar services of lawyers of comparable skill and reputation.  *See Jordan*, 815 F.2d at 1263.  Synagro has substantiated its requested hourly rates by submitting the attached Alston Declaration and Exhibits "B" (Itemization of Work Performed) and "C" (Pacific Business News 2006 Book of Lists at 72, which lists and highlights the current rates charged by various law firms in the State of Hawai'i).[13]

Accordingly, Synagro requests the following hourly rates, which are representative of (1) each attorneys' customary

---

[13]    This list is admissible under Haw. R. Evid. 803(17) regarding market and commercial publications, including lists, that are generally used and relied upon by the public or by persons in particular occupations, as well as under Haw. R. Evid. 807, related to residual exceptions, which will serve the interest of justice by the admission of the statement into evidence.

fees for like work,[14] and (2) the customary fees for like work prevailing in Honolulu, Hawaiʻi:

| Name | Title | Rate/Hour | Years of Practice/ Experience |
|------|-------|-----------|-------------------------------|
| Paul Alston | Partner | $ 450.00 | 35 |
| Mei-Fei Kuo | Associate | $ 135.00 | 5.5 |
| Shellie K. Park-Hoapili | Associate | $ 125.00 | Approx. 1 |
| Danie K. Kakazu | Paralegal | $ 120.00 | 19 |
| Noreen M. Kanada | Paralegal | $ 100.00 | 9 |
| Kelliann A. Shimote | Paralegal | $ 75.00 | 1.5 |
| Jya-Ming M. Bunch | Doc. Anal. | $ 30.00 | --- |
| Samson W. Lee | Doc. Anal. | $ 30.00 | --- |

**b.    Hours Reasonably Expended**

Pursuant to the requirements of Local Rule 54.3, the following items are attached as Exhibit "B" to the Alston Declaration:

**(1)    Itemization of Work Performed.**  All work performed by Alston Hunt Floyd & Ing on behalf of Synagro in this matter and organized according to the eight categories specified in Local Rule 54.3(d)(1).

---

[14]  The requested rates for Paul Alston and Mei-Fei Kuo are less than their current hourly rates.  *See* Alston Dec. at ¶ 11. As a matter of courtesy to clients in cases that are resolved relatively quickly, Alston Hunt Floyd & Ing frequently bills its clients at the rate the attorney (or paralegal) charged at the commencement of an action without making any adjustments over time.

(2) **Description of Services Rendered**.  The services rendered are described in Exhibit "B" in the fashion required by Local Rule 54.3(d)(2).

The fees Synagro seeks were incurred as a result of defending against GMP's meritless assumpsit claim.  To this end, the fees Synagro requests were reasonably and necessarily incurred to achieve the ultimate result obtained, which was summary judgment on the entire Counterclaim.  *Tirona v. State Farm Mut. Auto Ins. Co.*, 821 F. Supp. 632, 636 (D. Haw. 1993). The Alston Declaration chronicles the extensive work that led to the successful resolution of this matter.  Significantly, the hours Synagro spent in this action were necessitated by GMP's senseless pursuit of its factually and legally unsupported implied breach of contract claim, and failure to resolve or otherwise settle the dispute when provided the numerous opportunities by Synagro.  Synagro did no more than what was necessary to defend against and prevail on GMP's Counterclaim. *See* Alston Dec. at ¶¶ 10 and 13.

**B.    Synagro Is Entitled To Recover Related Non-Taxable Expenses**

Synagro incurred $230.94 in related non-taxable expenses in having to prosecute and defend against GMP's Counterclaim for breach of implied contract, which was wholly without merit.  *See* Alston Dec. at ¶¶ 15-16 and Exhibit "D". Synagro, as the prevailing party, requests the following related non-taxable expenses, as verified and described in the attached

Alston Declaration, pursuant to L.R. 54.3:  (1) messenger services ($1,358.00); (2) long-distance telephone charges ($11.16); (3) facsimiles ($2.00); and (4) postage ($82.78).[15]

Synagro incurred these expenses in defending itself against GMP's groundless breach of implied contract claim and in continuing to pursue the action due to GMP's stubborn refusal to entertain Synagro's good faith settlement offers.  Thus, the Court can, and should, exercise its discretion to award these

---

[15]  The requested expenses were extensively related and necessarily incurred in defending against the assumpsit claims and the claims proffered by GMP in its Counterclaim.  Based on the nature of the case and GMP's unreasonable refusal to settle, this Court should award Synagro these expenses in fairness and equity.  In relevant part, HRS § 607-9 provides for the recovery of expenses and costs:

> No other costs of court shall be charged in any court in addition to those prescribed in this chapter in any suit, action, or other proceeding, except as otherwise provided by law.

> All actual disbursements, including but not limited to, intrastate travel expenses for witnesses and counsel, expenses for deposition transcript originals and copies, and **other incidental expenses, including copying costs, intrastate long distance telephone charges, and postage, sworn to by an attorney or a party, and deemed reasonable by the court, may be allowed in taxation of costs.**  In determining whether and what costs should be taxed, the court may consider the **equities of the situation.**

(emphasis added).

expenses, in the amount of $230.94, as necessarily incurred by Synagro as the prevailing party to litigate the instant matter.

**IV.  CONCLUSION**

For the foregoing reasons, Synagro respectfully requests that this Court grant its Motion and award Synagro its attorneys' fees in the amount of **$79,877.70,** and related non-taxable expenses in the amount of **$230.94,** for a total award of **$80,108.64,** both of which were reasonably and necessarily incurred in defeating the assumpsit claims raised by GMP in its Counterclaim for breach of implied contract and punitive damages.

DATED:  Honolulu, Hawai'i, April 21, 2006.

_____/s/ MEI-FEI KUO_____
PAUL ALSTON
MEI-FEI KUO
SHELLIE K. PARK-HOAPILI
Attorneys for Plaintiff
  SYNAGRO TECHNOLOGIES, INC.