IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| SYNAGRO TECHNOLOGIES, INC., | ) | CIVIL NO. CV04-00509 SPK LEK |
| | ) | |
| Plaintiff, | ) | **DECLARATION OF JAMES P.** |
| | ) | **CARMICHAEL** |
| vs. | ) | |
| | ) | |
| GMP HAWAII, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF JAMES P. CARMICHAEL**

I, JAMES P. CARMICHAEL, declare as follows:

1. I am the Vice President of Synagro-WWT, Inc. ("Synagro"), the general contractor in the Construction Contract for the Design, Engineering, Construction and Testing of an In-Vessel Bioconversion Facility ("Project") for the City and County of Honolulu.

2. I make this declaration based on my personal knowledge and I am competent to testify to the matters set forth herein. This declaration is provided in support of Synagro's Motion for Attorneys' Fees and Related Non-Taxable Expenses and Synagro's Notice of Taxation of Costs and Bill of Costs.

3. Synagro retained Alston Hunt Floyd & Ing to represent it in the above-captioned lawsuit against Defendant GMP Hawaii, Inc. ("GMP"). Synagro had retained the law firm in approximately December of 2003 to address GMP's refusal to produce the plans and drawings required under its sub-contract with Andritz-Ruthner, Inc. ("ARI") on the Project.

4. On August 18, 2004, Synagro filed a Complaint against GMP for declaratory judgment and tortious interference with economic advantage. The Complaint was necessitated by GMP's refusal to timely deliver the engineering plans and drawings required under its sub-contract with ARI unless and until it received an unspecified amount of money and/or work from Synagro.

5. On September 2, 2004, GMP filed a Counterclaim against Synagro for breach of implied contract and punitive damages.

6. After the Complaint was filed, GMP delivered the necessary materials to ARI and it ceased to interfere with the Project. Synagro, thus, avoided potentially crippling costs and delays on the Project.

7. To date, as of the March of 2006 invoice, Synagro has incurred a total of $84,050.00 in attorneys' fees, $2,025.63 in expenses, and $7,047.86 in taxable costs in this action.

8. Furthermore, due to GMP's unreasonable refusal to settle the dispute and resolve the issue of attorneys' fees and costs, Synagro is continuing to incur additional attorneys' fees and costs related to present motion for fees and costs.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in HOBE SOUND, FLORIDA on April 21, 2006.

JAMES P. CARMICHAEL