IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SYNAGRO TECHNOLOGIES, INC., ) | CIVIL NO. CV04-00509 SPK LEK |
| Plaintiff, ) | **DECLARATION OF PAUL ALSTON** |
| vs. ) | |
| GMP HAWAIʻI, INC., ) | |
| Defendant. ) | |

**DECLARATION OF PAUL ALSTON**

I, PAUL ALSTON, hereby declares as follows:

1.  I am an attorney with the law firm of Alston Hunt Floyd & Ing, and I am duly licensed to practice before this Court. I am one of the attorneys for Plaintiff SYNAGRO TECHNOLOGIES, INC.("Synagro") herein.

2.  I make this affidavit based on my personal knowledge and am competent to testify as to the matters set forth in this Affidavit.

3.  I make this declaration in support of Synagro's *Amended Motion for Attorneys' Fees and Related Non-Taxable Expenses*.

4.  Attached as Exhibit "A" is a true and correct copy of the invoice reflecting the attorneys' fees, expenses, and costs billed to Synagro for work performed in April of 2006, which Synagro is only claiming approximately half, or $5,804.32. From May 1, 2006 to May 26, 2005, Synagro has incurred additional

611584-3/7293-2

fees in the amount of $5,330.30 ($5,117.50 in fees and $212.89 in related state excise tax) for work related to recovering its attorneys' fees, expenses, and costs in this action.  To date, Synagro has incurred a total of $11,134.71 related to work on the Motion for Fees and Expenses and the Bill of Costs.

      5.    Attached as Exhibit "B" is a true and correct copy of the Supplemental Declaration of James P. Carmichael filed in Support of Synagro's Reply in Support of the Renewed Motion for Summary Judgment, dated December 1, 2005.

      6.    Attached as Exhibit "C" is a true and correct copy of the Declaration of James P. Carmichael filed in Support of Synagro's Renewed Motion for Summary Judgment, dated September 12, 2005.

      7.    Attached as Exhibit "D" is a true and correct copy of the Order Denying Synagro's Motion for Summary Judgment and Granting GMP's Motion to Continue Hearing, dated March 14, 2005.

      8.    On January 11, 2006, the Court entered its *Order Granting Plaintiff's Renewed Motion For Summary Judgment On Defendant's Counterclaim, And Denying Defendant's Motion For Leave to File Amended Counterclaim* (hereinafter "Summary Judgment Order"), which disposed of the Counterclaim in its entirety and validated Synagro's declaratory judgment claim in its Complaint. Attached hereto as Exhibit "E" is a true and correct copy of the Summary Judgment Order, filed January 11, 2006.

9. Attached hereto as Exhibit "F" is a true and correct itemization of all work performed and a description of the services rendered by Synagro's counsel in the above-captioned action from August of 2004 to April of 2006. The beginning of Exhibit "F contains a summary of the fees incurred for each litigation phase as required by Local Rule ("L.R.") 54.3(d)(1).

10. Highlighted in bold in Exhibit "F" are the fees discounted by Synagro's attorneys for services rendered in defending against GMP's Counterclaim and in preparing and drafting its Motion for Fees and Expense and the Bill of Costs. These adjustments are identified as items for which "NO CHARGE" was billed to Synagro. The total amount of unbilled fees is $4,410.50, and are not included in Synagro's fee request.

11. Italicized in Exhibit "F" are the fees incurred by Synagro related to the fees incurred prior to the filing of the Complaint working with counsel for Andritz-Ruthner, Inc. ("ARI") to address GMP's refusal to deliver engineering plans and drawings required under its sub-contract with ARI and to provide assistance on a motion for temporary injunction. This work is inextricably intertwined with the underlying assumpsit claim and Syangro is requesting recovery of half of these fees and expenses in the amount of $4,617.00.

12. After this Complaint was filed, GMP delivered the necessary materials to ARI and it ceased to interfere with the Project. As a result, all attention quickly turned to disposing

of GMP's Counterclaim, and the attorneys' fees and expenses incurred thereafter were related to the assumpsit claim.

      13.  Also italicized on Exhibit "F" are the apportioned fees related to Synagro's non-assumpsit claim in the Complaint, in the amount of $292.50.  Synagro is not requesting recovery of the fees related to its limited work on the tortious interference claim in the Complaint, which was never the subject of any motions, discovery, or arguments by the parties.

      14.  Attached hereto as Exhibit "G" is a true and correct copy of Pacific Business News 2006 Book of Lists, which highlights the current rates charged by law firms in the community.  This list is admissible under Haw. R. Evid. 803(17) regarding market and commercial publications, including lists, and Haw. R. Evid. 807 in the interest of justice.

