IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| SYNAGRO TECHNOLOGIES, INC., ) | CIVIL NO. CV04-00509 SPK LEK |
| ) | |
| Plaintiff, ) | **MEMORANDUM IN SUPPORT OF** |
| ) | **AMENDED BILL OF COSTS** |
| vs. ) | |
| ) | |
| GMP HAWAI‘I, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF AMENDED BILL OF COSTS**

Plaintiff Synagro Technologies, Inc. ("Synagro") prevailed against Defendant GMP Hawai‘i, Inc. ("GMP") in its Counterclaim for breach of implied contract and punitive damages, which was filed on September 2, 2004 ("Counterclaim"). The Court's Summary Judgment Order also effectively validated Synagro's overlapping claim in its Complaint for a declaratory ruling in that it owed no unmet contractual obligations to GMP.

As the prevailing party, Synagro is entitled to an award of costs in its favor and against GMP. *See* Fed. R. Civ. P. 54(d)(1) ("[C]osts other than attorneys' fees **shall be allowed as of course to the prevailing party** unless the court otherwise directs.") (emphasis added). *See also* Local Rule ("L.R.") 54.2 and 54.3.[1]

---

[1] Synagro amends its Bill of Costs to correspond to the amendments to its Motion for Attorneys' Fees and Related Non-Taxable Expenses, which is concurrently filed herewith. The costs requested herein are inextricably intertwined with and

612587 v1 / 7382-3

On May 2, 2006, GMP filed *Defendant GMP Hawai'i Inc.'s Objections to Bill of Costs Filed herein on April 21, 2006* (hereinafter "Objections").  GMP argues that (1) Synagro's Bill of Costs is untimely, (2) the Stipulation and Order does not address taxation of costs, and (3) the claimed fees for photocopies are unreasonable and/or not necessarily incurred. None of these arguments have merit to preclude Synagro from recovering its costs.

First, GMP is wrong that Synagro "waived such costs when it did not file a Bill of Costs by February 10, 2006", which GMP argues is thirty days from the date of the Court's Summary Judgment Order, filed on January 11, 2006.  Objections at 2. L.R. 54.2 states in relevant part as follows:

> **a Bill of Costs shall be filed and served within thirty (30) days of the entry of judgment**, the entry of an order denying a motion filed under Fed. R. Civ. P. 50(b), 52(b), or 59, or an order remanding to state court any removed action.  Non-Compliance with this time limit shall be deemed a waiver of costs.

(emphasis added).  Here, no judgment has been entered by the Court and, therefore, Synagro's Bill of Costs is timely and there has been no waiver of costs.  The Court's Summary Judgment Order

---

relate to Synagro's request for attorneys' fees and expenses. However, to ease the Court's review and provide a clear and concise itemization of the costs requested, Synagro submits its request for costs separately pursuant to L.R. 54.2 and 54.3.

612587 v1 / 7382-3

2

is not a final entry of judgment nor among the "orders" listed in L.R. 54.2, which triggers the thirty day time frame.

Second, the Stipulation and Order to (1) Vacate Trial Date, Trial-Related Deadlines, (2) Set Briefing on Plaintiff's Motion for Attorneys' Fee and Costs, and (3) Dismiss Claims, filed on March 30, 2006, clearly encompasses a request on the "disputed issue of attorneys' fees **and costs**." (emphasis added) Exh. "A", Stipulation and Order at ¶ 2. Obviously, the outstanding issues between the parties is not limited to the recovery of attorneys' fees, but includes the recovery of non-taxable expenses and taxable costs incurred by Synagro in this action.

Finally, Synagro's claimed costs for **in-house** photocopies are reasonable and necessarily incurred. *See* Declaration of Paul Alston (hereinafter, "Alston Decl.") at ¶¶ 16-17. Here, Synagro incurred a total of $833.70 in costs for in-house photocopying of 8,337 pages of relevant pleading documents in this case, which is billed at $0.10 per page. *Id. See also* Exh. "G", Table Itemizing In-House Photocopies and Charges. Synagro incurred a total of $1,208.72 in costs from outside photocopies of documents produced during discovery and for preparation of deposition exhibits, which were necessary for use in litigating this case. Alston Dec. at ¶¶ 12-15; Exh. "F", Invoices for Outside Photocopying. The total photocopying charges incurred by Synagro is $2,042.42. *See infra* at 4-5.

