IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SYNAGRO TECHNOLOGIES, INC., )<br>)<br>    Plaintiff, )<br>)<br>  vs. )<br>)<br>GMP HAWAIʻI, INC., )<br>)<br>    Defendant. )<br>_____) | CIVIL NO. CV04-00509 SPK LEK<br><br>**DECLARATION OF PAUL ALSTON** |

**DECLARATION OF PAUL ALSTON**

I, PAUL ALSTON, hereby declare as follows:

1. I am an attorney with the law firm of Alston Hunt Floyd & Ing, duly licensed to practice law in the State of Hawaiʻi, and before this Court. I am one of the attorneys for Plaintiff SYNAGRO TECHNOLOGIES, INC.("Synagro") in the above-captioned case.

2. I make this affidavit based on my personal knowledge and am competent to testify as to the matters set forth in this affidavit.

3. I make this affidavit in support of Synagro's Amended Bill of Costs.

4. Pursuant to the Local Rule 54.2(c) of the Rules of the United State District Court for the District of Hawaiʻi, I conferred with Defendant's counsel in the following manner in an effort to resolve the dispute regarding Synagro's entitlement to attorney's fees, related expenses, and taxable costs in this

611586 v2 / 7392-3

action as the prevailing party on the Counterclaim: an email on February 2, 2006, a telephone call on March 9, 2006, and a settlement conference on February 28, 2006 with Magistrate Judge Leslie Kobayashi.  On April 5, 2006, I also sent Mr. Michael Marsh, one of the counsel for GMP, redacted copies of Synagro's invoices reflecting its attorney's fees, related non-taxable expenses, and taxable costs.  The Parties have been unable to resolve this dispute regarding Synagro's attorneys' fees, related expenses, and taxable costs.  As such, the Parties have agreed to brief this issue before the Court for a determination.

5.   Attached hereto and incorporated herein as Exhibit "A" is a true and correct copy of the Stipulation and Order to (1) Vacate Trial Date, Trial-Related Deadlines, (2) Set Briefing on Plaintiff's Motion for Attorneys' Fee and Costs, and (3) Dismiss Claims, filed on March 30, 2006.

6.   Attached hereto and incorporated herein as Exhibit "B" is a true and correct copy of relevant portions of invoices to Synagro from Alston Hunt Floyd & Ing in the above-reference case.

7.   Attached hereto and incorporated herein as Exhibit "C" is a true and correct copy of the check for payment to the United States District Court for the District of Hawai'i in the amount of One Hundred Fifty-Nine and No/100 Dollars ($159.00) paid by Alston Hunt Floyd & Ing, and charged to Synagro, for

filing fee for the Complaint. The filing fee was necessarily incurred in this action.

8. Attached hereto and incorporated herein as Exhibit "D" is a true and correct copy of the invoice from the sheriff for service of process of Synagro's Complaint on GMP. The fee Synagro incurred for service of process by someone other than the marshal was reasonably required, actually incurred and necessary in this action.

9. Attached hereto and incorporated herein as Exhibit "E" are true and correct copies of relevant invoices from court reporters for the above-reference case.

10. Synagro incurred $2,862.48 in costs for transcripts of depositions and hearings, which were ordered and transcribed, and necessary, for the preparation of various hearings and depositions in this case.

11. Synagro expected that the deposition transcripts that Synagro paid for would be used for trial preparation.

12. Attached hereto and incorporated herein as Exhibit "F" are true and correct copies of relevant invoices from Professional Image and Sakai Iwanaga & Sutton Law Group.

13. The copying charges incurred from Professional Image was for copying the documents produced by Sakai Iwanaga & Sutton Law Group and GMP Hawai'i, Inc. in response to Synagro's discovery requests, and were necessary to effectively litigate this case. Professional Image copied a total of 2,608 pages of

documents on 5/18/05, 8/23/05, and 8/26/05.  Professional Image charged Synagro a range in price per page, depending on the number of copies made, the type of copies, and paper size.

14. The copying charges incurred from Sakai Iwanaga & Sutton Law Group was for copying documents produced in response to Synagro's discovery requests, and were necessary to effectively litigate this case.  Sakai Iwanaga & Sutton Law Group copied a total of seventy-eight (78) pages.  Sakai Iwanaga & Sutton Law Group charged Synagro fourteen cents ($0.14) per page, plus tax.

15. Synagro incurred a total of $1,208.72 in costs from outside photocopies of documents produced during discovery and for preparation of deposition exhibits, which were necessary for use in litigating this case.

16. Attached hereto and incorporated herein as Exhibit "G" is a true and correct spreadsheet of the itemized breakdown and description of documents copied and related costs for in-house photocopies.

17. Synagro incurred $833.70 in costs for in-house photocopying.  Alston Hunt Floyd & Ing copied a total of 8,337 pages of relevant pleading documents.  These photocopies were reasonably incurred and necessary for counsel's effective performance in and defense of GMP's Counterclaim.  Synagro's in-house photocopying costs were computer generated from a copy counter on counsel's photocopier, which automatically bills

clients based on client-matter codes, at ten cents ($0.10) per page.

  18. As the prevailing party, Synagro requests a total of $5,088.90 in costs incurred in having to prosecute and defend against GMP's Counterclaim for breach of implied contract and punitive damages, which was wholly without merit.  The foregoing costs are correctly stated, were necessarily incurred in this action, and are allowable by law.

  I declare under the penalty of perjury under the laws of the State of Hawai'i that the foregoing is true and correct.

  DATED: Honolulu, Hawai`i, May 26, 2006.

            /s/ PAUL ALSTON
            PAUL ALSTON