Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON                      1126-0
MEI-FEI KUO                      7377-0
SHELLIE K. PARK-HOAPILI          7885-0
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawai‘i  96813
Telephone:  (808) 524-1800
E-Mail: palston@ahfi.com

Attorneys for Plaintiff
  SYNAGRO TECHNOLOGIES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| SYNAGRO TECHNOLOGIES, INC.,<br><br>         Plaintiff,<br><br>    vs.<br><br>GMP HAWAI‘I, INC.,<br><br>         Defendant. | CIVIL NO. CV04-00509 SPK LEK<br><br>**PLAINTIFF SYNAGRO TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF AMENDED BILL OF COST, FILED MAY 26, 2006; CERTIFICATE OF SERVICE**<br><br>Non-Hearing Motion |

**PLAINTIFF SYNAGRO TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF AMENDED BILL OF COST, FILED MAY 26, 2006**

Plaintiff SYNAGRO TECHNOLOGIES, INC. ("Synagro"), by and through its attorneys, Alston Hunt Floyd & Ing, hereby replies to the Objections to Amended Bill of Costs ("Objections") filed by Defendant GMP Hawai`i, Inc. ("GMP") on June 6, 2006.  On May 26, 2006, Synagro filed an Amended Bill of Costs ("Bill of Costs") requesting that costs in the amount $5,088.90 be taxed in

616075 v1 / 7392-3

its favor and against GMP, pursuant to Fed. R. Civ. P. Rule 54(d)(1) and Local Rule ("L.R.") 54.2 of the Rules of United States District Court for the District of Hawaii. See Fed. R. Civ. P. 54(d)(1) ("[C]osts other than attorneys' fees **shall be allowed as of course to the prevailing party** unless the court otherwise directs.") (emphasis added); L.R. 54.2 ("[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered").

In its Objections, GMP argues that the Bill of Costs is untimely because Synagro claims that it is the prevailing party in whose favor judgment was entered on January 11, 2006, by way of the Court's Summary Judgment Order, and, therefore, Synagro waived such costs when it did not file a Bill of Costs by February 10, 2006. See Objections at 2. This is an <u>inaccurate</u> statement of Synagro's arguments in its Bill of Costs. There, Synagro argued that the Bill of Costs was timely and there was no waiver of the costs because (1) <u>no judgment</u> has been entered by the Court and (2) the Court's Summary Judgment Order is <u>not</u> a final entry of judgment nor among the "orders" listed in LR 54.2, which triggers the thirty day time frame. See Bill of Costs at 2-3.

Alternatively, GMP argues that the Bill of Costs "is premature, in that Synagro admits that no judgment or other order pursuant to L.R. 54.2(b) has been entered by the Court." See Objections at 2-3. Although a "judgment" has not yet been

616075 v1 / 7392-3                          2

entered, Synagro is, nonetheless, entitled to recover its costs because the Stipulation and Order to (1) Vacate Trial Date, Trial-Related Deadlines, (2) Set Briefing on Plaintiff's Motion for Attorneys' Fee and Costs, and (3) Dismiss Claims, filed on March 30, 2006 ("Stipulation and Order", clearly encompasses a request on the "disputed issue of attorneys' fees **and costs**." (emphasis added) See Exh. "A" to Bill of Costs, Stipulation and Order at ¶ 2.

As noted in the Bill of Costs, the outstanding issues between the parties are the recovery of attorneys' fees (including the recovery of non-taxable expenses) and taxable costs incurred by Synagro in this action. See Bill of Costs at 3. In this case, Synagro's entitlement to costs cannot be limited by a strict interpretation of L.R. 54.2(b), without consideration of the Stipulation and Order, and the parties' and Court's intent to brief and determine the remaining issues of attorneys' fees and costs.

Moreover, because Synagro's Bill of Costs is both appropriate and timely, the Objections constitute GMP's "opposition" to the Bill of Costs. GMP is wrong that it is entitled to submit another "Memorandum in Opposition" by or on June 23, 2006. See Objections at fn. 1. Such a filing does not comport with L.R. 54.2(d), which requires that any objections be filed within 11 day of the Bill of Costs being served, which, here, the Bill of Costs was served on May 26, 2006. As such,

any and all objections to the Bill of Costs must be filed by June 6, 2006. Notably, GMP's Objections to the Bill of Cost does not contest the amount costs sought to be recovered, which total $5,088.90.

Finally, if the Court agrees with GMP that the Bill of Costs is premature, which it is not, Synagro is entitled to re-file its Bill of Costs when the Court has resolved the disputed issue of attorneys' fees and has issued a formal judgment in this litigation. However, in the interest of judicial efficiency and economy and, pursuant to the Stipulation and Order, Synagro respectfully requests the Court to consider the Bill of Costs in conjunction with its Motion for Attorneys' Fees and Expenses.

For the forgoing reasons, Synagro respectfully requests (1) the Clerk of the Court to refer the Bill of Costs and Objections to the Court for a determination of taxable costs, pursuant to L.R. 54.2, and (2) the Court to award Synagro costs in the amount of $5,088.90, which is not contested by GMP in its Objections.

DATED: Honolulu, Hawai'i, June 14, 2006.

/s/ MEI-FEI KUO
PAUL ALSTON
MEI-FEI KUO
SHELLIE K. PARK-HOAPILI
Attorneys for Plaintiff
   SYNAGRO TECHNOLOGIES, INC.