IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| SYNAGRO TECHNOLOGIES, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>GMP HAWAII, INC.,<br><br>        Defendants. | CIVIL NO. CV044-00509<br>          (SPK /LEK)<br><br>DECLARATION OF MICHAEL R. MARSH; EXHIBITS "1," "2" AND "3" |

# DECLARATION OF MICHAEL R. MARSH

1.  I am Shareholder and Director of Case, Lombardi & Pettit, attorneys for the Defendant GMP Hawaii, Inc. ("GMP") in this action, and an attorney duly licensed to practice law in the above-entitled Court.

2.  I make this Declaration upon personal knowledge and am competent to testify to the matters set forth herein, and submit this Declaration in support of Defendant GMP Hawaii, Inc.'s Memorandum in Opposition to Defendant Synagro Technologies, Inc.'s Amended Motion for Attorneys' Fees and Related Non-Taxable Expenses, filed herein on May 26, 2006 ("Motion").

3.  Attached hereto as GMP Exhibit "2," is a copy of Exhibit "F" to the Motion setting forth a detailed listing of all of the fees and costs for which Synagro is seeking an award. GMP Exhibit "2" includes handwritten annotations that my office has added to Synagro Exhibit "F" to categorize the services according to the various issues to which they relate or to identify the bases for objection to award of fees and costs. The various categories into which the services for which Synagro is seeking an award of fees have been allocated, as annotated on GMP Exhibit "2" based on my review of Synagro Exhibit "F," are the following:

    a.  Category "C" for **Complaint** – the services allocated to this category are those services that, based on the descriptions provided, appear to relate solely to the Complaint.

    b.  Category "CC" for **Counterclaim** – the services allocated to this category are those services that, based on the descriptions provided, appear to relate solely to the Counterclaim.

28130/2/429923                          2

c. Category "**SJ**" for **Summary Judgment** – the services allocated to this category are those services that, based on the descriptions provided, appear to relate solely to the original and renewed motions filed by Synagro seeking entry of summary judgment on GMP's Counterclaim.

d. Category "**AC**" for **Amended Counterclaim** – the services allocated to this category are those services that, based on the descriptions provided, appear to relate solely to the proposed Amended Counterclaim that GMP was not allowed to file.

e. Category "**M**" for **Mixed** services – the services allocated to this category are those services that relate to both the Complaint and the Counterclaim either because that is apparent from the descriptions provided or because the service involved a procedural matter, such as scheduling conferences and statements, that clearly relates to all of the claims that were at issue in this case and not just to the Complaint or the Counterclaim.

f. Category "**D**" for **Discovery** – the services allocated to this category are those services that relate to discovery conducted by the parties. As it is not possible to determine from the descriptions of services provided by Synagro the extent to which discovery involved the claims asserted in the Complaint

versus those asserted in the Counterclaim, all services relating to discovery were allocated to this category.

g. Category "S" for **Settlement** – the services allocated to this category are those services that relate to settlement, including settlement conferences conducted by the Court. As those discussions were with respect to settlement of the entire case, it is not possible to determine from the descriptions of services provided the extent to which those discussions involved claims asserted in the Complaint versus those asserted in the Counterclaim.

h. Category "A" for **Andritz-Ruthner, Inc.** – the services allocated to this category are those services that I could identify, based on the descriptions provided by Synagro, as relating to the action filed by Andritz-Ruthner, Inc. against GMP in August of 2004, Civil No. 04-00497.

i. Category "U" for **Unknown** – the services allocated to this category are those services for which the descriptions provided by Synagro are so vague and ambiguous that it is impossible to determine whether they relate to the claims asserted in the Complaint versus those asserted in the Counterclaim.

j. Category "Q" for **Questionable** – the services allocated to this category are those services which, based on the descriptions

provided, are questionable because it is not apparent that they relate to this case or to any matters at issue in this case.

k. Category "**R**" for **Redacted** – the services allocated to this category are those services for which the descriptions provided have been so extensively redacted by counsel for Synagro that it is virtually impossible to determine whether they relate to the claims asserted in the Complaint versus those asserted in the Counterclaim.

l. Category "**MFC**" for **Motion for Fees and Costs** – the services allocated to this category are those services that, based on the descriptions provided, relate to the subject Motion.

m. Category "**X**" for services for which the descriptions provided states that there is "**No Charge**" – only those services for which "No Charge" were allocated to this category.

4. Attached as Exhibit "3" is an Excel spreadsheet on which my office has entered the date, attorney, hourly rate, and number of hours for every charge included in Synagro's Exhibit "F" allocated between the various categories as described above and then used the Excel program to calculate the total amount charged for the services allocated to each category. On the last page of the Excel spreadsheet, my office has also added a calculation, at the rate of 4.16% as sought by Synagro, of the gross excise taxes for each of those categories, plus the total of the charges with gross excise taxes included for each category.

5.  In addition to annotating GMP Exhibit "2" to indicate the categories into which all of the charges included in Synagro Exhibit "F" have been allocated, my office has highlighted in color on GMP Exhibit "2" various descriptions of services of portions thereof that do not comply with the requirements of the Local Rules of this Court for award of attorneys' fees. Specifically, my office has highlighted in the color:

    a.  **Orange**, all entries for telephone calls that do not include identification of "all participants" and/or the "reason for the call" as required by LR 54.3(d)(2).

    b.  **Purple**, all entries for legal research that do not include an "identification of the specific issue researched" and/or where possible "identify the pleading or document for which the research was necessary" as required by LR 54.3(d)(2).

    c.  **Pink**, all entries for preparation of pleadings and other papers that do not include an identification of the "pleading or other document prepared" and/or do not identify "the activities associated with such preparation" as required by LR 54.3(d)(2).

    d.  **Green**, all entries for emails that do not identify the sender and/or recipient and/or do not indicate the reason for the communication, which information GMP submits is also required by LR 54.3.

    e.  **Blue**, all entries for meetings, conferences or other work activities which do not identify the persons participating in the

meetings or conferences and/or do not indicate what was the purpose of the meeting, conference or other work activity, which information GMP submits is also required by LR 54.3.

6. To adjust the amounts calculated for each category utilizing the Excel spreadsheet attached as GMP Exhibit "3," my office added a column to that Exhibit to account for all entries for which the descriptions are inadequate because they do not conform to the requirements of the Local Rules for the reasons explained above. That column appears in red under the heading "Inadequate Descriptions" on the right side of GMP Exhibit "3." Using the Excel program, my office then calculated the deductions necessary to exclude charges for those inadequately described services resulting in the "Adjusted Totals" shown at the far right of GMP Exhibit "3" and in the deductions for each category shown at the bottom of the last page of GMP Exhibit "3." At the bottom of the last page of GMP Exhibit "3," my office also added a calculation, at the rate of 4.16% as sought by Synagro, of the gross excise taxes for each of adjustments to those categories, plus the total of the charges with gross excise taxes included after adjustment for the inadequately described entries for each category.

7. Attached as Exhibit "1," is a summary sheet that shows the allocation of the fees sought by Synagro into the various categories explained above by invoice rather than by individual entry and provides the adjustments for inadequately described services by invoice on the right and by category at the bottom plus the gross excise tax calculations. The summary sheet was prepared by my office using the Excel program and summarizes on one sheet all of the fees

included in the detailed Excel spreadsheet attached as Exhibit "3." As with Exhibit "3," my office has added the gross excise tax calculations and totals with those taxes included to Exhibit "1."

    I declare under penalty of perjury that the foregoing is true and correct.

    Dated: Honolulu, Hawai`i, _____JUN 2 3 2006_____.

                                                                                      MICHAEL R. MARSH