Alyson Matsuo - Document.pdf

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| SYNAGRO TECHNOLOGIES, INC., | ) | CIVIL NO. CV04-00509 SPK LEK |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DECLARATION OF JAMES P. CARMICHAEL** |
| | ) | |
| GMP HAWAII, INC., | ) | |
| Defendant. | ) | |

**DECLARATION OF JAMES P. CARMICHAEL**

I, JAMES P. CARMICHAEL, declare as follows:

1. I am the Vice President of Synagro-WWT, Inc. ("Synagro"), the general contractor in the Construction Contract for the Design, Engineering, Construction and Testing of an In-Vessel Bioconversion Facility ("Project") for the City and County of Honolulu.

2. I make this declaration based on my personal knowledge and I am competent to testify to the matters set forth herein.

3. This declaration is provided in support of Synagro's Reply in Support of Synagro's *Amended* Motion for Attorneys' Fees and Related Non-Taxable Expenses, filed on July 7, 2006.

4. In July of 2004, contrary to its obligations under a contract with Andritz-Ruthner, Inc. ("Andrtiz"), GMP Hawai'i, Inc. ("GMP") refused to timely deliver the engineering plans and

drawings, which were necessary to obtain the building permits to commence construction of the Project.

5. I participated in the subsequent meetings between Andritz and GMP regarding GMP's refusal to release the plans and drawings for the Project. I also provided a declaration in support of Andritz's Motion for Temporary Restraining Order and Preliminary Injunction in *Andritz-Ruthner, Inc. v. GMP Hawai'i Inc.*, Civ. No. 04-00497, and I attended the court hearing on Andritz's Motion on August 27, 2004.

6. On August 18, 2004, Synagro filed a Complaint against GMP for declaratory judgment and tortious interference with economic advantage. The Complaint was necessitated by GMP's refusal to timely deliver the engineering plans and drawings required under its sub-contract with Andritz unless and until it received an unspecified amount of money and/or work from Synagro. *See also* Complaint at ¶ 2.

7. On August 31, 2004, GMP delivered the "stamped" drawings to Andritz and promised to provide the electrical drawings to Andritz, which Andritz eventually received on September 13, 2004. On September 1, 2004, Andritz submitted the "stamped" drawings to the Department of Planning and Permitting.

8. After the Complaint was filed, GMP delivered the necessary materials to Andritz and it ceased to interfere with the Project. Synagro, thus, avoided potentially crippling costs and delays on the Project.

9. On September 2, 2004, GMP filed a Counterclaim against Synagro for breach of implied contract and punitive damages.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in _DARIEN_, _CT_ on July 7, 2006.

_____
JAMES P. CARMICHAEL

3