IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SYNAGRO TECHNOLOGIES, INC., ) | CIVIL NO. CV04-00509 SPK LEK |
| Plaintiff, ) | |
| vs. ) | **DECLARATION OF MEI-FEI KUO** |
| GMP HAWAII, INC., ) | |
| Defendant. ) | |

### DECLARATION OF MEI-FEI KUO

I, MEI-FEI KUO, declare as follows:

1. I am an attorney with the law firm of Alston Hunt Floyd & Ing, and counsel for Plaintiff SYNAGRO TECHNOLOGIES, INC. ("Synagro") in the above captioned case.

2. I make this declaration based on my personal knowledge and I am competent to testify as to the matters set forth herein.

3. I provide this declaration in support of Synagro's Reply in Support of Synagro's *Amended* Motion for Attorneys' Fees and Related Non-Taxable Expenses, filed on July 7, 2006.

4. On May 26, 2006, Synagro filed its *Amended* Motion for Attorneys' Fees and Related Non-Taxable Expenses ("Motion"), which attached a description of the legal services provided by Synagro's counsel under Exhibit "F" to the Motion (hereinafter "Itemized List"). The descriptions in the Itemized List are sufficient to permit the Court to

618998-1 / 7392-3

evaluate the reasonableness of the requested fees pursuant to Local Rule ("L.R.") 54.3 of the Rules of the United States District Court for the District of Hawai'i. In fact, L.R. 54.3 permits parties to redact "matters giving rise to attorney-client privilege and attorney work product doctrine". That is all that was redacted by Synagro in its Itemized List to protect attorney-client privilege and attorney work-product information.

     5. On August 18, 2004, Synagro filed a Complaint against GMP for declaratory judgment and tortious interference with economic advantage.

     6. On September 2, 2004, GMP filed a Counterclaim against Synagro for breach of implied contract and punitive damages. After the Complaint was filed, GMP delivered the necessary materials to Andritz and it ceased to interfere with the Project. *See* Declaration of James P. Carmichael, dated July 7, 2006, in support of Synagro's Reply in Support of Motion, at ¶¶ 7-8.

     7. Synagro, thereafter, focused its attention in this action on defending against the Counterclaim filed by GMP. No substantive discovery commence in this case until March of 2005 after GMP requested a continuance of Synagro's Motion for Summary Judgment and then served a Request for Production of Documents on Synagro on March 16, 2005. Therefore, as this was the only active legal matter underway

for Synagro, there was no chance of "confusion" over which matter to bill the legal services.

      8.    Attached hereto as Exhibit "I" is a true and correct copy of the Declaration of Richard Sutton, dated February 28, 2005, filed in support of GMP's Motion to Continue the Hearing on Synagro's Motion for Summary Judgment.

      9.    Attached hereto as Exhibit "J" is a true and correct copy of the Declaration of Peter Melnyk, dated February 28, 2005, filed in support of GMP's Motion to Continue the Hearing on Synagro's Motion for Summary Judgment.

      10.    Attached hereto as Exhibit "K" is a true and correct copy of the Declaration of Wagdy Guirguis, dated February 28, 2005, filed in support of GMP's Motion to Continue the Hearing on Synagro's Motion for Summary Judgment.

      11.    Attached hereto as Exhibit "L" is a true and correct copy of the July 26, 2002 E-mail from Peter Melnyk of GMP to James Hecht of Synagro.

      12.    Attached hereto as Exhibit "M" is a true and correct copy of the relevant excepted pages from the Deposition of Wagdy A. Guirguis, taken September 19, 2005..

13. Attached hereto as Exhibit "N" is a true and correct copy of relevant excepted pages from the Deposition of Peter Melnyk, taken on October 5, 2005.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Honolulu, Hawaiʻi, on July 7, 2006.

                                        /s/ MEI-FEI KUO
                                        MEI-FEI KUO