Of Counsel:
SAKAI IWANAGA SUTTON
LAW GROUP, AAL, LLLC

RICHARD C. SUTTON JR. 1010-0
City Financial Tower, Suite 2307
201 Merchant Street
Honolulu, Hawaii 96813
Tel. No. (808) 792-3888
Fax No. (808) 521-5262

Attorneys for Defendant
GMP HAWAII, INC.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| SYNAGRO TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GMP HAWAII, INC., <br><br> Defendants. | CIVIL NO. CV044-00509 <br>                  (SPK /LEK) <br><br> DECLARATION OF RICHARD C. SUTTON, JR. |

**DECLARATION OF RICHARD C. SUTTON, JR.**

1.   I, RICHARD C. SUTTON, JR., declare that this Declaration is provided upon personal information and belief and is true to the best of my knowledge.

**EXHIBIT I**

2. I am the attorney for Defendant GMP, Hawaii, Inc. ("GMP").

3. I am a licensed attorney in the State of Hawaii and a member of the law firm of Sakai Iwanaga Sutton Law Group, AAL, LLLC.

4. When this case was filed, I was a member of the law firm of Rush Moore Craven Sutton Morry & Beh, A Limited Liability Law Partnership, LLP and on behalf of GMP, I filed an Answer and Counterclaim on September 2, 2004.

5. I terminated my partnership with Rush Moore Craven Sutton Morry & Beh, A Limited Liability Law Partnership, LLP on December 31, 2004 and joined the firm of Sakai Iwanaga Sutton Law Group, AAL, LLLC on January 2, 2005.

6. A Withdrawal and Substitution of Counsel was filed on February 8, 2005 transferring this case from Rush Moore, LLLC to the law firm of Sakai Iwanaga Sutton Law Group, AAL, LLLC.

7. Because of the disruption involved in transferring to another law firm, I was unable to conduct discovery prior to leaving Rush Moore and unable to initiate discovery until the instant case

was transferred to Sakai Iwanaga Sutton Law Group on February 8, 2005.

8. As this Motion for Summary Judgment was filed prior to my substitution on February 8, 2005, I was unable to conduct discovery after February 8, 2005 and therefore unable to fully develop the discovery to oppose the summary judgment.

9. Defendant GMP has prepared discovery requests in the form of Request for Production of Documents, a copy of which is attached.

10. Defendant GMP intends to depose witness from Synagro including but not limited to Ross M Patten, James P. Carmichael, Alvin L. Thomas, James R. Hecht; witnesses from the City and County of Honolulu including but not limited to Timothy E. Steinberger and Frank J. Doyle; witnesses from Andritz-Ruthner including but not limited to John Madden and Steve Huff; and witnesses from CBI. Further discovery may indicate that Synagro representatives made other oral and written statements that GMP would perform the entire GMP Project Scope of Work. This discovery is necessary to oppose the summary judgment.

11.   The Rule 16 Scheduling Order filed November 16, 2004 set a trial date on this case for September 13, 2005. Dispositive motions are to be filed by April 13, 2005.

12.   No discovery has been conducted by Plaintiff or Defendant in this case.

13.   Based on the declarations of Peter B. Melnyk and Wagdy Guirguis, there are additional materials that raise genuine issues of material fact.

Mr. Guirguis' declaration contains an admission by Synagro that GMP is owed money for GMP assisting on obtaining the contract for Synagro and then Synagro reneging on its assurances that GMP would be the consulting engineer and construction manager on the entire project. It is expected that further discovery will confirm this admission and develop further admissions by Synagro. This discovery is necessary to oppose the summary judgment. See Declaration of Wagdy Guirguis paragraphs 9 and 10.

Mr. Guirguis' declaration contains a statement by the project manager for the City that the City considers GMP to be the consulting engineer and construction manager for the project. See

Declaration of Wagdy Guirguis paragraph 11. It is expected that further discovery will confirm these representations and develop further admissions by Synagro. This discovery is necessary to oppose the summary judgment.

Mr. Guirguis' declaration and Mr. Melnyk's declaration contain an admission by Synagro that GMP would perform the entire GMP Scope of Work made in the presentation to the City in May 200. It is expected that further discovery will confirm this admission and develop further admissions by Synagro. This discovery is necessary to oppose the summary judgment. See Declaration of Wagdy Guirguis and Declaration on Peter Melnyk paragraph 9.

Mr. Melnyk's declaration contains references to writings by Synagro to the City acknowledging GMP's role as engineer and construction manager. See Declaration of Peter Melnyk paragraphs 15 and 16. It is expected that discovery will confirm these writings and develop further writings supporting the representations that GMP was the engineer and construction manager for the project. This discovery is necessary to oppose the summary judgment.

Mr. Melnyk's declaration contains references to writings by Synagro to GMP ordering some of the services that are part of GMP Scope of Work on the project. See Declaration of Peter Melnyk paragraphs 20 and 21. It is expected that further discovery will confirm these writings and develop other writings supporting the representations that GMP was the engineer and construction manager for the project and performed work in that capacity. This discovery is necessary to oppose the summary judgment

Dated: Honolulu, Hawaii, Feby 28, 2005.

RICHARD C. SUTTON, JR.

6