Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON              1126-0
MEI-FEI KUO              7377-0
SHELLIE K. PARK-HOAPILI  7885-0
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawai'i  96813
Telephone:  (808) 524-1800
E-Mail: palston@ahfi.com

Attorneys for Plaintiff
  SYNAGRO TECHNOLOGIES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SYNAGRO TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GMP HAWAI'I, INC., <br><br> Defendant. | CIVIL NO. CV04-00509 SPK LEK <br><br> **PLAINTIFF SYNAGRO TECHNOLOGIES, INC.'S *EX PARTE* MOTION TO SUBMIT A SUPPLEMENTAL EXHIBIT IN SUPPORT OF SYNAGRO TECHNOLOGIES, INC.'S *AMENDED* MOTION FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES, FILED MAY 26, 2006; DECLARATION OF MEI-FEI KUO; EXHIBITS "A"-"C"; CERTIFICATE OF SERVICE.** |

**PLAINTIFF SYNAGRO TECHNOLOGIES, INC.'S *EX PARTE* MOTION TO SUBMIT A SUPPLEMENTAL EXHIBIT IN SUPPORT OF SYNAGRO TECHNOLOGIES, INC.'S *AMENDED* MOTION FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES, FILED MAY 26, 2006**

Plaintiff SYNAGRO TECHNOLOGIES, INC. ("Synagro"), by and through its attorney, Alston Hunt Floyd & Ing, hereby respectfully moves this Court, *ex parte*, for an order granting Synagro's request to submit a supplemental exhibit in support of

its *Amended* Motion for Attorney's Fees and Related Non-Taxable Expenses, filed on May 26, 2006 ("Motion for Fees").  The supplemental exhibit sought to be submitted by Synagro is an <u>unredacted</u> version of "Exhibit F" ("Exhibit") to the Motion for Fees, which was an "Itemization of Work Performed" by Synagro's counsel.  A copy of the proposed supplemental exhibit is attached as Exhibit "A" to this motion.

In its Motion for Fees, Synagro attached a <u>redacted</u> version of the Exhibit in order to protect attorney-client privilege and attorney-work product information as permitted under Local Rule 54.3(d)(2) of the Rules of the United States District Court for the District of Hawai'i.[1]  *See* Synagro's Reply in Support of *Amended* Motion for Fees at 8-10.  As required under L.R. 54.3, this Exhibit contains an itemization of work performed by Synagro's counsel and describes the services related to the

---

[1]   L.R. 54.3(d)(2) states in relevant part as follows:

> *Description of Services Rendered*.  The party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated.  In describing such services, **counsel should be sensitive to matters giving rise to attorney-client privilege and attorney work product doctrine**, but must nevertheless furnish an **adequate non-privileged description** of the services in questions.

(Italics in original and bolded emphasis added).

fees sought to be recovered in the Motion for Fees. Declaration of Mei-Fei Kuo ("Kuo Dec."), attached, at ¶ 4.

After Defendant GMP Hawai'i, Inc. ("GMP") challenged the redactions and the descriptions in the Exhibit in its Opposition, Synagro offered to produce an <u>unredacted</u> version of the Exhibit for *in camera* review on <u>two</u> separate occasions to facilitate the Court's evaluation of Synagro's request for fees. Kuo Dec. at ¶¶ 5-7. Subsequently, to address the Court's concerns of fairness to opposing counsel resulting from any unilateral review of the document, Synagro offered to produce the unredacted Exhibit to both the Court and GMP, and further to provide GMP an opportunity to oppose the supplemental exhibit. *Id.* at ¶¶ 8-9.

However, the Court rejected Synagro's request to supplement its Motion for Fees with the unredacted Exhibit. *Id.* at ¶¶ 7 and 9. Instead, the Court indicated that it intends to unfairly deduct Synagro's requested attorney's fees by at least 40% due to the redactions in the Exhibit. *Id.* at ¶ 8. The Court's inclination is gravely unfair to Synagro, who is entitled to recover all of its reasonable attorneys' fees and costs related to the assumpsit claims and the filing of the Motion for Fees, which to date is approximately $100,000.00. *Id.* at ¶ 10. *See also* Synagro's *Amended* Motion for Fees, filed on May 26, 2006, and Synagro's Reply in Support of *Amended* Motion for Fees, filed on July 7, 2006.

The Court's inclination to significantly deduct Synagro's requested attorneys' fees related to the redacted services ignores Synagro's legitimate reasons for redacting the Exhibit to preserve its attorney client-privilege and the work-product doctrine protection. Furthermore, the Court's inclination fails to consider the actual context and description of the redacted services in the Exhibit. For instance, the value of the redacted services amounts to <u>only</u> $20,127.50, whereas, the Court has indicated it plans to deduct more than 40%, or at least $40,000.00, which is twice the amount of fees related to the redacted services. *Id.* at ¶ 11.

Synagro is entitled to recover its attorneys' fees and costs related to the assumpsit claims and the drafting of the Motion for Fees. The unredacted Exhibit will confirm for the Court that (1) the redactions made by Synagro were appropriate, (2) the fees related to the legal services sought to be recovered were related to the assumpsit claims and the drafting of the Motion for Fees, and (3) the attorney's fees and costs requested by Synagro are reasonable and were necessarily incurred in the litigation. As such, GMP will not be prejudiced by the submission of the unredacted Exhibit. Rather, to hold otherwise, would be highly prejudicial and unfair to Synagro due to the Court's inclination to deduct the fees related to the redactions. Synagro will have its attorneys' fees and costs (which were reasonably and necessary incurred in defending against the meritless Counterclaim, concurrently pursuing the related

declaratory judgment claim in the Complaint, and drafting the pleadings to recovery its fees and costs) significantly reduced without good reason.  GMP should not be entitled to escape responsibility for payment of Synagro's attorney's fees and benefit from Synagro's good faith intentions to protect attorney-client privileged and work-product information.

  For the foregoing reasons, Synagro respectfully requests the Court for an order granting it leave to submit a supplemental exhibit, in the form attached as Exhibit "A", in support of its Motion for Fees.  This motion is made pursuant to Local Rules 7.2 and 7.3, and is based upon the Declaration of Counsel, attached hereto, which is incorporated herein.

  DATED:  Honolulu, Hawai`i, September 14, 2006.

        ___/s/ Mei-Fei Kuo_____
        PAUL ALSTON
        MEI-FEI KUO
        SHELLIE K. PARK-HOAPILI
        Attorneys for Plaintiff
         SYNAGRO TECHNOLOGIES, INC