IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SYNAGRO TECHNOLOGIES, INC., ) | CIVIL NO. CV04-00509 SPK LEK |
| ) | |
| Plaintiff, ) | |
| ) | **DECLARATION OF MEI-FEI KUO** |
| vs. ) | |
| ) | |
| ) | |
| GMP HAWAIʻI, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**DECLARATION OF MEI-FEI KUO**

I, MEI-FEI KUO, declare as follows:

1. I am an attorney with the law firm of Alston Hunt Floyd & Ing, and counsel for Plaintiff SYNAGRO TECHNOLOGIES, INC. ("Synagro") in the above captioned case.

2. I make this declaration based on my personal knowledge and I am competent to testify as to the matters set forth herein.

3. I provide this declaration in support of Synagro's *Ex Parte* Motion to Submit an Supplemental Exhibit in Support of Synagro Technologies, Inc.'s *Amended* Motion for Attorneys' Fees and Related Non-taxable Expenses, filed May 26, 2006 ("Motion for Fees"). The supplemental exhibit sought to be submitted by Synagro is an <u>unredacted</u> version of "Exhibit F" ("Exhibit") to the Motion for Fees. A copy of the proposed supplemental exhibit is attached as Exhibit "A" to this motion and in highlighted text

625582-1/7392-3

are the descriptions, which were previously redacted. However, some highly sensitive attorney-client and work-product information have continued to be maintained as indicated in the proposed supplemental exhibit.

4. On May 26, 2006, Synagro filed its Motion for Fees and attached as Exhibit "F" ("Exhibit") an "Itemization of Work Performed", which described the legal services provided by Synagro's counsel. The Exhibit was redacted by Synagro to protect attorney-client privilege and attorney work-product information. Local Rule ("L.R.") 54.3 of the Rules of the United States District Court for the District of permits parties to redact "matters giving rise to attorney-client privilege and attorney work product doctrine". That is all that was redacted by Synagro in the Exhibit.

5. On June 23, 2006, Defendant GMP Hawai'i, Inc. ("GMP") filed its Opposition to the Motion for Fees, wherein it challenged the redactions and the descriptions of the legal services in the Exhibit.

6. In Synagro's Reply in Support of the Motion for Fees, filed on July 7, 2006, Synagro offered to produce an <u>unredacted</u> Exhibit for *in camera* review to facilitate the Court's evaluation of Synagro's request for fees. *See* Synagro's Reply to Motion for Fees at 9.

7. On August 30, 2006, after being informed of an upcoming settlement conference with the Court related to the Motion for Fees, I sent a letter to the Honorable Magistrate

Judge Leslie Kobayashi ("Judge Kobayashi"), via facsimile, offering to fully disclose for an *in camera* review an <u>unredacted</u> version of the Exhibit containing the descriptions of the legal services and the copies of the related monthly invoices, in order to "assist the Court in ruling on this Motion, while maintaining Synagro's attorney-client privilege and attorney work product protection." *See* Exhibit "A", attached. That same day, I received a call from Warren Nakamura, Judge Kobayashi's courtroom manager, informing me that Judge Kobayashi did not need copies of the unredacted Exhibit and related invoices.

       8.  On September 12, 2006, the Parties had a settlement conference with Judge Kobayashi. At the settlement conference, Judge Kobayashi indicated that she intends to deduct at least 40% of Synagro's requested attorney's fees due to the redactions in the Exhibit because she cannot determined from the redacted descriptions the nature and scope of the services rendered. I informed Judge Kobayashi that Synagro offered twice before to provide the Court copies of the unredacted Exhibit and the related invoices for an *in camera* review. I also explained that the Exhibit was redacted for the purpose of protecting attorney-client privilege and work-product information as permitted by L.R. 54.3.

       9.  Judge Kobayashi expressed that it would be unfair to opposing counsel for the Court to conduct any unilateral review of a document and to not provide GMP with an opportunity

to oppose the document. I then offered to produce the unredacted Exhibit to both the Court and GMP, and to provide GMP an opportunity to oppose the Exhibit, in order to address Judge Kobayashi's concerns. However, the Court rejected Synagro's request to supplement its Motion for Fees with an unredacted version of the Exhibit.

10. Synagro is entitled to recover all of its reasonable attorneys' fees and costs related to the assumpsit claims and the filing of the Motion for Fees, which to date is approximately $100,000.00. At the time Synagro filed the Motion for Fees, it sought fees and costs in the amount of $93,457.81. Thereafter, Synagro incurred an additional $5,153.32 in drafting the Reply in support of the Motion for Fees and other related services. *See* Exhibit "C", attached.

11. The value of the redacted services in Exhibit "F" to the Motion for Fees amounts to only $20,127.50:

**Redacted Hours**

| BY | RATE | HOURS | AMOUNT |
|---|---|---|---|
| Paul Alston | $450.00 | 14.4 | $ 6,480.00 |
| Mei-Fei Kuo | $135.00 | 85.1 | $ 11,488.50 |
| Shellie K. Park-Hoapili | $125.00 | 15.4 | $ 1,925.00 |
| Danie K. Kakazu | $120.00 | 1.7 | $ 204.00 |
| Noreen M. Kanada | $100.00 | .3 | $ 30.00 |
| **TOTAL:** | | **116.9** | **$ 20,127.60** |

625582-1/7392-3                                    4

   I declare under penalty of perjury that the foregoing is true and correct.

   Executed in Honolulu, Hawai'i, on September 14, 2006.

               <u>/s/ Mei-Fei Kuo</u>
               MEI-FEI KUO