ORIGINAL

**SAKAI IWANAGA SUTTON**
A Law Group, AAL, LLLC
RICHARD C. SUTTON, JR.      1010-0
Email: dsutton@lava.net
City Financial Tower
201 Merchant Street, Suite 2307
Honolulu, Hawaii 96813
Telephone:  (808) 792-3888
Facsimile:  (808) 521-5262

**CASE LOMBARDI & PETTIT**
A Law Corporation
MICHAEL R. MARSH          1327-0
Email: mmarsh@caselombardi.com
TED N. PETTIT             4287-0
Email: tpettit@caselombardi.com
JOHN D. ZALEWSKI          4718-0
Email: jzalewski@caselombardi.com
MALIA S. LEE             8159-0
Email: mlee@caselombardi.com
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone   (808) 547-5400
Facsimile:  (808) 523-1888

Co-Counsel for Defendant
**GMP HAWAI`I, INC.**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 2 5 2006

at ⏡ o'clock and ⏡ min. ___M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| SYNAGRO TECHNOLOGIES, INC., | CIVIL NO. CV04-00509 SPK LEK |
| Plaintiff, | **DEFENDANT'S MEMORANDUM IN OPPOSITION TO SYNAGRO TECHNOLOGIES, INC.'S** |
| vs. | **(Caption cont. on next page)** |

28130/2/436557

GMP HAWAI`I, INC.,

            Defendant.

***EX PARTE* MOTION TO SUBMIT A SUPPLEMENTAL EXHIBIT IN SUPPORT OF SYNAGRO TECHNOLOGIES, INC.'S *AMENDED* MOTION FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES; DECLARATION OF MICHAEL R. MARSH; EXHIBITS "1" – "2"; CERTIFICATE OF SERVICE**

Non-Hearing Motion

## Table of Contents

**Section**                                                          **Page**

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

II.   RELEVANT BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

III.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

      A.   GMP Should Not Be Put to the Burden and Expense of Having
           to Review and Analyze the Billings a Fourth Time . . . . . . . . . . . . . .  4

      B.   Synagro Should Not Be Relieved for Having Failed to Follow
           the Federal Rules of Civil Procedure and the District Court's
           Local Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

      C.   Synagro Should Not Be Rewarded for its Disingenuous Claims
           of Privilege and/or for its Overzealous Redaction Tactics . . . . . . . .  10

      D.   Submission of Unredacted Billings Does Not Cure the Other
           Problems with Synagro's Amended Motion for Attorney's
           Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

      E.   Alternatively, if the Court Allows Synagro to Supplement its
           Amended Motion for Attorneys' Fees, the Court Should Order
           it to Pay GMP's Fees and Costs Incurred in Connection with
           Review of the First Three Sets of Billings . . . . . . . . . . . . . . . . . . . .  14

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

**DEFENDANT'S MEMORANDUM IN OPPOSITION
TO SYNAGRO TECHNOLOGIES, INC.'S *EX PARTE* MOTION TO
SUBMIT A SUPPLEMENTAL EXHIBIT IN SUPPORT OF
SYNAGRO TECHNOLOGIES, INC.'S *AMENDED* MOTION
FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES**

## I.    INTRODUCTION

Defendant GMP HAWAI`I, INC. ("GMP"), by and through its co-counsel, CASE LOMBARDI & PETTIT, hereby submits the following Memorandum in Opposition ("Opposition") to Synagro Technologies, Inc.'s ("Synagro's") *Ex Parte* Motion ("Ex Parte Motion") to Submit a Supplemental Exhibit in Support of Synagro Technologies, Inc.'s *Amended* Motion for Attorneys' Fees and Related Non-Taxable Expenses ("Amended Motion for Attorneys' Fees"), filed herein on September 14, 2006.

