IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| SYNAGRO TECHNOLOGIES, INC., | ) CIVIL NO. CV044-00509 (SPK /LEK) |
| Plaintiff, | ) |
| vs. | ) COUNTERCLAIM AGAINST<br>) PLAINTIFF SYNAGRO<br>) TECHNOLOGIES |
| GMP HAWAII, INC., | ) |
| Defendants. | ) |

**COUNTERCLAIM AGAINST PLAINTIFF SYNAGRO TECHNOLOGIES**

Comes now Defendant GMP HAWAII, INC. (hereinafter "Defendant-Counterclaimant") by and through its attorneys Rush Moore Craven Sutton Morry and Beh, LLP., to file a counterclaim against Plaintiff SYNAGRO TECHNOLOGIES (hereinafter "Plaintiff")alleges and avers as follows:

1. Plaintiff Synagro ("Plaintiff") made a presentation to the City & County of Honolulu proposing to design, engineer, construct, and test an In-vessel bioconversion facility at the Sand Island Waste Water Treatment Plant in the City and County of Honolulu, Hawaii. The bioconversion facility is to separate sludge from the waste water treatment process and convert it into a

**EXHIBIT 2**

marketable fertilizer pellet.

2.   Based upon said presentation to the City and County of Honolulu, Plaintiff was awarded a contract with the City and County of Honolulu, Hawaii to design, engineer, construct, and test an In-vessel Bioconversion facility at the Sand Island Waste Water Treatment Plant in the City and County of Honolulu, Hawaii on or about May 7, 2002.

3.   The presentation that Plaintiff made to the City and County of Honolulu featured examples of work done by Defendant in previous engineering projects for the City & County of Honolulu involving waste water treatment plants.

4.   The presentation also listed Defendant as a member of the project delivery team for the bioconversion facility. The presentation described the members of the project delivery team as the persons and entities that would perform engineering work as well as the construction management for the overall bioconversion facility at the Sand Island Waste Water Treatment plant.

### (Count I. Breach of Implied Contract)

5.   It was the representation of Plaintiff that Defendant would be involved in providing engineering design and construction management for the overall project.

6. Plaintiff was awarded the contract from the City and County of Honolulu based partly on the past work performed by Defendant, and the understanding that Defendant would be providing engineering design and construction management for the Sand Island bioconversion facility project.

7. Plaintiff utilized the reputation and goodwill of Defendant in order to obtain the Sand Island bioconversion facility contract with the City and County of Honolulu.

8. Defendant relied upon these representations that Plaintiff made to Defendant and to the City and County of Honolulu that Defendant was to perform a substantial portion of the of the engineering design services and construction management for the bioconversion facility at the Sand Island Waste Water Treatment Plant.

9. Said representations created an implied contract between Defendant and Plaintiff

10 However, Plaintiff has failed to provide work to Defendant, and has sought to use other contractors to perform the work it had promised Defendant.

11. Plaintiff's actions represent a breach of its implied contract with Defendant.

12. The total of the design expenses is approximately $2,683,422.00 for the said contract.

13. The total of the construction management is approximately $846,000.00 for the said contract.

14. As a result, Defendant is entitled to damages including profits from the contract plus any costs incurred.

### (Count II. Punitive Damages)

15. Defendant realleges and incorporates by reference the allegations set forth in paragraphs 1 through 14, above.

16. Plaintiff's blatant and unjustified refusal provide engineering work, construction management work, and/or compensation to Defendant for work on the Sand Island Bioconversion Facility Project constitutes a willful and deliberate repudiation of its implied contract with Defendant.

17. Plaintiff clearly has knowledge of the representations that it made to the City and County of Honolulu and Defendant regarding the amount of work that Defendant would perform on the Project, and knowledge of Defendant's justified reliance upon those representations.

18. Plaintiff's refusal to honor its implied contract with Defendant is wanton, reckless, willful, malicious, and oppressive.

19. As a consequence of Plaintiff's actions, Defendant is entitled to punitive damages commensurate with the evidence adduced at trial.

WHEREFORE, Defendant GMP Hawaii, Inc. prays as follows:

    A.    For general damages in amounts to be shown at trial;

    B    For special damages in amounts to be shown at trial;

    C.    Punitive Damages;

    D.    For attorneys' fees, costs, prejudgment and post-judgment interest and for such other and further relief, both legal and equitable, as the Court deems just and property under the circumstances.

DATED: Honolulu, Hawai'i, September 2, 2004

_____
RICHARD C. SUTTON, JR.
REGINAULD T. HARRIS

Attorneys for Defendant
GMP Hawaii, Inc.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| SYNAGRO TECHNOLOGIES, INC., ) | CIVIL NO. CV044-00509 (SPK /LEK) |
| ) | |
| Plaintiff, ) | |
| ) | CERTIFICATE OF SERVICE |
| vs. ) | (Defendant GMP Hawaii, Inc.'s |
| ) | Answer to Complaint Filed on August |
| GMP HAWAII, INC., ) | 18, 2004; Counterclaim Against |
| ) | Plaintiff Synagro Technologies) |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a copy of the foregoing will be duly served this date by hand delivery addressed to the following:

PAUL ALSTON, ESQ,
MEI-FEI KUO, ESQ.
Alston Hunt Floyd and Ing
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawaii 96813

Attorneys for Plaintiff SYNAGRO TECHNOLOGIES

S:\Wpdata\RSutton\GMP\Sand Island\Synagro\Pleading (Synagro)\Answer.wpd

DATED: Honolulu, Hawai'i, September __2__, 2004

_____
RICHARD C. SUTTON, JR.
REGINAULD T. HARRIS

Attorneys for Defendant
GMP Hawaii, Inc.