FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 0 2 2004

at _____ o'clock and ___ min. ___M.
WALTER A.Y.H. CHINN, CLERK

RUSH MOORE CRAVEN SUTTON MORRY & BEH
A LIMITED LIABILITY LAW PARTNERSHIP, LLP

RICHARD C. SUTTON, JR.    1010-0
REGINAULD T. HARRIS       7516-0
737 Bishop Street, Suite 2400
Honolulu, Hawaii 96813
Tel. No. (808) 521-0400
e-mail: Rsutton@rmhawaii.com
         Rharris@rmhawaii.com

Attorneys for Defendant
GMP HAWAII, INC.

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | | |
|---|---|---|
| SYNAGRO TECHNOLOGIES, INC., | ) | CIVIL NO. CV044-00509 (SPK /LEK) |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFENDANT GMP HAWAII, INC.'S |
| vs. | ) | ANSWER TO COMPLAINT FILED |
| | ) | ON AUGUST 18, 2004 AND |
| GMP HAWAII, INC., | ) | COUNTERCLAIM AGAINST |
| | ) | PLAINTIFF SYNAGRO |
| Defendants. | ) | TECHNOLOGIES, INC.; |
| | ) | CERTIFICATE OF SERVICE |

## DEFENDANT GMP HAWAII, INC.'S ANSWER TO COMPLAINT FILED ON AUGUST 18, 2004 AND COUNTERCLAIM AGAINST PLAINTIFF SYNAGRO TECHNOLOGIES, INC.

Defendant GMP HAWAII, INC. (hereinafter "Defendant") by and

through its attorneys Rush Moore Craven Sutton Morry and Beh, LLP., answers

EXHIBIT

3

P. MELNYK

FENGAD 800-631-6089

the Complaint filed herein on August 18, 2004 (herein "Complaint") by

SYNAGRO TECHNOLOGIES, INC. (herein "Plaintiff") as follows:

1.    With respect to the allegations in paragraph 1, Defendant admits that Plaintiff had a contract with the City and County of Honolulu for the construction of a wastewater treatment bioconversion facility.  Defendant also admits that Plaintiff entered into a sub-contract with Andritz-Ruthner, Inc. for engineering and construction services related to the contract to construct the bioconversion facility. Defendant also admits that it entered into a contract with Andritz-Ruthner, Inc. for design and engineering services.  Defendant alleges that the attached Exhibits referenced in paragraph speaks for themselves and denies the remaining allegations of said paragraph1 with respect to the dates of execution for these contracts.

2.    Defendant denies the allegations in paragraph 2.

3.    Defendant denies the allegations of paragraph 3.

4.    With respect to the allegations in paragraph 4, Defendant is without sufficient knowledge as to the allegations and on that basis denies them.

5.    Defendant admits the allegations contained in paragraph 5.

6.    Defendant admits the allegations contained in paragraph  6.

7.    Defendant admits the allegations contained in paragraph  7.

2

8.     With respect to the allegations in paragraph 8, Defendant alleges that the referenced portion of Exhibit 4 speaks for itself and denies the remaining allegations of said paragraph.

9.     With respect to the allegations in paragraph 9, Defendant alleges that the referenced portion of Exhibit 4 speaks for itself and denies the remaining allegations of said paragraph.

10.     With respect to the allegations in paragraph 10, Defendant alleges that the referenced portion of the Exhibit speaks for itself, and admits the allegations of paragraph 10, except that the quoted language in paragraph 10 is contained in Exhibit 1 and not Exhibit 4 as stated in paragraph 10 of the Complaint.

11.     With respect to the allegations in paragraph 11, Defendant alleges that the referenced portion of the Exhibit speaks for itself, and admits the allegations of paragraph 11, except that the quoted language in paragraph 11 is contained in Exhibit 1 and not Exhibit 4 as stated in paragraph 11 of the Complaint.

12.     With respect to the allegations in paragraph 12, Defendant alleges that there was a contract between Plaintiff and Andritz-Ruthner, Inc., and further alleges that the referenced Exhibit 2 speaks for itself, and denies the

remaining allegations of said paragraph.

13.    With respect to the allegations in paragraph 13, Defendant alleges that the referenced portion of Exhibit 2 speaks for itself and denies the remaining allegations of said paragraph.

14.    With respect to the allegations in paragraph 14, Defendant alleges that the referenced portion of Exhibit 2 speaks for itself and denies the remaining allegations of said paragraph.

