IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SYNAGRO TECHNOLOGIES, INC.,  )<br>                              )<br>         Plaintiff,          )<br>                              )<br>    vs.                       )<br>                              )<br>GMP HAWAI'I, INC.,            )<br>                              )<br>         Defendant.           )<br>_____) | CIVIL NO. CV04-00509 SPK LEK<br><br>**DECLARATION OF MEI-FEI KUO** |

**DECLARATION OF MEI-FEI KUO**

I, MEI-FEI KUO, declare as follows:

1. I am an attorney with the law firm of Alston Hunt Floyd & Ing, and counsel for Plaintiff SYNAGRO TECHNOLOGIES, INC. ("Synagro") in the above captioned case.

2. I make this declaration based on my personal knowledge and I am competent to testify as to the matters set forth herein.

3. I provide this declaration in support of Plaintiff Synagro Technologies, Inc.'s Memorandum in Opposition to Defendant's Motion to Modify Report of Special Master on Plaintiff's Amended Motion for Attorneys' Fees and Related Non-taxable Expenses, filed February 2, 2007.

4. Throughout litigation, Synagro has attempted on numerous occasions to settle this dispute with GMP both before and after conducting extensive discovery, proceeding with the summary judgment motions, and discussing the dispute on attorneys' fees. However, GMP, without explanation, has

637554 v1 / 7392-3

consistently refused to settle the action.  Instead, GMP insisted on pursuing its meritless Counterclaim and prolonging this case unnecessarily, thereby, causing Synagro to incur substantial attorneys' fees and costs in defending against the Counterclaim and pursuing its overlapping claim for declaratory judgment in the Complaint.

      5.   For instance, on May 23, 2005 and October 5, 2005, Synagro provided GMP with settlement offers for the purposes of upcoming Settlement Conferences.[1]  However, GMP never provided Synagro with a response to any of its settlement offers.  After the Court issued its January 11, 2006 Order Granting Synagro's Renewed Motion for Summary Judgment, counsel for Synagro offered to settle the remaining damage claim in its Complaint for its attorney's fees and costs.  The Parties engaged in settlement discussions without success, thereby, resulting in the Stipulation (*see* Exh. "2", attached) and the subsequent filings related to Synagro's Motion for Fees and Bill of Costs.

---

[1] Synagro's discussion of its settlement offers to GMP and GMP's subsequent failure to response to those offers and/or to settle the action does not violate Hawai'i Rules of Evidence ("HRE") 408.  These facts are not being offered to "prove liability for or invalidity of the claim"; rather, they are offered for a permissible purpose under HRE 408, which is to demonstrate that GMP has caused unnecessary delay in the action and that GMP's conduct resulted in Synagro incurring substantial attorneys' fees and costs defending against the meritless Counterclaim and GMP's frivolous motions.

6. Moreover, GMP has compounded these proceedings by filing frivolous motions, including (a) a Motion to Continue Synagro's initial Motion for Summary Judgment and (b) an untimely Motion for Leave to Amend its Counterclaim. On January 5, 2005, Synagro filed its initial Motion for Summary Judgment and, on March 1, 2005, GMP filed a Motion to Continue the Hearing in order to conduct discovery on its Counterclaim. However, between the filing of the Counterclaim on September 2, 2004 and its Motion to Continue, GMP conducted no discovery in the action. After the Motion to Continue was granted, GMP only issued a request for production of documents to Synagro and conducted no other discovery in the action.

7. On September 15, 2005, Synagro filed a Renewed and Supplemented Motion for Summary Judgment, which was schedule to be heard on December 14, 2005. On December 13, 2005, one day before the hearing, GMP filed a Motion for Leave to File an Amended Counterclaim. The Court properly denied GMP's Motion for Leave as untimely because the deadline to amend pleadings was February 11, 2005 and GMP's motion was file 10 months past the deadline.

8. In its Motion to Modify the Report of the Special Master on Synagro's Amended Motion for Fees, GMP incorrectly states that the "set of billings" attached to Synagro's initial Motion for Fees was "substantively different" than the invoices previously provided to GMP for settlement discussions. *See*

Motion to Modify/Objection at 6. As required by LR 54.2, Synagro supported its Motion for Fees with an "Itemization of Work Performed", which organized the billing entries according to litigation phases, however, these entries contained the same information and descriptions as the entries on the invoices provided to GMP.

9. Attached hereto as Exhibit "1" is a true and correct copy of *Defendant GMP Hawaii, Inc.'s Counterclaim Against Plaintiff Synagro Technologies, Inc.*, filed on September 2, 2004.

10. Attached hereto as Exhibit "2" is a true and correct copy of the *Stipulation and Order to (1) Vacate Trial Date, Trial-Related Deadlines, (2) Set Briefing on Plaintiffs' Motion for Attorneys' Fees and Costs, and (3) Dismiss Claims*, filed on March 30, 2006.

11. Attached hereto as Exhibit "3" is a true and correct copy of the *Declaration of Richard Sutton*, dated February 28, 2005, filed in support of GMP's Motion to Continue the Hearing on Plaintiff Synagro Technologies, Inc.'s Motion for Summary Judgment, filed January 3, 2005, filed March 1, 2005 ("GMP's Motion to Continue Hearing").

12. Attached hereto as Exhibit "4" is a true and correct copy of the *Declaration of Peter Melnyk*, dated February 28, 2005, filed in support of GMP's Motion to Continue Hearing.

13. Attached hereto as Exhibit "5" is a true and correct copy of the *Declaration of Wagdy Guirguis*, dated February 28, 2005, filed in support of GMP's Motion to Continue Hearing.

14. Attached hereto as Exhibit "6" is a true and correct copy of the July 26, 2002 E-mail from Peter Melnyk of GMP to James Hecht of Synagro.

15. Attached hereto as Exhibit "7" is a true and correct copy of excerpts from the Deposition of Wagdy A. Guirguis, taken on September 19, 2005.

16. Attached hereto as Exhibit "8" is a true and correct copy of excerpts from the Deposition of Peter Melnyk, taken on October 5, 2005.

17. Attached hereto as Exhibit "9" is a draft invoice reflecting that Synagro has incurred $3,778.00 to date in attorneys' fees for work related to opposing GMP's instant motion. The attorneys' fees were further adjusted according to the modified hourly rates in the Special Report[2] for an adjusted total of $3,701.00, which is the amount of the additional attorneys' fees being requested by Synagro in its Opposition to GMP's Motion to Modify/Objection.

---

[2] In the Special Report, Mr. Alston's hourly rate was adjusted from $450.00 to $300.00 and Ms. Kanada's hourly rate was adjusted from $100.00 to $80.00 for the purposes of calculating the award of attorneys' fees. *See* Special Report at 20-22 and 30.

18. I declare under penalty of perjury that the foregoing is true and correct of a draft invoice reflecting the time billed to date related to .

Executed in Honolulu, Hawai'i, on February 13, 2007

                                /s/ Mei-Fei Kuo
                                MEI-FEI KUO