Of Counsel:
SAKAI IWANAGA SUTTON
LAW GROUP, AAL, LLLC

RICHARD C. SUTTON JR. 1010-0
City Financial Tower, Suite 2307
201 Merchant Street
Honolulu, Hawaii 96813
Tel. No. (808) 792-3888
Fax No. (808) 521-5262

Attorneys for Defendant
GMP HAWAII, INC.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| SYNAGRO TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GMP HAWAII, INC., <br><br> Defendants. | CIVIL NO. CV044-00509 (SPK /LEK) <br><br> DECLARATION OF WAGDY A. GUIRGUIS |

**DECLARATION OF WAGDY A. GUIRGUIS**

1.  I, WAGDY A. GUIRGUIS, declare that this Declaration is provided upon personal information and belief and is true to the best of my knowledge.

**EXHIBIT 5**

2. I am the President of GMP HAWAII, INC., and GMP ASSOCIATES, ("GMP") a Hawaii Corporation.

3. I am a licensed professional engineer.

4. I have personal knowledge regarding the facts stated herein, and am competent to testify regarding the same.

5. In May 2001, at the request of Synagro Technologies, Inc. ("Synagro"), GMP prepared a portion of a Power Point qualifying presentation for a bioconversion wastewater treatment plant for the City and County of Honolulu (the "Project"). Synagro asked GMP to be part of the Project Delivery Team and to act as the locally licensed consulting engineers to provide services in environmental assessment & permitting, engineering design, and construction management. Synagro was not licensed in Hawaii and had not done any prior jobs with the City and County of Honolulu (the "City") and therefore asked GMP to be their locally licensed consulting engineers. I participated in preparing the slides for the GMP portion of the presentation a true and correct copy of which are attached as GMP Exhibit "1".

6. On May 10, 2001, I participated in the qualifying presentation made by Synagro and others to the City which

identified GMP as part of the "Project Delivery Team." The purpose of the presentation was to satisfy requirements in the City procurement process in response to a request for proposal for bidders for the Project. The presentation was to satisfy the qualification requirements of the bidder. The GMP slides included examples of GMP's extensive experience in waste water treatment plants including several plants constructed for the City. The GMP slides indicated the GMP Project Scope of Work ("Scope of Work") in three areas: 1. Environmental Assessment & Permitting; 2. Engineering Design including architectural, civil, electrical, mechanical, and structural; 3. Construction Management. GMP was the only project delivery team member providing this scope of work. Additional slides detailed GMP Project Approach and detailed the Permits required from the State of Hawaii, United States Environmental Protection Agency, and the City. A final slide entitled "Benefits to the City" listed: " Extensive experience with Sand Island treatment operations (1980-1995)," "Intimate knowledge of needs & requirements of Environmental Services, and Design & Construction departments," and "Well versed in Federal and State

regulatory requirements (25 years of operation in Hawaii). See Exhibit "1".

7. GMP incurred significant labor costs, overhead, and expenses for the preparation of the presentation to the City.

8. GMP used its valuable reputation, experience and goodwill exclusively on behalf of Synagro in the presentation to the City, and GMP could not assist any other bidder on the project.

9. GMP was told by James Hecht of Synagro and others for Synagro that GMP would perform the Scope of Work for the Project as made at the presentation to the City. Further discovery may indicate that Synagro representatives made other oral and written statements that GMP would perform the entire GMP Project Scope of Work. This discovery is necessary to oppose the summary judgment.

10. In June 2004, James Carmichael of Synagro offered to pay GMP for engineering services for the GMP Scope of Work in the amount of $40,000 immediately and three delayed payment of $30,000. It was my understanding that Mr. Carmichael was offering these payments for work promised and done by GMP and for GMP's reputation, experience and goodwill on behalf of Synagro in the

presentation to the City. I rejected the offer as Synagro was obligated to pay GMP for the entire Scope of Work . Further discovery may indicate that Synagro representatives made other oral and written statements that GMP should be paid for the GMP Project Scope of Work. This discovery is necessary to oppose the summary judgment

    11. On several occasions including on February 25, 2005, I talked with Frank Doyle, the Deputy Director of the Department of Environmental Services of the City and the representative of the City on this Project. Mr. Doyle has told me that based on representations to him by Synagro, he considers GMP to be the consulting engineers on this project and considers GMP to be the Construction Manager on this Project. Further discovery may indicate that Synagro representatives made other oral and written statements to the City that GMP would perform the entire GMP Project Scope of Work and Synagro would pay GMP for the entire

GMP Project Scope of Work. This discovery is necessary to oppose the summary judgment.

Dated: Honolulu, Hawaii, _____2/28/05_____.

_____
WAGDY A. GUIRGUIS