IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SYNAGRO TECHNOLOGIES, INC., | ) CIV. NO. 04-00509 SPK/LEK |
| Plaintiff, | ) |
| v. | ) |
| GMP HAWAII, INC., | ) |
| Defendant. | ) |

ORDER DENYING DEFENDANT'S MOTION TO MODIFY REPORT OF SPECIAL MASTER ON PLAINTIFF'S AMENDED MOTION FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES, and ADOPTING REPORT OF SPECIAL MASTER

On January 23, 2007, U.S. Magistrate Judge Leslie E. Kobayashi issued a 43-page Report of Special Master on Plaintiff's Amended Motion for Attorneys' Fees and Related Non-taxable Expenses ("Report of Special Master"). Among the many findings and recommendations, the Report of Special Master recommended awarding Plaintiff Synagro Technologies, Inc., attorney's fees in the amount of $53,214.82.

Pursuant to Fed. R. Civ. P. 53 and Local Rule 53.2, Defendant GMP Hawaii, Inc., has filed a Motion to Modify the Report of Special Master. GMP contends

that the $53,214.82 is erroneous and should be reduced to $23,767.50. GMP contends that its Counterclaim sought only profits (reasonably set at 10%) from contracts (express or implied) totaling $950,700, not the $3,529,422 total figure stated in paragraphs 12 and 13 of the Counterclaim. (GMP caps its calculation of $23,767.50 based upon a 25% limitation under Haw. Rev. Stat. § 6-7-14.) The balance of findings and recommendations of the Special Master Report are not challenged by either party.

Having reviewed the extensive record in this case, the filings by the parties, and the Report of Special Master, the Court agrees with the Special Master. The Counterclaim was "in the nature of assumpsit" for purposes of Haw. Rev. Stat. § 607-14. Synagro, having prevailed in its defense of the Counterclaim, is entitled to reasonable fees (or to seek such fees) of 25% of the amount sought in the Counterclaim. The question is how much did GMP seek in its Counterclaim (not how much it might have obtained had it been successful).

GMP's Counterclaim provides, in pertinent part:

5. It was the representation of [Synagro] that [GMP] would be involved in providing engineering design and construction management for the overall project.

6. [Synagro] was awarded the contract from the City and County of Honolulu based partly on the past work performed by [GMP], and the understanding that [GMP] would be providing engineering design and construction management for the Sand Island bioconversion facility

2

>project.
>. . . .
>8.  [GMP] relied upon these representations that [Synagro] made to [GMP] and to the City and County of Honolulu that [GMP] was to perform a substantial portion of the of the [sic] engineering design services and construction management for the bioconversion facility at the Sand Island Waste Water Treatment Plant.
>. . . .
>10.  However, [Synagro] has failed to provide work to [GMP] and has sought to use other contractors to perform the work it had promised [GMP].
>
>11. [Synagro's] actions represent a breach of its implied contract with [GMP].
>
>12.  The total of the design expenses is approximately $2,683,422.00 for the said contract.
>
>13.  The total of the construction management is approximately $846,000.00 for the said contract.
>
>14.  As a result, [GMP] is entitled to damages including profits from the contract plus any costs incurred.

[Counterclaim of Sept. 2, 2004, at 2-4].

A plain reading of the Counterclaim indicates it sought "damages including profits from the contract plus any costs incurred." The "contract" must have been the "implied contract" between Synagro and GMP. That contract was to "perform a substantial portion of the of the [sic] engineering design services and construction management for the bioconversion facility at the Sand Island Waste Water Treatment Plant." The value of those design and management services was

3

alleged to be the total of $2,683,422.00 and $846,000.00, or $3,529,422. Those are the allegations. The "damages including profits from the contract plus any costs incurred" must be -- according to the plain allegations of the Counterclaim -- based upon $3,529,422.

The Court therefore agrees with the Special Master that "Even if this Court accepts GMP's assertion that it only sought ten percent of the value of the contract as lost profits, that amount is $352,942.20 and twenty-five percent of that is $88,235.55" -- "within the twenty-five percent limit imposed by § 607-14." Report of Special Master, at 31.

The Court cannot accept GMP's argument that it actually sought profits based on a figure of $950,700, which it now argues was the agreement between Synagro and itself in the form of an implied contract. It did not allege that. The Counterclaim does not seek that. Regardless of how the conflicting evidence submitted by the parties is now construed, the allegations of the Counterclaim are clear. Indeed, it is not limited only to "profits"; the Counterclaim seeks "damages <u>including</u> profits <u>plus</u> any costs incurred."

Accordingly, this Court ADOPTS the January 23, 2007, Report of Special Master and DENIES the Motion to Modify the Report. Synagro is entitled to an award of attorney's fees in the amount of $53,214.82.

The Court declines to award additional attorneys' fees for the present Motion, as requested by Synagro in its Memorandum in Opposition at pages 28 and 29. GMP's Motion was not "groundless" or frivolous so as to justify an additional award of fees.

There is now a "final decision" as contemplated by the parties in their March 29, 2006, Stipulation and Order. The parties should now proceed to comply with Paragraph (4) of that Stipulation and Order (regarding dismissal of the remaining claims). After such compliance, judgment shall enter in the amount of $58,546.72, which represents attorneys' fees of $53,214.82, taxable costs under § 607-14 of $242.94, and an additional $5,088.96 in taxable costs under Fed. R. Civ. P. 54(d)(1).

IT IS SO ORDERED.

DATED: March 15, 2007.

_____
Samuel P. King
Senior United States District Judge