CARRIE K. S. OKINAGA, 5958
Corporation Counsel
GORDON D. NELSON, 1819
Deputy Corporation Counsel
City and County of Honolulu
Honolulu, Hawaii 96813
Telephone: (808) 523-4832
Facsimile: (808) 523-4583
Email: gnelson1@honolulu.gov

Attorneys for Garnishee
 City and County of Honolulu

IN THE UNTIED STATES DISTRICT COURT

FOR THE DISTRICT STATE OF HAWAII

| | |
|---|---|
| SYNAGRO TECHNOLOGIES, INC., ) | CIVIL NO. CV04-00509 SPK LEK |
| ) | |
| Plaintiff, ) | GARNISHEE CITY AND COUNTY |
| ) | OF HONOLULU'S MEMORANDUM |
| vs. ) | IN SUPPORT OF REQUEST FOR |
| ) | DISCHARGE; DECLARATION OF |
| GMP HAWAI'I, INC., ) | GORDON D. NELSON; EXHIBITS A |
| ) | AND B; CERTIFICATE OF SERVICE |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| CITY AND COUNTY OF ) | |
| HONOLULU, ) | |
| ) | |
| Garnishee. ) | |
| ) | |

-2-

# GARNISHEE CITY AND COUNTY OF HONOLULU'S MEMORANDUM IN SUPPORT OF REQUEST FOR DISCHARGE

## I. INTRODUCTION

Garnishee CITY AND COUNTY OF HONOLULU (hereinafter "City"), seeks to be discharged from any obligation to make payment pursuant to Plaintiff's garnishment herein on the grounds that: (1) the City is currently not indebted to Defendant GMP Hawai'i, Inc. dba GMP Associates (the "Debtor"); (2) that with respect to three open contracts between the City and the Debtor, the garnishment is ineffective to attach contingent obligations that are not currently due and that may never fall due; (3) that, in any case, with respect to two of the three referenced contracts, future payments are subject to prior written assignments in favor of Hawaii Pacific Finance, Ltd.; and (4) that the garnishment is ineffective to reach funds of, or indebtedness owed to, Debtor's related company, GMP Associates, Inc.

In the event the City is not fully discharged from all obligations under the garnishment summons and order served on it, the City asks that the Court permit interpleader of disputed funds, and that it be granted such other relief as may be necessary to protect it against double payment of funds due to competing claims.

II.   BACKGROUND

On July13, 2007 Plaintiff filed herein an Amended Garnishee Summons directed to the and seeking to attach any monies, funds, stocks, bonds, equities or goods and effects of GMP Associates in the City's possession, any salary, wages, funds, commissions, stipend, annuity or net income payable by the City to or for the benefit of the Debtor, or any debt owed by the City to the Debtor.

On July 20, 2007 the City filed its disclosure stating that it did not have any monies, funds, stocks, bonds, equities or goods and effects of the Debtor in its possession, that it was not obligated to pay for the benefit of the Debtor any salary, wages, funds, commissions, stipend, annuity, or net income under trust; and that it was not indebted to the Debtor.

The City also disclosed that it was a party to the following three open contracts with the Debtor:

| CONTRACT | DESCRIPTION |
| --- | --- |
| F27964 | Construction Management for Kuhio/Kapahulu Ave. |
| F57136 | Fort Weaver Road Manhole & Pipe Rehabilitation |
| F90972 | Honouliuli Wastewater Treatment Plant New Solid Handling Facilities |

At the time of service the City had no outstanding invoices, progress billing statements or other claims for payment by Debtor on these contracts, and was not obligated to make any payment to Debtor thereon.

The City's Disclosure went on to note that all payments on Contract Nos. F27964 and F90972 are the subject of prior assignments by Debtor in favor of Hawaii Pacific Finance, Ltd.

Finally, out of an abundance of caution the City disclosed that at the time of service of the garnishment it was also a party to a number of open contracts with GMP Associates, Inc., now known as Ohio Pacific Tech Inc., a corporate entity believed to be related to, but distinct from, the Debtor.[1]  At the time of service the City was in receipt of one invoice from GMP Associates, Inc., for the sum $31,480.55 on Contract No. 11092.  This contract and payment are also subject to a prior assignment in favor of Hawaii Pacific Finance, Ltd.