      15.  Synagro incurred a total of $102,534.87 in attorneys' fees, $242.90 in expenses, and $5,088.90 in taxable costs, through May 26, 2006.  The apportioned attorneys' fees and expenses reasonably and necessarily incurred in pursing the Complaint, defending against the Counterclaim, prevailing on the related assumpsit claims, and requesting Synagro's fees, expenses, and costs total $93,457.81, which include $93,214.87 in attorneys's fees and $242.94 in expenses.  The amount of Synagro's fees was arrived by totaling all hours actually worked by the individuals listed and multiplying the hours by the

corresponding billing rate, and this method is commonly known as the lodestar method.

16. The following is a brief description of the relevant qualifications, experience, contributions and hourly rate of each attorney, paralegal and document analyst for whom fees are claimed in the instant motion:

a. **Paul Alston**. I have been admitted to practice before all courts in the State of Hawaiʻi, and this Court, since 1971, and I have over 35 years of commercial and civil litigation experience in the State of Hawaiʻi. I was admitted to practice before the Circuit Court of Appeals for the Ninth Circuit in 1972. My hourly rate of $450.00 in this matter is well within the range of reason for attorneys with similar experience in this community, and is less than my current normal hourly rate of $515.00.

b. **Mei-Fei Kuo**. Ms. Kuo has been admitted to practice before all courts in the State of Hawaiʻi, including this Court, since 2000. Her principle practice throughout this time has been in the area of commercial and civil litigation. Her hourly rate of $135.00 in this matter is well within the range of reason for attorneys with similar experience in this community, and is less than her current normal hourly rate of $165.00.

c. **Shellie K. Park-Hoapili**. Ms. Park-Hoapili has been admitted to practice before all courts in the State of

Hawai'i, including this Court, since 2003. Her hourly rate of $125.00 in this matter is well within the range of reason for attorneys with similar experience in this community.

    d. **Danie K. Kakazu**. Ms. Kakazu has 19 years of experience as a litigation paralegal. She works in the fields of commercial litigation, medical malpractice, environmental and employment law. She is a Certified Legal Assistant with the National Association for Legal Assistants, specializing in the are of civil litigation and is a past President of Hawai'i Paralegal Association. Ms. Kakazu's hourly rate of $120.00 in this matter is well within the range of reason for paralegals with similar experience in this community. Ms. Kakazu is no longer employed with Alston Hunt Floyd & Ing.

    e. **Noreen M. Kanada**. Ms. Kanada has 11 years of experience as a litigation paralegal and 14 years of experience as a legal secretary in Honolulu. She works in the field of civil litigation specializing in title insurance and medical malpractice. Ms. Kanada's hourly rate of $100.00 in this matter is well within the range of reason for paralegals with similar experience in this community.

    f. **Kelliann A. Shimote**. Ms. Shimote has 1.5 years of experience as a litigation paralegal. She works in the field of civil litigation specializing in title insurance and medical malpractice. Ms. Shimote's hourly rate of $75.00 in this

matter is well within the range of reason for paralegals with similar experience in this community.

        g.   **Jya-Ming M. Bunch** and **Samson W. Lee** are document analyst. Their hourly rate of $30.00 is well within the range of reason for document analysts in this community.

    17. The requested rates for Paul Alston and Mei-Fei Kuo are less than their current normal hourly rates. As a matter of client courtesy in relatively brief engagements like this one, Alston Hunt Floyd & Ing frequently bills its clients at the rate the attorney (or paralegal) charged at the commencement of an action.

    18. I have reviewed and approved the time and charges set forth in the itemization of work performed on behalf of Synagro herein (Exhibit "F"). Based on my experience and qualifications, the time spent and expenses incurred were reasonable and necessary under the circumstances of this case. Synagro did no more than what was necessary to defend against the assumpsit claim and prevail on the Counterclaim.

    19. Significantly, prior to the Summary Judgment Order, Synagro repeatedly offered to dismiss its claims if GMP would do likewise. GMP rejected these proposals. Only after Synagro prevailed on summary judgment did GMP express an interest in settlement. However, the Parties have been unable to settle the dispute and resolve the issue regarding Synagro's entitlement to attorneys' fees and costs.

20. Attached collectively hereto as Exhibit "H" is a true and correct copy of relevant portions of invoices to Synagro from Alston Hunt Floyd & Ing for related non-taxable expenses reasonably, necessarily, and incidentally incurred in this action. The invoices itemize and describe the incurred expenses. The beginning of Exhibit "H" contains a summary of each related non-taxable expense requested.

21. Synagro incurred a total of $242.94 in related non-taxable expenses. These expenses include: (1) messenger services ($147.00); (2) long-distance telephone charges ($11.16); (3) facsimiles ($2.00); and (4) postage ($82.78).

I declare under the penalty of perjury under the laws of the State of Hawai'i that the foregoing is true and correct.

Dated:   Honolulu, Hawai'i, May 26, 2006.

      /s/ PAUL ALSTON
PAUL ALSTON