Here, Synagro incurred a total of $5,088.90 in costs in prosecuting and defending GMP's meritless Counterclaim for breach of implied contract and punitive damages[2] and, simultaneously, prevailing on its claim for a declaratory ruling that it had no contractual obligations to GMP on the Project. *See* Alston Decl. at ¶ 18. As the prevailing party, Synagro requests that this Court award the following as costs, as verified and described in the attached Alston Decl.:

**I.   Costs pursuant to 28 U.S.C. § 1920(1) and Local Rule 54.2(f)(1) Related to Fees of the Clerk and Marshal, and Fees for the Service of Process and Service of Subpoenas by Someone Other than the Marshal**

| Date Incurred | Description | Amount |
|---|---|---|
| 8/17/04 | Civil Filing Fee to USDC | $159.00 |
| 8/19/04 | Sheriff's fee to serve Complaint | $25.00 |
| | **Subtotal** | **$184.00** |

---

[2] As previously stated, a separate request for attorneys' fees and related non-taxable expenses will be filed concurrently with this Motion pursuant to L.R. 54.3.

612587 v1 / 7382-3                            4

All vouchers, bills or other documents supporting the costs being requested in the above Section I are collectively attached to the Alston Decl. as Exhibits "B", "C" and "D".

**II. Costs pursuant to 28 U.S.C. § 1920(2) and Local Rule 54.2(f)(2) Related to Fees of the Court Reporter for all or any part of the Stenographic Transcripts Necessary for Use in the Case**

| Date Incurred | Description | Amount |
|---|---|---|
| 1/13/06 | Original transcription re 12/14/05 Plaintiff's Renewed and Supplemented Motion for Summary Judgment on Defendant's Counterclaim Filed 9/15/04 | $151.25 |
| 7/15/05 | Original transcript and one copy re: deposition of Peter Melnyk taken on 7/15/05 | $881.40 |
| 9/19/05 | Original transcript and one copy re: deposition of Wagdy Guirguis, P.E. taken on 9/19/05 | $1,156.92 |
| 10/5/05 | Original transcript and one copy re: deposition of Peter Melynk, Ph.D., P.E. taken on 10/5/05 | $672.91 |
| | **Subtotal** | **$2,862.48** |

All vouchers, bills or other documents supporting the costs being requested in the above Section II are collectively attached to the Alston Decl. as Exhibits "B" and "E".

**III. Costs Pursuant to 28 U.S.C. § 1920(4) and Local Rule 54.2(f)(4) Related to Fees for the Exemplification and Copies of Papers Necessary for Use in the Case**

| Date Incurred | Description | Amount |
|---|---|---|
| 8/18/04 - present | Photocopies from in-house photocopier (at $.10 per page) | $833.70 |
| 5/18/05 | Copying charges by Professional Image re 741 file copies provided by Sakai Iwanaga & Sutton Law Group (black and white, color and oversize copies) | $354.56 |
| 5/31/05 | Copying fees by Sakai Iwanaga & Sutton Law Group re 78 file copies from Sakai Iwanaga & Sutton Law Group | $11.38 |
| 8/23/05 | Copying fees by Professional Image re 772 file copies of documents produced by GMP Hawaii, Inc. (black and white, and oversize copies) | $124.17 |
| 8/26/05 | Copying fees by Professional Image re 1,095 file copies of documents produced by GMP Hawaii, Inc. (black and white, color and oversize copies) | $718.67 |
| | **Subtotal** | **$2,042.42** |

All vouchers, bills or other documents supporting the costs being requested in the above Section III are collectively attached to the Alston Decl. as Exhibits "B", "F" and "G".

**IV.   Total Costs Taxed**

| | |
|---|---|
| Fees of the clerk and marshal, and fees for the service of process and service of subpoenas by someone other than the marshal, pursuant to 28 U.S.C. § 1920(1) and Local Rule 54.2(f)(1) | $184.00 |
| Fees of the court reporter for all or any part of the stenographic transcripts necessarily obtained for use in the case, pursuant to 28 U.S.C. § 1920(2) and Local Rule 54.2(f)(2) | $2,862.48 |
| Fees for the exemplification and copies of papers necessarily obtained for use in the case, pursuant to 28 U.S.C. § 1920(4) and Local Rule 54.2(f)(4) | $2,042.48 |
| **TOTAL** | **$5,088.90** |

Undoubtedly, based on the history of this case and in light of the meritless claims advanced by GMP in its Counterclaim, costs in the amount of $5,088.90 is appropriate and should be taxed and awarded in favor of Synagro and against GMP.

DATED:   Honolulu, Hawai'i, May 26, 2006.

                                         /s/ MEI-FEI KUO
PAUL ALSTON
MEI-FEI KUO
SHELLIE K. PARK-HOAPILI
Attorneys for Plaintiff
  SYNAGRO TECHNOLOGIES, INC.