The Ex Parte Motion should be denied for the following reasons: 1) GMP has already been put to significant burden and expense in reviewing and analyzing three sets of billings and should not have to do so a fourth time, 2) Synagro should not be relieved from following the Federal Rules of Civil Procedure and/or the Local Court Rules which require submission of detailed and adequate billings in connection with a motion for attorneys' fees, 3) Synagro should not be rewarded now for having made disingenuous claims of privilege and/or for its overzealous redacting tactics, and 4) other problems remain with Synagro's Amended Motion and billings attached thereto, which submission of unredacted billings will not and

does not cure.  Alternatively, if the Court grants the Ex Parte Motion, GMP respectfully requests that the Court order Synagro to pay GMP's attorneys' fees and costs for review of the three prior sets of billings GMP has had to analyze, which three sets GMP would not and should not have had to analyze had Synagro properly submitted the instant set of billings in the first instance.

This Opposition is submitted pursuant to FED. R. CIV. P. ("FRCP") Rule 54(d), LR 7.4, and LR 54.3, and is supported by the declaration and Exhibits "1" – "2" attached hereto, and the records and files herein.

## II.    RELEVANT BACKGROUND

The relevant facts are set forth only as necessary for a determination on the Ex Parte Motion.  GMP has already reviewed and analyzed three (3) substantively different sets of substantial billings, submitted by Synagro in relation to its Motion for Attorneys' Fees and Related Non-Taxable Expenses ("Motion for Attorneys' Fees").  On or about April 9, 2006, before Synagro filed its Motion for Attorney's Fees, Synagro provided GMP with a set of billings, which it purported would be used to provide the necessary evidence as to the amount and reasonableness of its fees.  *See* Declaration of Michael R. Marsh ("Marsh Dec."), ¶ 3.  GMP proceeded to analyze each asserted billing therein.  *See* Marsh Dec., ¶ 3.

On April 21, 2006, Synagro filed its Motion for Attorneys' Fees.  Appended thereto as Exhibit "B" was a substantively different set of bills than that which

Synagro had previously submitted to GMP for review.   GMP then diligently reviewed each of those billing entries.   *See* Marsh Dec., ¶ 4.   However, after GMP's extensive analysis of that set of billings for over one month's time and in anticipation of its deadline[1] to file an opposing memorandum, Synagro filed its Amended Motion for Attorneys' Fees on May 26, 2006.

The Amended Motion for Attorneys' Fees contained a third version of billings, again substantively different from the first two versions, and containing additional entries, all of which needed to be analyzed in detail, for the third time, by GMP.  GMP did so anyway, *see* Marsh Dec., ¶ 5, and filed its Memorandum in Opposition to the Amended Motion for Attorneys' Fees on June 23, 2006. Synagro submitted its Reply in Support of its Amended Motion for Attorneys' Fees on July 7, 2006 ("Reply"), and the Court has taken the Amended Motion for Attorneys' Fees under advisement.   Synagro now seeks to again supplement its Motion for Attorneys' Fees by herein moving, *ex parte*, to submit a fourth, 76

---

[1]    Initially, the Court set the deadline for GMP's Memorandum in Opposition for June 2, 2006.   *See* Minute Order, filed herein by the Court on May 4, 2006 (docket # 79).  On May 10, 2006, the Court continued the deadline for GMP's Memorandum in Opposition to June 23, 2006. *See* Minute Order, filed herein on May 10, 2006 (docket # 80).

page,[2] substantially different version of billings for review and analysis by GMP and the Court.[3]

## III.  **ARGUMENT**

In the interests of fairness, and for all of the following reasons, Synagro's Ex Parte Motion should be denied.

### A.    GMP Should Not Be Put to the Burden and Expense of Having to Review and Analyze the Billings a Fourth Time

GMP has, since April 2006, gone to significant burden and expense required for diligent review and analysis of the numerous billings submitted by Synagro in support of its motions for attorneys' fees.  Not only has GMP already been put to the task of reviewing the three sets of billings, but Synagro has three times had the opportunity to produce the unredacted billings:  once before it filed the Motion for Attorneys' Fees, once with its Motion for Attorneys' Fees, and once with its Amended Motion for Attorneys' Fees.  Any of these junctures would have been more appropriate times to submit the complete bills; Synagro was the movant, seeking an award of attorneys' fees, and had the burden of presenting billing information sufficient to support its request for an award of attorneys' fees.