15.    With respect to the allegations in paragraph 15, Defendant admits that it executed a contract with Andritz-Ruthner, Inc., and alleges that the contract provisions cited at Exhibit 3 speak for themselves, and denies the remaining allegations of said paragraph.

16.    With respect to the allegations in paragraph 16, alleges that the contract provisions cited at Exhibit 3 speak for themselves and denies the remaining allegations of said paragraph.

17.    With respect to the allegations in paragraph 17, alleges that the contract provisions cited at Exhibit 3 speak for themselves and denies the remaining allegations of said paragraph.

18.    With respect to the allegations in paragraph 18, Defendant admits that it has prepared drawings and plans for the Project, and denies the remaining

allegations of said paragraph.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. Defendant admits that Mr. Richard Sutton, counsel for Defendant, wrote to Mr. Carmichael of Plaintiff, and denies the remaining allegations of paragraph 21.

22. With respect to the allegations in paragraph 22, Defendant is without sufficient knowledge as to the allegations and on that basis denies them.

23. With respect to the allegations in paragraph 23, Defendant is without sufficient knowledge as to the allegations and on that basis denies them.

24. Defendant denies the allegations of paragraph 24.

25. Defendant admits the allegations of paragraph 25.

26. Defendant admits the allegations of paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. With respect to the allegations in paragraph 28, Defendant re-alleges and incorporates its responses to paragraphs 1 through 27.

29. With respect to the allegations in paragraph 29, Defendant admits that there exists an actual controversy between Defendant and Plaintiff, and that Plaintiff has a contractual obligation to Defendant. Defendant denies the

remaining allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30..

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant denies the allegations of paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. With respect to the allegations in paragraph 35, Defendant re-alleges and incorporates its responses to paragraphs 1 through 34.

36. Defendant denies the allegations of paragraph 36.

37. Defendant admits the allegations contained within paragraph 37.

38. Defendant alleges that it has not refused to provide plans and drawings under its contract with Andritz-Ruthner, Inc. and denies the remaining allegations contained within paragraph 38.

39. Defendant re-alleges and incorporates its response to paragraph 38, and denies the allegations contained within paragraph 39.

40. Defendant re-alleges and incorporates its response to paragraph 38, and denies the allegations contained within paragraph 40.

41. With respect to the allegations in paragraph 41, Defendant re-alleges and incorporates its responses to paragraphs 1 through 40.

42. Defendant denies the allegations contained within paragraph 42 (misnumbered as paragraph 46 in the Complaint).

43. Defendant denies the allegations contained within paragraph 43 (misnumbered as paragraph 47 in the Complaint).

## SEPARATE AFFIRMATIVE DEFENSES

Defendant states the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest on Plaintiff:

### First Affirmative Defense

The Complaint and each purported claim fails to state a claim on which relief may be granted.

### Second Affirmative Defense

The claims for relief of the Complaint are barred by lack of jurisdiction.

### Third Affirmative Defense

The claims for relief of the Complaint are barred by the defense of mistake.

### Fourth Affirmative Defense

The claims for relief of the Complaint are barred by the defense of

consent, knowledge and acquiescence.

### Fifth Affirmative Defense

Defendant intends to rely on the defense that Plaintiff failed to mitigate its damages, if any.

### Sixth Affirmative Defense

The claims for relief of the Complaint are barred by the defense that Plaintiff failed to perform material conditions of its contract with Defendant.

### Seventh Affirmative Defense

The claims for relief of the Complaint are barred by set off, offset, waiver, estoppel, laches and unclean hands.

### Eighth Affirmative Defense

If Plaintiff suffered any of the injuries or damages as alleged in the Complaint, said injuries or damages were caused by or contributed to by the negligence of Plaintiff

### Ninth Affirmative Defense

If Plaintiff suffered any of the injuries or damages as alleged in the Complaint, said injuries or damages were caused by or contributed to by persons other than Defendant.

and equitable.