At the return day on the garnishment on July 31, 2007, the Court invited the parties and Hawaii Pacific Finance, Ltd. to submit briefs on questions relating to

---

[1] A review of the website of the State of Hawaii Department of Commerce and Consumer affairs indicates that GMP Hawaii, Inc and GMP Associates, Inc. are distinct, having each been validly registered as Hawaii corporations. GMP Associates, Inc. underwent a name change to Ohio Pacific Tech, Inc. on October 5, 2000. The trade name GMP Associates was registered as a trade name to the Debtor on December 14, 2001, and that registration was thereafter renewed by the Debtor. In addition, the separateness of the two entities is further indicated by their separate tax identities. Debtor operates under federal Employee Identification Number 99-0304897, while GMP Associates, Inc. operates under federal Employee Identification Number 34-1210249. Declaration of Gordon D. Nelson, ¶¶ 3 and 4a.

the effect of the garnishment on future contract payments and the effect of the assignments.

III.   ARGUMENT

   A.   The City is Currently Not Indebted to Debtor

The Accounts Payable Section of the City's Department of Budget and Fiscal Services ("Accounts Payable") has reported that $10,000.00 in encumbered funds remains available for Contract No. F27964; $8,500.00 in encumbered funds for Contract No. F57136; and $332,847.00 in encumbered funds for Contract No. F90972. Declaration of Gordon D. Nelson, ¶ 5.  However, the fact that the City has encumbered funds remaining available for use in connection with a contract does not mean that contractor is entitled to payment of those funds.  The contractor must earn its entitlement to payment by performing in accordance with the terms of the contract and by submitting for approval billings that document its performance. For example, on contract F27964, the Debtor has yet to complete performance by producing "as built" plans.  Declaration of Gordon D. Nelson, ¶ 6.

Further, the latest amendment of Contract No. F90972 on file with Accounts Payable, which is dated October 14, 2004, states that $332,847.00 is an "allowance reserved for future work to be done by the CONSULTANT <u>when requested by the CITY with a contract amendment</u>." (Emphasis added).  Declaration of Gordon D.

Nelson, ¶ 3b. It does not appear from a review of the file maintained by Accounts Payable that there has been such an amendment.

As indicated in the Background section, at the time of service of the garnishment summons the City had no outstanding invoices on the above contracts and was not obligated to make any payment to Debtor thereon. More specifically, the Declaration attached to the City's disclosure stated:

> However, at the time of said service and currently, the City had no outstanding invoices, progress billing statements or other claims for payment by Debtor on said contracts, and was not, and is not currently, obligated to make any payment to Debtor in connection with said contracts. Any future obligation on the part of the City to make a contract payment remains at this time contingent upon performance by Debtor, upon submission of evidence of performance, and upon the City's acceptance of such performance. Declaration of Mary Patricia Waterhouse, ¶ 4.

B.  The Garnishment Is Ineffective to Attach Contingent Obligations That Are Not Currently Due and That May Never Fall Due

As stated by the Hawaii Supreme Court in Bank of Hawaii v. De Young, 92 Hawai'i 347, 992 P.2d 42, (2000):

> It is well established that "under our garnishment statutes, HRS Chapter 652, the debt must be owing at the time of the service of the garnishee process upon the garnishee, and that if the debt is contingent, the garnishment lien does not attach." *Employees' Retirement System of the State of Hawaii v. Real Estate Finance Corporation,* 71 Haw. 392, 398, 793 P.2d 170, 173 (1990). *See also Miyashiro v. Yap,* 27 Haw. 297, 297 (1923) ("A debt which is uncertain and contingent, in the sense that it may never become due and payable, is not subject to garnishment.") (Citation omitted.); 6 Am.Jur.2d Attachment and Garnishment § 126 (1963) ("As a general rule, a debt or claim which is uncertain or contingent, in the sense that it may

never become due and payable, is not attachable or garnishable.") (Citation omitted.).