---

[2]     Exhibit "A" to the Ex Parte Motion contains 68 pages of billings, and Exhibit "C" contains 9, totaling 76 pages GMP and the Court would have to review, again.

[3]     Synagro has infact attached the fourth version of billings as Exhibit "A" to its Ex Parte Motion, and, to the extent that the Ex Parte Motion is denied, GMP herein respectfully moves to strike said Exhibit as an improper introduction without the court's permission.

Synagro was legally entitled, indeed required, to submit adequate supporting materials with its motions. GMP diligently analyzed the materials submitted, each time substantively and substantially different than the last. GMP established the inadequacy of the billings for the Court in its Opposition to the Amended Motion for Attorneys' Fees. A review of GMP's Memorandum in Opposition and the complex tables and highlighting system used by GMP in its exhibits thereto evidences the excruciating detail that was required for GMP to scrutinize the inadequate billing information provided by Synagro.

It would be patently unfair to now allow Synagro to submit this fourth set of billings, only after hearing of the Court's inclination to reduce its fees based on the amount of redacting contained therein, and only after having put GMP to the extreme time and expense of analyzing the previous three sets of heavily redacted billings.

B.    Synagro Should Not Be Relieved for Having Failed to Follow the Federal Rules of Civil Procedure and the District Court's Local Rules

As set forth fully in GMP's Memorandum in Opposition to Synagro's Amended Motion for Attorneys' Fees, filed June 23, 2006 and incorporated herein by reference, Synagro did not comply with the basic rules established for motions for attorneys' fees. Specifically, Local Rule 54.3(d)(2) requires that "the party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated." Furthermore, "if the

time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the award accordingly." *Id.*

The Local Rules go on to specify that time:

entries for telephone conferences must include an identification of all participants and the reason for the call;

entries for legal research must include an identification of the specific issue researched and, if possible, should identify the pleading or document for which the research was necessary;

entries describing the preparation of pleadings and other papers must include an identification of the pleading or other document prepared and the activities associated with such preparation.

*Id.*

The Rules could not be more clear as to what is required for billing entries to constitute "adequate" support for an award of fees. Furthermore, Synagro's counsel, Alston Hunt Floyd & Ing, is a prominent and able Hawai'i law firm,[4] with

---

[4]      Alston Hunt Floyd & Ing's website lists several forms of recognition and awards it has received, including:

- Chambers USA, Leading Law Firm in Hawai`i (2005-2006)
- Hawai`i Business, 25 Best Places to Work in Hawai`i (2005)
- YWCA of Honolulu, Leader Luncheon Honoree (1996)
- Martindale-Hubbell "AV" rated. This shows that many of our senior lawyers have, according to the rating organization, "reached the height of professional excellence. He or she has usually practiced law for many years, and is recognized for the highest levels of skill and integrity."
- Member of the "Select List" The Select List is a private life, health and disability defense referral service which only accepts the top third of law firms as evaluated by their clients. AHFI's composite client evaluation ranks us within the top ten law firms nationally in the Select List.

*See* Alston Hunt Floyd & Ing, *at* http://www.ahfi.com/affiliationsAwards/awards.shtm.

substantial litigation experience. There is no doubt that it was able to follow the explicit local rules relating to submission of its billings, but failed to do so in a timely and appropriate manner. As such, Synagro should not be relieved of its obligation to follow the Court's clear and simple rules of procedure.

Alternatively, should the Court grant the instant Ex Parte Motion, in the interests of fairness, the Court should permit GMP to reply, where it has not previously had a chance to do so, to inappropriate materials and argument submitted by Synagro. First, GMP should be provided the opportunity to analyze and dispute the fourth set of billings Synagro herein seeks to submit.[5] Second, in its Reply in Support of its Amended Motion for Attorneys' Fees, filed on July 7, 2006, Synagro made misleading statements and arguments, to which GMP has not had the opportunity to respond.