DATED: Honolulu, Hawai'i, September 2, 2004

_____
RICHARD C. SUTTON, JR.
REGINAULD T. HARRIS
Attorneys for Defendant
GMP HAWAII, INC.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| SYNAGRO TECHNOLOGIES, INC., | ) | CIVIL NO. CV044-00509 (SPK /LEK) |
| | ) | |
| Plaintiff, | ) | |
| | ) | COUNTERCLAIM AGAINST |
| vs. | ) | PLAINTIFF SYNAGRO |
| | ) | TECHNOLOGIES |
| GMP HAWAII, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## COUNTERCLAIM AGAINST PLAINTIFF SYNAGRO TECHNOLOGIES

Comes now Defendant GMP HAWAII, INC. (hereinafter "Defendant-Counterclaimant") by and through its attorneys Rush Moore Craven Sutton Morry and Beh, LLP., to file a counterclaim against Plaintiff SYNAGRO TECHNOLOGIES (hereinafter "Plaintiff")alleges and avers as follows:

1.    Plaintiff Synagro ("Plaintiff") made a presentation to the City & County of Honolulu proposing to design, engineer, construct, and test an In-vessel bioconversion facility at the Sand Island Waste Water Treatment Plant in the City and County of Honolulu, Hawaii. The bioconversion facility is to separate sludge from the waste water treatment process and convert it into a

marketable fertilizer pellet.

2.     Based upon said presentation to the City and County of Honolulu, Plaintiff was awarded a contract with the City and County of Honolulu, Hawaii to design, engineer, construct, and test an In-vessel Bioconversion facility at the Sand Island Waste Water Treatment Plant in the City and County of Honolulu, Hawaii on or about May 7, 2002.

3.     The presentation that Plaintiff made to the City and County of Honolulu featured examples of work done by Defendant in previous engineering projects for the City & County of Honolulu involving waste water treatment plants.

4.     The presentation also listed Defendant as a member of the project delivery team for the bioconversion facility.  The presentation described the members of the project delivery team as the persons and entities that would perform engineering work as well as the construction management for the overall bioconversion facility at the Sand Island Waste Water Treatment plant.

**(Count I.  Breach of Implied Contract)**

5.     It was the representation of Plaintiff that Defendant would be involved in providing engineering design and construction management for the overall project.

6.     Plaintiff was awarded the contract from the City and County of Honolulu based partly on the past work performed by Defendant, and the understanding that Defendant would be providing engineering design and construction management for the Sand Island bioconversion facility project.

7.     Plaintiff utilized the reputation and goodwill of Defendant in order to obtain the Sand Island bioconversion facility contract with the City and County of Honolulu.

8.  Defendant relied upon these representations that Plaintiff made to Defendant and to the City and County of Honolulu that Defendant was to perform a substantial portion of the of the engineering design services and construction management for the bioconversion facility at the Sand Island Waste Water Treatment Plant.

9.     Said representations created an implied contract between Defendant and Plaintiff

10     However, Plaintiff has failed to provide work to Defendant, and has sought to use other contractors to perform the work it had promised Defendant.

11.     Plaintiff's actions represent a breach of its implied contract with Defendant.

12.    The total of the design expenses is approximately $2,683,422.00 for the said contract.

13.    The total of the construction management is approximately $846,000.00 for the said contract.

14.    As a result, Defendant is entitled to damages including profits from the contract plus any costs incurred.

### (Count II.  Punitive Damages)

15.    Defendant realleges and incorporates by reference the allegations set forth in paragraphs 1 through 14, above.

16.    Plaintiff's blatant and unjustified refusal provide engineering work, construction management work, and/or compensation to Defendant for work on the Sand Island Bioconversion Facility Project constitutes a willful and deliberate repudiation of its implied contract with Defendant.

17.    Plaintiff clearly has knowledge of the representations that it made to the City and County of Honolulu and Defendant regarding the amount of work that Defendant would perform on the Project, and knowledge of Defendant's justified reliance upon those representations.

18.    Plaintiff's refusal to honor its implied contract with Defendant is wanton, reckless, willful, malicious, and oppressive.

S:\Wpdata\RSutton\GMD\Sand Island\Synagro\Pleading {Synagro}\Answer.wpd                4

19.    As a consequence of Plaintiff's actions, Defendant is entitled to punitive damages commensurate with the evidence adduced at trial.

WHEREFORE, Defendant GMP Hawaii, Inc. prays as follows:

A.    For general damages in amounts to be shown at trial;

B    For special damages in amounts to be shown at trial;

C.    Punitive Damages;

D.    For attorneys' fees, costs, prejudgment and post-judgment interest and for such other and further relief, both legal and equitable, as the Court deems just and property under the circumstances.