In Miyashiro v. Yap, 27 Haw. 297 (1923), garnishee's indebtedness to the judgment debtor under a ten-year sugar cane planting agreement at the time of service of the garnishment was contingent because it depended upon a future determination of the average price of sugar in New York. Pursuant to the terms of the agreement between garnishee and the debtor, during the course of each year, the garnishee made advances to debtor that were to be repaid from the proceeds debtor received for cane as determined on the 1st day of December.

If sugar were below a certain price, there would be no indebtedness owed byte garnishee; if it were above, there would be. The garnishee was served with process on March 15, 1922, at which time the garnishee had made advances to defendant amounting to $2504.31. After ascertaining various credits, the Court found a debit balance against defendant and in favor of the garnishee of $501.41. The Court found that this debit balance, "was merely tentative, and did not reveal the actual status of the account between the parties, for, as appears by the terms of the agreement, the price that defendant was to receive for her cane was not, nor could not be, ascertained until the ensuing 1st day of December." Miyashiro v. Yap, 27 Haw. at 305. It went on to hold:

> Under the evidence therefore, at the time the garnishee was served with process it was not indebted to defendant nor was it by any means certain that even at a later date the garnishee would be indebted to defendant. At the

-7-

very most, under the circumstances, at that date all that might be said was that, owing to certain contractual relations existing between the garnishee and the defendant, upon the ensuing 1st day of December the garnishee *might* be indebted to defendant. "A debt which is uncertain and contingent, in the sense that it may never become due and payable, is not subject to garnishment." 28 C. J., p. 130, Sec. 172. Miyashiro v. Yap, 27 Haw. at 306-307.

The Court sustained exceptions of the garnishee, holding the garnishee not liable, and remanded the case to the circuit court with instructions to discharge the garnishee.

An even earlier case to similar effect is Souza v. Smith, 11 Haw. 202 (1897), in which the defendant was employed by the garnishee as street-car driver. In that capacity he had been given $25 by the garnishee for use in making change with passengers. Plaintiff sought to garnish $12 in wages owed to the driver. The garnishee claimed that by the terms of the contract between the garnishee and the defendant, the wages were payable only upon the return of the $25.

In holding the garnishee not liable the Court stated that: "…whether the garnishee owed the defendant anything depended upon the contingency that the defendant should return the money entrusted to him. It is well established that a debt subject to a contingency, and not due or to become due by the mere lapse of time is not subject to garnishment. See *Fellows* v. *Smith,* 131 Mass. 363." Souza v. Smith, 11 Haw. at 203.

In Employees' Retirement, supra, the result was affected by the peculiar

procedural posture of the case. The Court held that in a proper case, (<u>i.e.</u>, where there is no contingency as to the garnishee's liability) garnishment process can reach an insurer's liability under a fidelity bond.  The insurer's asserted liability on its bond was premised upon the defalcations of the president and secretary of Real Estate Finance Corporation, which had occurred prior to the date of garnishment.  By the time the Court took up the issue of the garnishment$^2$ the fact of defalcation, and the fact that the defalcations exceeded the amount covered in the bond had already been established by judgment.  But for the parties having stipulated to defer consideration of the garnishment until these facts were established, the Court might well have found the debt to have been contingent at the time of the garnishment, for the insurer's liability was not then established.

Similarly, in this case the City's obligation to make any future payment on any of its three open contracts with the Debtor remains contingent. The mere lapse of time will not render the City obligated to the Debtor.  The most that can be said is that, owing to the contractual relations existing between the City and the Debtor, at some time in the future the City <u>might</u> be indebted to the Debtor, <u>if</u> the Debtor satisfactorily performs in accordance with <u>its</u> contractual obligations.

In other words, a garnishment of a debt is a snapshot in time and does not operate continuously, unlike a wage garnishment.  If at the time of service a debt

---

$^2$ The parties stipulated to continue the consideration of the garnishment, without prejudice to their legal positions, until the case-in-chief had been decided.

remains contingent, the garnishing creditor takes nothing. Plaintiff's recourse in this case is to serve the City with subsequent garnishments at such time as the City has been invoiced for services performed by Debtor, and the City has accepted Debtor's performance and approved the invoice for processing.