Specifically, page 16 of Synagro's Reply states:

> ... according to GMP's Rule 30(b)(6) Representative, the $2,683,422.00 figure for engineering design and the $846,000.000 [sic.] figure for construction management in the Counterclaim in reference to the "said contract" pertained to the "implied contract". Exh. "M", Guirguis Depo. at 147. GMP's Rule 30(b)(6) Representative also testified that the figures in the Counterclaim reflected the value of the engineering design and construction management work to be performed by GMP as derived from

---

[5]    If the Court grants the Ex Parte Motion and allows GMP the opportunity to review the unredacted billings submitted therewith, GMP requests the Court order Synagro to pay GMP's reasonable fees and costs incurred in connection with review and analysis of the previous three sets of billings. *See* § III.E *infra*.

proposals submitted by GMP to Synagro, Andritz, and CBI. Exh. "N", Melnyk Depo. at 175, 176-180.

*    *    *

Even if the Court adopts GMP's position that it only sought "profits", GMP's 30(b)(6) Representative explained that the profits sought in the Counterclaim were $2,683,422.00 for engineering design and $846,000.000 [sic.] for construction management. Exh. "M", Guirguis Depo. at 154.

These statements are demonstrably erroneous. The transcripts of the depositions of Guirguis and Melnyk do not reflect that the $2,683,422.00 and $846,000.00 figures were to be GMP's share of profits from the contracts, just that those were the amounts of the Synagro-City contracts for which GMP was to have pieces. The erroneous construction of their statements is in part due to the cited deposition statements having been taken out of context by Synagro in its Reply. Synagro also appended only limited portions of the transcripts of these two depositions which do not reveal the full meaning of that testimony.

A brief review of the depositions, in larger excerpt, reveals that GMP's representatives never stated how much of the Synagro-City contracts were to be given to GMP, nor what GMP's profit therefrom would amount to. *See* Guirguis Depo. at 145-154; Exhibit "3" to the Melnyk Depo. (referenced in the Guirguis Depo.) at pages 3-4 of the Counterclaim; and GMP document # 0186 (referenced in the Guirguis Depo.), true and correct copies of which are attached hereto as Exhibit "1" and made a part hereof. On lines 15 – 25 of page 148 of the Guirguis Deposition, Guirguis states the opposite; that the figure for the Andritz and GMP

contract was "***not*** $2,683,422." (emphasis added). At the very least, the transcript reveals that Guirguis, whose first language is Egyptian, and Ms. Kuo are talking past each other, without really being clear as to what was actually meant.

Similarly, the Melnyk Deposition, in larger excerpt, reveals that the $2,683,422.00 figure, stated in GMP's Counterclaim, is the "total design expenses for the ***project***," (p. 176) (emphasis added). Melnyk repeatedly stated that this was the figure Synagro submitted to the City (p. 179, 181, and 183) with the aid of GMP's input. *See* Melnyk Depo. at 174-183 and Exhibit "3" thereto at pages 3-4 of the Counterclaim, true and correct copies of which are attached hereto as Exhibit "2" and made a part hereof. Nowhere does it say that this "reflected the value of the engineering design and construction management work to be performed by GMP" as Synagro misrepresented in its Reply, quoted above. The amounts referenced in GMP's Counterclaim were the amounts stated in Synagro's proposal to the City, and have no relation to the amounts of the respective contracts which GMP was to perform as part of the project team. As set forth on pages 28 and 29 of GMP's Opposition to Synagro's Amended Motion for Attorneys' Fees, and supported by the unambiguous Declaration of Wagdy Guirguis, the Counterclaim was actually for loss of the expected $95,070.00 in profits it should have received from various portions of the Synagro-City contract.

Synagro seeks to address weaknesses in its Motion for Attorneys' Fees, its Amended Motion for Attorneys' Fees, and its Reply, through the back-door by its Ex Parte Motion. In the interests of fairness to the parties, if Synagro is relieved of its obligation to follow the procedural rules of this Court, then GMP should similarly be provided with the opportunity to both respond to Synagro's newly submitted set of billings and to Synagro's grave misrepresentations, submitted in its Reply, to which GMP procedurally has no vehicle to otherwise respond.