DATED: Honolulu, Hawai'i, September ___2___, 2004

_____

RICHARD C. SUTTON, JR.
REGINAULD T. HARRIS

Attorneys for Defendant
GMP Hawaii, Inc.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| SYNAGRO TECHNOLOGIES, INC., | ) CIVIL NO. CV044-00509 (SPK /LEK) |
| | ) |
| Plaintiff, | ) |
| | ) CERTIFICATE OF SERVICE |
| vs. | ) (Defendant GMP Hawaii, Inc.'s |
| | ) Answer to Complaint Filed on August |
| GMP HAWAII, INC., | ) 18, 2004; Counterclaim Against |
| | ) Plaintiff Synagro Technologies) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a copy of the foregoing will be duly

served this date by hand delivery addressed to the following:

PAUL ALSTON, ESQ,
MEI-FEI KUO, ESQ.
Alston Hunt Floyd and Ing
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawaii 96813

Attorneys for Plaintiff SYNAGRO TECHNOLOGIES

S:\Wpdata\RSutton\GMP-Sand Island-Synagro\Pleading (Synagro)\Answer.wpd

DATED: Honolulu, Hawai'i, September 2, 2004

_____

RICHARD C. SUTTON, JR.
REGINAULD T. HARRIS

Attorneys for Defendant
GMP Hawaii, Inc.

City & County of Honolulu - Sand Island
Change Order #1 Restatement - Capital Changes
01/27/03

| | | Contract Price | Facility Relocation | Building Demo/Rehab | Scope Additions | Adjusted Price |
|---|---|---|---|---|---|---|
| A | SYSTEM | | | | | |
| | 1 Bid Expenses | $ 353,750 | | | | $ 353,750 |
| | 2 Design Expenses | $ 2,548,750 | $ 100,000 | | $ 34,672 | $ 2,683,422 |
| | 3 Construction Management | $ 646,000 | | | $ 200,000 | $ 846,000 |
| | 4 Others | $ - | | $ 95,000 | | $ 95,000 |
| | | $ 3,548,500 | $ 100,000 | $ 95,000 | $ 234,672 | $ 3,978,172 |
| B | SITE WORK | | | | | |
| | 1 Clearing and Grubing | $ 350,000 | $ (241,167) | | | $ 108,833 |
| | 2 Roadways | $ 675,000 | $ (408,035) | | | $ 266,965 |
| | 3 Landscaping | $ 25,000 | | | | $ 25,000 |
| | 4 Others | $ - | | | | $ - |
| | | $ 1,050,000 | $ (649,202) | $ - | $ - | $ 400,798 |
| C | SITE UTILITY | | | | | |
| | 1 Water System | $ 325,000 | | | | $ 325,000 |
| | 2 Drain System | $ 375,000 | $ (108,429) | | | $ 266,571 |
| | 3 Sewer System | $ 150,000 | $ (50,000) | | | $ 100,000 |
| | 4 Power System | $ 750,000 | $ (25,000) | | | $ 725,000 |
| | | $ 1,600,000 | $ (183,429) | $ - | $ - | $ 1,416,571 |
| D | BUILDINGS | | | | | |
| | 1 Receiving and Storage | $ - | | | | $ - |
| | 2 Process Building | $ 3,000,000 | $ (1,494,170) | $ 1,104,914 | $ 52,588 | $ 2,663,332 |
| | 3 Product Storage Area | $ 1,250,000 | | | | $ 1,250,000 |
| | 4 Utilities | $ 571,389 | | | | $ 571,389 |
| | | $ 4,821,389 | $ (1,494,170) | $ 1,104,914 | $ 52,588 | $ 4,484,721 |
| E | EQUIPMENT | | | | | |
| | 1 Processing | $ 18,475,611 | | | | $ 18,475,611 |
| | 2 Operational | $ 449,000 | | | | $ 449,000 |
| | 3 Odor, Env & Safety Controls | $ 2,150,000 | $ 134,638 | | $ 456,990 | $ 2,741,628 |
| | 4 Others | | | | $ 371,240 | $ 371,240 |
| | | $ 21,074,611 | $ 134,638 | $ - | $ 828,230 | $ 22,037,479 |
| F | SYSTEM TESTING | $ 1,038,750 | | | | $ 1,038,750 |
| G | MISC EXPENSES | | | | | |
| | 1 Insurance | $ 164,750 | | | | $ 164,750 |
| | 2 Performance Bond | $ 457,000 | | | | $ 457,000 |
| | 3 Others | $ - | | | | $ - |
| | | $ 621,750 | $ - | $ - | $ - | $ 621,750 |
| H | TOTAL | $ 33,755,000 | $ (2,092,163) | $ 1,199,914 | $ 1,115,490 | $ 33,978,241 |

Exhibit 1