    C.    No funds Are Payable to Debtor Under Contracts F27964 and F90972, Because They Are Subject to Prior Written Assignments in Favor of Hawaii Pacific Finance, Ltd.

Exhibits A and B to the attached Declaration of Gordon D. Nelson are true copies of assignments filed by the Debtor with respect to City Contract Nos. F27964 and F90972. Declaration of Gordon D. Nelson, ¶ 6. These assignments are dated, respectively, February 5, 2004 and May 13, 2002, well before the date of service of the Amended Garnishment Summons filed herein on July 17, 2007. In each case the assignee is Hawaii Pacific Finance, Ltd.

By virtue of the assignments, as between the parties thereto and the City, the City is obligated to make payment to Hawaii Pacific Finance, Ltd., and not to the Debtor. Payment to the assignee operates as a "full quittance and discharge to the City". Because the City is obligated to pay the assignee, and not the Debtor, the Court should discharge the City of any obligation arising by virtue of the garnishment to make payment instead to the Plaintiff. Otherwise, the City's payment to the Plaintiff of amounts that may fall due to the Debtor in the future

would expose the City to claims by the assignee and would result in double payments by the City.

Apart from the assignments themselves the City does not have evidence in its files that bears upon any public filings that may be required to perfect the assignment or security interest of Hawaii Pacific Finance, Ltd. Even with such evidence, the City would not be in a position to adjudicate the priority of Hawaii Pacific Finance, Ltd.'s claims over those of third-party creditors, including Plaintiff.

If, therefore, the Court determines that the garnishment is effective to reach future payments that have been assigned, the City requests that the Court also either immediately determine the respective priorities of claimants and direct payments to be made accordingly, or provide for interpleader of such future payments pending the Court's later determination of priorities and direction regarding payments.

    D.    The Garnishment Does Not Reach Payments Due Debtor's Related Company

As indicated at footnote 1 above and in the attached supporting Declaration, the Debtor has a related company, Ohio Pacific Tech, Inc., formerly known as GMP Associates, Inc. This is a distinct legal entity that also has contracts with the City under its former name. Because of the name similarity and the relatedness of

the companies, the City's July 20, 2007 Response disclosed the existence of various GMP Associates, Inc. contracts and the fact that $31,480.55 was due and owing on one of them. The City has also withheld payment of these funds pending resolution of this matter.

Plaintiff has not obtained a judgment against this related company and has no apparent legal basis to require that the City continue to hold these funds in response to the garnishment.  Plaintiff has been requested to release the garnishment as to amounts owed to GMP Associates, Inc.  Nevertheless, Plaintiff has heretofore declined to agree to a release of the funds. Declaration of Gordon D. Nelson, ¶ 7.

Whatever resolution is reached in this matter with respect to Debtor's contracts with the City and amounts that may in the future be payable thereunder, this Court should promptly determine that the garnishment fails to reach payments due to Debtor's related company and should provide for the release of the garnishment with respect to such payments.

IV.  CONCLUSION

For the reasons set forth above, the City and County of Honolulu should be discharged as a garnishee herein, as not being currently indebted to the Debtor.

In the event the City is not discharged with respect to obligations to the Debtor that may arise in the future under the open contracts between the City and

the Debtor, the City should nevertheless be discharged with respect to any City debts to Debtor's related company, Ohio Pacific Tech, Inc., fka GMP Associates, Inc., as Plaintiff has no judgment against that company.

In the event the City is not discharged, the City further asks that the Court determine the validity of the assignments in favor of Hawaii Pacific Finance, Ltd. and determine the priority of payment with respect to Plaintiff, the Debtor and the assignee.

DATED: Honolulu, Hawaii, August 13, 2007.

                                        CARRIE K. S. OKINAGA
                                      Corporation Counsel


                                      By /s/Gordon D. Nelson
                                          GORDON D. NELSON
                                          Deputy Corporation Counsel
                                          Attorneys for Garnishee
                                          City and County of Honolulu