C.    Synagro Should Not Be Rewarded for its Disingenuous Claims of Privilege and/or for its Overzealous Redaction Tactics

In both its Reply in Support of its Amended Motion for Attorneys' Fees and the Ex Parte Motion, Synagro made disingenuous claims that it "only" redacted attorney client and/or work product "privileged" information. The falsity of this claim is evident from 1) the fact that Synagro now readily introduces all the unredacted billings via the publicly accessible filed Ex Parte Motion, and 2) from the substance of the previous redactions themselves.

In its Reply, Synagro several times asserted attorney-client and/or work product privileges. *See* Reply at 9 ("GMP inappropriately seeks to compel Synagro to disclose privileged attorney-client communications and protected attorney work-product. No such disclosure is required, and to the contrary, is protected by L.R. 54.3"), 10 ("Most of the subject entries concern attorney-client privileged or attorney work-product information"), and at page 2, para. 4 of

Declaration of Mei-Fei Kuo in support thereof ("L.R. 54.3 permits parties to redact 'matters giving rise to attorney-client privilege and attorney work product doctrine.' *That is all that was redacted by Synagro in its Itemized List to protect attorney-client privilege and attorney work-product information*."). (Emphasis added.)

Likewise, in the instant Ex Parte Motion, Synagro asserted these privileges as the reason for its extensive redaction of the billings submitted. *See* Ex Parte Motion at 2 ("In its Motion for Fees, Synagro attached a <u>redacted</u> version of the Exhibit in order to protect attorney-client privilege and attorney-work product information") (underlining in original), 4 ("… Synagro's *legitimate reasons* for redacting the Exhibit *to preserve its attorney client-privilege and the work-product doctrine protection*.") (emphasis added), and at page 2, para. 4 of Declaration of Mei-Fei Kuo in support thereof ("The Exhibit was redacted by Synagro to protect attorney-client privilege and attorney work-product information. . . . *That is all that was redacted by Synagro in the Exhibit*.") (Emphasis added).

If Synagro's reasons for redaction really were to protect the attorney-client privilege and/or attorney work product, it is difficult to apprehend why it now so readily introduces the unredacted billings and waives these privileges. The claim of "legitimate reasons" for redacting the billings is completely inconsistent with its

introduction of the very materials it has so long claimed are privileged and required

protection through redaction.

Furthermore, while it is unfair for GMP to again have to review the billings,

a brief examination of the "previously redacted" materials in Exhibit "A" to the Ex

Parte Motion reveals the overzealous nature of the redactions previously submitted,

of which there are approximately 216 separate redactions. On the very first page

of the billings in Exhibit "A", part of the 08/03/04 entry by Paul Alston reads

"telephone call from J. Hecht re background" with the word "***background***" having

previously been redacted. Further down on that same page, part of the 08/05/04

entry by Paul Alston reads "email to A. Thomas and J. Carmichael re draft follow

up letter," with the words "***draft follow up letter***" having been previously redacted.

GMP is unable to discern how any of the redacted material in these two

entries, on just the first of 68 pages of billings, amounts to anything which could be

construed as either attorney-client privileged or as attorney work product worthy of

redaction.     The remainder of the entries abound with similarly excessive

redactions.[6]  Clearly, the first three sets of billings were over-zealously redacted,

---

[6]      For example, previously redacted portions from page 20 in the 7/27/05 entry for Mei-Fei
Kuo are:  "email from A. Thomas re *[PREVIOUSLY REDACTED – draft settlement
conference statement]*; emails to and from J. Carmicheal [sic.] re *[PREVIOUSLY REDACTED
– GMP documents and spreadsheet supporting construction management work figures from
W. Guirguis]*; ..." (emphasis varied from original).
          Previously redacted portions from page 39 in the 09/02/05 entry by Paul Alston include:
"email from M. Kuo re *[PREVIOUSLY REDACTED – deposition of Wagdy Guirguis]*" and in
the 09/02/05 entry by Mei-Fei Kuo includes: "... emails with P. Alston re same and

and the claims of "privilege" were exaggerated. The miniscule sampling of the unredacted billing above demonstrates this. As such, Synagro should not be rewarded for its disingenuous claims of "privilege" and/or its tactic of over-zealously redacting its billings, and the Ex Parte Motion should be denied.

D.    Submission of Unredacted Billings Does Not Cure the Other Problems with Synagro's Amended Motion for Attorneys' Fees

As set forth fully in GMP's Opposition to the Amended Motion for Attorneys' Fees, over-redaction is not the only reason that Synagro's fee award should be reduced. The billings submitted remain "inadequately described" according to the Local Rules, whether previously redacted or not; time spent on the Andritz case is still not awardable; "Unknown," "Questionable," and "block-billed" entries should not be awarded; Synagro is not entitled to fees expended on claims which were not "in the nature of assumpsit;" and in no case is Synagro entitled to more than $23,767.50, which is the amount of the statutory cap (25%) on fees for claims in the nature of assumpsit. Furthermore, any award should be reduced by the amount of fees and costs GMP has had to expend in opposing the instant, frivolous, Ex Parte Motion.

---

*[PREVIOUSLY REDACTED – same and strategy re discovery and motion filing]*;…" (emphasis varied from original).

Previously redacted portions from page 60 in the 04/14/06 entry by Shellie K. Park-Hoapili read: "discussion with M. Kuo re *[PREVIOUSLY REDACTED – fee request, bill of costs, itemization and analysis]*." (emphasis varied from original).

E.    Alternatively, if the Court Allows Synagro to Supplement its Amended Motion for Attorneys' Fees, the Court Should Order it to Pay GMP's Fees and Costs Incurred in Connection with Review of the First Three Sets of Billings

If Synagro had submitted the instant, unredacted, set of billings in full, the first time, GMP would have only had to review the billings once. Instead, Synagro compelled GMP to expend vast amounts of time and money to have three substantively different sets of billings analyzed, only to submit this fourth set of billings now, after the motions have been fully briefed for the Court. As such, if the Court grants Synagro's Ex Parte Motion and GMP, as a result, reviews the billings a fourth time, the Court should award GMP its reasonable fees and costs incurred in connection with having had to review the prior three sets. This is the only fair measure which can be taken, if Synagro is allowed to submit the unredacted billings at this late juncture. However, GMP maintains that the Court should deny the Ex Parte Motion as an unfair submission by Synagro, and strike Exhibit "A" thereto from the record.

## IV.    CONCLUSION

For the foregoing reasons, Defendant GMP respectfully requests that this Court deny Synagro's *Ex Parte* Motion to Submit a Supplemental Exhibit in Support of Synagro Technologies, Inc.'s *Amended* Motion for Attorneys' Fees and Related Non-Taxable Expenses.

Fairness to the litigants requires that GMP should not have to review the billings a fourth time when it has already been put to the burden and expense of having done so three times already. Synagro also should not be relieved of having to follow the clear and basic procedural rules of this Court. Furthermore, Synagro should not be rewarded for having made obviously disingenuous claims of "privilege" and/or for its overzealous redaction of materials. Finally, submission of the unredacted billings does not cure the numerous other deficiencies with Synagro's billings and arguments in support of its Amended Motion for Attorneys' Fees. Alternatively, if the Court permits Synagro to submit this fourth set of billings, GMP should be reimbursed by Synagro for its reasonable fees and costs incurred in reviewing the first three sets and permit GMP to respond not only to the belatedly unredacted invoices but to all of the materials and arguments presented by Synagro in its Reply Memorandum.

GMP respectfully submits that the Court should deny the Ex Parte Motion, strike Exhibit "A" thereto, and award GMP its reasonable fees and costs associated with the filing of the instant Memorandum in Opposition.

DATED:  Honolulu, Hawaii, _SEP 2 5 2006_____.

_____
MICHAEL M. MARSH
TED N. PETTIT
JOHN D. ZALEWSKI
MALIA S. LEE
Co-Counsel for Defendant
**GMP HAWAI`I, INC.**